UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:                                    Case No. 21-11269-JKS

NLG, LLC,
a Delaware LLC                            Chapter 7
Debtor
_____/

NLG, LLC
Plaintiff

V.                                        Adversary Case No. 22-ap-50086-JKS

                                          Original Case No. 18-cv-21398-JEM

SELECTIVE ADVISORS GROUP, LLC
_____/

**CHRIS KOSACHUK'S MOTION TO END IMMEDIATELY ABEYANCE,
FOR LEAVE TO INTERVENE AND FOR LEAVE TO AMEND COMPLAINT**

  Chris Kosachuk, *pro se* Movant, hereby respectfully requests an order (a) to end immediately the abeyance of this adversary proceeding, (b) granting leave to intervene and (c) for leave to amend complaint (the "Motion")[1]. In support of the Motion, Movant respectfully states as follows:

**Jurisdiction, Venue and Statutory Predicate**

  1. This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157.

  2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

  3. The statutory predicates for the relief requested herein are Section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 7015, 7016 and 7024 of the Federal Rules of Civil Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to such term in the Motion.

4. On September 24, 2021, (the "Petition Date"), Movant filed an involuntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code against the Debtor in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

5. On January 7, 2022, the Court entered an *Order for Relief in an Involuntary Case*, therein granting an order for relief under Chapter 7 of the Bankruptcy Code against the Debtor [D.I. 10].

6. On the same day, the United States Trustee appointed the Trustee as the interim Chapter 7 trustee, which appointment remains in effect [D.I. 8].

7. On January 18, 2022, the Florida District Court entered an Order transferring the Adversary Proceeding to the United States District Court for the District of Delaware, who then referred the Adversary Proceeding to the Bankruptcy Court, where it is currently pending.

8. On May 18, 2022, the Court entered an order holding this adversary proceeding in abeyance for 90 days. [A.D.I. 10]. The abeyance expires on August 16, 2022. Movant seeks to proceed immediately with this adversary by intervening, amending the complaint and proceeding to an adjudication on the merits of the underlying Judgment by Confession in this case which was commenced on April 10, 2018.

9. As the Trustee, Alfred T. Giuliano, correctly stated in his Motion for Examination [D.I. 51]: "The Trustee suspects that wrongdoing may have occurred in this case. Indeed, a thorough review of the relevant documents and prepetition proceedings suggests that certain parties appear to have submitted false filings to several courts, resulting in ill-gotten judgments that extinguished the Debtor's mortgage [and Final Judgment of Foreclosure] on a multi-million-dollar [Fisher Island, FL] property."

10. More specifically, a sham New York Judgment by Confession in the amount of $5,000,225.00 (the "Sham Judgment") was used to wipe out NLG's legitimate Final Judgment of Foreclosure in the amount of $4,876,654.29. To add insult to injury, the Florida Bankruptcy Court even found that NLG still owes $123,570.71 pursuant to this Sham Judgment. [*See Amended Complaint* A.D.I. 166 pp. 154-168].

11. The Trustee Alfred T. Giuliano really described in great detail how this wipe out occurred in a filing before the Florida Southern District Bankruptcy Court [*In Re Hazan* Case No. 16-10389-ACJ - D.I. 1155 – June 6, 2022]:

> •To fund the purchase of the Property, Hazan executed a promissory note in favor of NLG in the original principal amount of $1,275,000, as well as a purchase money mortgage to secure the debt.
>
> • Shortly after the purchase, Hazan defaulted under the note (as well as a subsequent settlement agreement) for failure to make payment, which resulted in NLG's commencement of enforcement proceedings.
>
> • NLG prevailed in those enforcement proceedings and obtained a judgment for the amounts owed, about $1,600,000 (the "Scolla [*sic*]Judgment").
>
> • About one month later, Hazan formed a shell company in Canada, which would be "managed" by Hazan's friend, Richard [Raymond] Houle, in exchange for Hazan's promise to pay Houle $200,000 for his role. The shell company, Quebec, does no business.
>
> • NLG and Hazan then entered into a second settlement agreement to bring her mortgage arrears current, which Hazan again defaulted under. NLG commenced a foreclosure action.
>
> • Faced with limited options, Hazan's shell company, Quebec, bought a $40,000 judgment against Kosachuk personally, which was held by Kosachuk's exgirlfriend [*sic*] (the "Lorret Judgment").
>
> • While the foreclosure action was pending, Quebec quietly domesticated the Lorret Judgment in Pennsylvania. Once domesticated, Quebec sought a charging order against both Kosachuk and NLG, **which was granted by default. This is the moment when Hazan's scheme came to fruition**.
>
> • The charging order, drafted by Hazan's counsel, was uniquely wide-sweeping and

granted Quebec both economic and management rights in NLG. With this purported authority, Quebec, acting on behalf of itself and NLG, filed the Confession of Judgment -not in the amount of the Lorret Judgment (i.e., $40,000), but in the amount of 5,000,225 for an alleged tort. So, in effect, a $40,000 judgment somehow turned into a judgment of more than $5,000,000. Quebec then used the confession of judgment to set off the Scolla [*sic*] Judgment, instead of the Lorret Judgment, and satisfied NLG's mortgage.

• The problem (among many others), however, is that the charging order was quickly *vacated for Quebec's intentional failure to provide notice to NLG.*[2] So any authority to act under the charging order was also vacated.[3]

• Despite the charging order being vacated for a violation of due process, Quebec continued to make representations to various courts that the confession of judgment, including its attachments and sworn affidavits, was truthful and accurate.

• *So here is the rub: Hazan, through her shell companies, bought a $40,000 judgment against Kosachuk, used that $40,000 judgment to obtain a default charging order in knowing violation of due process (as the New York state court ultimately held), took that default charging order and used it to turn a $40,000 judgment against Kosachuk personally into a $5,000,225 judgment against NLG, and then continued to parade the $5,000,225 judgment around various courts even though the underlying authority (i.e., the charging order) was vacated. Hazan is now living in a multimillion-dollar mansion, in the County's most exclusive zip code, without having paid even a fraction of the NLG mortgage.*

12.  What is missing from this synopsis is how Mr. Marzec on behalf of Quebec filed a bad faith involuntary bankruptcy against Movant in the Eastern District of Pennsylvania claiming that Quebec was owed $215,000 on the $40,000 Lorret Judgment. As a result of the bad faith bankruptcy filing, Judge FitzSimon cancelled the indebtedness of the Lorret Judgment *nunc pro tunc*. Judge FitzSimon also awarded Movant over $1.1 million in compensatory and punitive damages none of which has been paid. This FitzSimon Judgment has been registered in the United States District Court for the District of Delaware and a copy of which is attached hereto as Exhibit B. The FitzSimon Judgment was affirmed by the United States District Court

---

[2] The Order vacating the charging order is attached as **Exhibit "A"** and incorporated by reference herein. In the Order, the court admonishes Quebec [and Mr. Marzec], stating, "Quebec chose not to give notice to NLG despite having had a judgment entered against NLG."
[3] See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) ("A judgment rendered in violation of due process is void . . . .")

for the Eastern District of Pennsylvania and the United States Court of Appeals for the Third Circuit twice.

13. This entire process described above was orchestrated by Elizabeth Hazan's counsel of record, Darius A. Marzec. Indeed Mr. Marzec, domesticated the Lorret Judgment in Pennsylvania, misled the Pennsylvania court about who the judgment debtors were; drafted the illegal charging order; obtained it on default by failing to serve Movant or the Debtor, NLG; immediately thereafter drafted the Sham Judgment by Confession; notarized the signature of Raymond Houle on it; and recorded the Sham Judgment by Confession with the New York County Clerk. As a result, Ms. Hazan has had a windfall exceeding $9 million at expense of NLG, its creditors and its owner. To this day Mr. Marzec represents Ms. Hazan and is drafting the pleadings in this case for Ms. Klein to file.

## REQUESTED RELIEF

14. Movant seeks to end immediately the abeyance period, leave to intervene and leave to amend the complaint to include third count to have this Court cancel the $5,000,225.00 indebtedness caused by the Sham Judgment *nunc pro tunc* to February 22, 2012, the date on which it was recorded in New York pursuant to this Court's inherent powers under Section 105(a) of the Bankruptcy Code.

## BASIS FOR RELIEF

15. The Bankruptcy Court has broad authority to take any action necessary or appropriate to prevent an abuse of process. *See Marrama v. Citizen Bank of Mass.*, 549 U.S. 365, 375 (2007) (citing Section 105 (a) of the Bankruptcy Code). This Sham Judgment is definitively an abuse of process.

16. It is in the best interest of the Estate of NLG, LLC, all of its creditors, lawyers

and interested parties that the Sham Judgment indebtedness be cancelled *nunc pro tunc* to date of entry.

## NOTICE

17.     Notice of this Motion shall be given to (a) Alfred T. Giuliano as Trustee for the Estate of NLG, LLC (b) counsel for Selective Advisors Group, LLC and (c) all parties requesting notice in this proceeding pursuant to Bankruptcy Rule 2002. Movant submits that such notice is sufficient, and that no other or further notice is necessary or required. Movant requests that the Court find that such notice is adequate and proper.

WHEREFORE, Movant respectfully requests entry of an order immediately ending the abeyance, granting leave to intervene and leave to amend the Adversary Proceeding with a count to cancel the indebtedness of the Sham Judgment *nunc pro tunc* to date of entry of February 22, 2012; and granting such other and further relief as is equitable and just.

Dated:   August 11, 2022

Respectfully submitted,

Chris Kosachuk
*Pro Se Movant*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

# EXHIBIT A

| | |
|---|---|
| 9197-5904 QUEBEC, INC.<br>Plaintiff | : IN THE COURT OF COMMON PLEAS |
| | : CHESTER COUNTY, PENNSYLVANIA |
| v. | : CIVIL ACTION |
| CHRIS KOSACHUK and NLG, LLC<br>Defendant | : NO. 2012-00057 |

*Attorneys for Plaintiff: Darius A. Marzec, Esq. and Guy A. Donatelli, Esq.*
*Attorney for Defendants: Randall C. Schauer, Esq.*

## ORDER

AND NOW, this ___1___ day of May, 2012, upon consideration of the Motion of Defendants Chris Kosachuk and NLG, LLC to Vacate Foreign Judgment and Vacate Charging Order, Plaintiff's answer thereto and the parties' Memoranda, and following a hearing, it is hereby ORDERED that:

1. The Judgment entered against NLG, LLC is vacated.

2. The Charging Order entered February 15, 2012 is vacated. Defendants shall have 20 days to answer Plaintiff's Motion for Charging Order and For Relief under Rule 3118.[1]

BY THE COURT:

_____
Edward Griffith, J.

---

[1] The only matter before the court is the motion of Defendants Christopher Kosachuk and NLG, LLC to vacate a foreign judgment and charging order. This discussion is confined to the facts and law relevant to that motion.

On February 22, 2007 judgment was entered in the Supreme Court of New York, New York County in favor of Eugenia Lorret and against Chris Kosachuk in the amount of

$108,293.54, plus interest of $41,388.91 from November 25, 2002 and costs of $1,050 ("the Judgment"). (Affidavit filed 1/4/12, Exh. A).

On May 12, 2008 Judge Tolub, Supreme Court of New York, New York County, entered an Order correcting and reducing the Judgment to $48,293.54, plus interest and costs. (Affidavit 1/4/12, Exh. B)

In the New York action, captioned "Eugenia Lorret and Nina Gogitidze v. Chris Kosachuk & NLG, LLC", Plaintiffs accused Defendants of diverting funds from Plaintiffs' account for Kosachuk's personal benefit. Judge Tolub's May 12, 2008 Order recites that NLG, LLC was dismissed from the action prior to judgment being entered. Without explanation, the judgment was entered in favor of Lorret and not Gogitidze.

On December 15, 2009 Lorret and Gogitidze assigned the Judgment to 9197-5904 Quebec, Inc. ("Quebec"). (Affidavit, Exh. C filed 1/4/12) Quebec exists for the sole purpose of holding and collecting the Judgment.

On January 4, 2012 Quebec commenced these proceedings, captioned as "Eugenia Lorret and Nina Gogitidze v. Chris Kosachuk & NLG, LLC", to domesticate the Judgment pursuant to the Uniform Enforcement of Foreign Judgments Act, 42 Pa.C.S.A. §4306 ("UEFJA"). As part of Quebec's initial filing, Raymond Houle, an officer of Quebec, provided an affidavit pursuant to 42 Pa.C.S.A. §4306(c) ("the Affidavit").

In the Affidavit Houle declares "now due and owing on the Judgment [is] "$105,375.78 plus costs of $1,050, together with interest from November 25, 2002." (Affidavit, ¶7) (It should be noted that the figure $105,375.78 appears to represent the sum of the judgment, $48,293.54, plus approximately ten years of interest, 9% pursuant to McKinney's CPLR 5004, plus the costs.)

Houle also states in the Affidavit that it "is submitted to the Chester County Prothonotary for filing together with an authenticated copy of the judgment entered against the defendants on February 22, 2007...". (Affidavit, ¶3) (emphasis added)

Houle knew or should have known that the Judgment had been entered in New York against Kosachuk only.

The UEFJA requires that a judgment creditor provide the last known post office address of a judgment debtor in the affidavit; the prothonotary will send notice of the registration to this address. 42 Pa.C.S.A. § 4306(c).

Houle set forth in the Affidavit the last known post office address of Kosachuk as 201 South Biscayne Blvd, 28th FL., Miami, FL 33131 ("the Miami Address"). (Affidavit, ¶8)

Despite having included NLG in the caption as a defendant, referencing plural "defendants" and "judgment debtors" in the Affidavit, and having the Judgment entered against NLG, Houle failed to provide a last known post office address for NLG. Counsel for Quebec admitted that the post office address for NLG is 854 Pheasant Run Road, West Chester, Pennsylvania 19382 ("the West Chester Address"). (Marzec Dep., p. 19)

2

The prothonotary, upon receiving documents that facially complied with the requirements of the UEFJA and that sought entry of a judgment against both Kosachuk and NLG, recorded the Judgment against both Kosachuk and NLG.

On February 15, 2012 an order was entered on Quebec's motion amending the caption of this action so that "9197-5904 Quebec, Inc." is now identified as Plaintiff and Lorret and Gogitidze were removed.

On February 15, 2012 an order was entered granting Quebec's motion for a charging order against NLG. The Charging Order gave all economic and management rights in NLG to Quebec pursuant to 15 Pa.C.S.A. §8563.

Kosachuk first learned of the existence of the Pennsylvania proceedings when the Charging Order was used by Quebec in proceedings in Florida.

With reference to NLG, there was no judgment from New York to domesticate. The Affidavit, signed by Houle and prepared by his counsel Darius Marzec, misled this court about the nature of the Judgment. Notably, Quebec acted to correct the case caption, but took no action to correct the judgment against NLG.

With reference to Kosachuk, personal service was not necessary to register the Judgment. Since this action involves post-judgment procedure, Kosachuk's interest had already been protected by prior notice and hearing in New York. "Pennsylvania courts have automatic *in rem* jurisdiction over all property located in the Commonwealth." Andrews v. Wallace, 441 Pa.Super. 208, 657 A.2d 24, 26 (1995). Due process requires "that Commonwealth authorities provide some notice before seizing a person's property to satisfy a judgment. This notice requirement is less stringent than personal service, because the Commonwealth is only going after property to satisfy a judgment which has been obtained with the fullest due process protections." Id.

With reference to the entry of the Charging Order, which operated as the seizure of the NLG, notice to Kosachuk was insufficient. Kosachuk had two last post office addresses, the Miami Address and the West Chester Address. Kosachuk had used both addresses for personal, business and legal matters. Quebec, through Houle and Marzec, was aware that Kosachuk used both addresses. Unlike the Andrews v. Wallace case, where the judgment debtor was avoiding service, in this case the judgment creditor was avoiding giving actual notice. Quebec chose to give notice to Kosachuk at one address, the one calculated to be the least likely to provide actual notice. Quebec chose not to give notice to NLG despite having had a judgment entered against NLG. Marzec knew that Kozachuk accepted mail for NLG at the West Chester Address. (Marzec Dep., p. 19)

The charging order permits creditors to collect on a limited liability company member's unpaid personal debts through the member's interest in the limited liability company. Zokaites v. Pittsburgh Irish Pubs, LLC, 962 A.2d 1220, 1225 (Pa.Super.2008). When the limited liability company has members other than the judgment debtor, the judgment

3

creditor can seize only the member's economic benefits. Id. In this instance, Quebec alleged that Kosachuk was the sole member of NLG and seized the entire LLC. Notice of registration of a foreign debt by mail, rather than personal service, is adequate because the judgment debtor can raise defenses prior to execution. Shine, Julianelle, Karp, Bozelil & Karazin, P.C. v. Rubens, 192 A.D. 2d 345, 596 N.Y.S. 2d 20 (1993); Gedeon v. Gedeon, 630 P.2d 579 (Colo.,1981). Given the failure of notice, Kosachuk was denied an opportunity to raise any defense to the seizure. The Charging Order, entered on February 15, 2012 will be vacated so that Kosachuk can answer the Quebec's motion and any defenses can be duly considered.

4

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| In re: | : | DISMISSED CHAPTER 7 INVOLUNTARY |
|---|---|---|
|  | : |  |
|  | : | CASE NO. 12-16438(JKF) *SEALED* |
| CHRISTOPHER KOSACHUK, a.k.a. | : |  |
| CHRIS KOSACHUK | : |  |
|  | : | MISC. CASE # 21-520 |
|  | : | U.S. DISTRICT COURT |
|  | : | DISTRICT OF DELAWARE |

**ORDER AND FINAL JUDGMENT**

Upon consideration of the Motion of Christopher Kosachuk to Declare this Involuntary Bankruptcy Petition a Bad Faith Filing, for Costs, Compensatory and Punitive Damages, to Seal the Records and Sanctions (the "Motion") with respect to 9197-5904 Quebec, Inc. and the arguments of counsel and evidence admitted at the trial conducted before this Court on March 18, 2015, it is **ORDERED, ADJUDGED AND DECREED**:

1. The Motion is **GRANTED** as to 9197-5904 Quebec, Inc. without effect on the Motion as to the claims asserted and relief sought in the Motion against Darius A. Marzec, Esq.

2. Final Judgment for monetary sanctions in the amount of $192,173.71 pursuant to 11 U.S.C. §§ 105(a) and 303(i)(1), representing the reasonable costs and attorneys' fees incurred by Mr. Kosachuk in this matter, is awarded to Chris Kosachuk against 9197-5904 Quebec, Inc., plus prejudgment interest and post judgment interest at the federal judgment rate of interest.

3. Final Judgment for monetary sanctions in the amount of $960,968.55 pursuant to 11 U.S.C. § 303(i)(2)(B) and this Court's inherent powers, representing punitive damages, is awarded to Chris Kosachuk against 9197-5904 Quebec, Inc., plus prejudgment interest and post judgment interest at the federal judgment rate.

118113055_1

4. Final Judgment pursuant to 11 U.S.C. § 105(a) and this Court's inherent powers, is awarded to Chris Kosachuk that the indebtedness of Chris Kosachuk with respect to that certain judgment issued by the Supreme Court, County of New York, under Index No. 103896/2004 in favor of Eugenia Lorret and against Chris Kosachuk in the sum of $150,732.45 accounting for $108,293.54, plus interest of $41,388.91 from November 25, 2002, plus costs of $1,050, and which judgment was thereafter modified and reduced on May 12, 2008 to the sum amount of $48,293.54, plus costs of $1,050, plus interest from November 25, 2002, and which judgment was assigned to 9197-5904 Quebec, Inc. on December 15, 2009 by Assignment of Judgment, and which judgment was further assigned to SRS Techonologies Professionals, LLC by Assignment of Judgment, dated February 10, 2014, Index No. 103896/2004, and Corrected Assignment of Judgment, dated February 10, 2014, is hereby cancelled nunc pro tunc to July 6, 2012.

5. This Final Judgment may be recorded as a matter of public record.

6. This Final Judgment is effective immediately upon entry and this Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and Final Judgment.

7. Chris Kosachuk shall be entitled to writs of execution and all other legal process to enforce this Final Judgment permitted by Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure and applicable law.

March 24th 2015

BY THE COURT:

*[signature]*

The Honorable Jean K. FitzSimon
United States Bankruptcy Judge

A TRUE COPY CERTIFIED
TO FROM THE RECORD
DATED: November 23, 2021
ATTEST: *[signature]*
Deputy Clerk

118113055_1

B2650 (Form 2650) (12/15)

# United States Bankruptcy Court
__Eastern__ District Of __Pennsylvania__

In re __Christopher Kosachuk aka Chris Kosachuk__,
       Debtor

Case No. __12-16438-JKF__

Chapter __7__

_____
       Plaintiff

v.

_____
       Defendant

Adv. Proc. No. _____

MISC. CASE # __21- 520__

**CERTIFICATION OF JUDGMENT FOR** U.S. DISTRICT COURT
**REGISTRATION IN ANOTHER DISTRICT** DISTRICT OF DELAWARE

I, clerk of the United States Bankruptcy Court, do certify that the attached judgment is a true and correct copy of the original judgment entered in this proceeding on __March 24, 2015__ as it appears in the records of this court, and that:
                                                                                              (date)

☐ No notice of appeal from this judgment has been filed, and no motion of the kind set forth in Federal Rule of Civil Procedure 60, as made applicable by Federal Rule of Bankruptcy Procedure 9024, has been filed.

☐ No notice of appeal from this judgment has been filed, and any motions of the kind set forth in Federal Rule of Civil Procedure 60, as made applicable by Federal Rule of Bankruptcy Procedure 9024, have been disposed of, the latest order disposing of such a motion having been entered on _____.
                                      (date)

☐ An appeal was taken from this judgment, and the judgment was affirmed by mandate of the _____ issued on _____.
       (name of court)                                              (date)

☒ An appeal was taken from this judgment, and the appeal was dismissed by order entered on April 18, 2017 by the United States District Court for the Eastern District of Pennsylvania case number 2:15-cv-04870-WB Document 19.
       (date)

TRUE COPY CERTIFIED
FROM THE RECORD
DATED: November 23, 2021
ATTEST: _Yvette Ruiz_
       Deputy Clerk
       U.S. Bankruptcy Court

_November 23, 2021_                       By: _Yvette Ruiz_
       Date                                          Deputy Clerk

_____
Clerk of the Bankruptcy Court

Page 15 of 20

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No. 21-11269-JKS |
| NLG, LLC,<br>a Delaware LLC<br>Debtor | Chapter 7 |
| _____/ | |
| NLG, LLC<br>Plaintiff | |
| V. | Adversary Case No. 22-ap-50086-JKS |
| | Original Case No. 18-cv-21398-JEM |
| SELECTIVE ADVISORS GROUP, LLC | |
| _____/ | |

**ORDER GRANTING
CHRIS KOSACHUK'S MOTION TO END IMMEDIATELY ABEYANCE,
FOR LEAVE TO INTERVENE AND FOR LEAVE TO AMEND COMPLAINT**

Upon consideration of the *Motion to End Immediately Abeyance, for Leave to Intervene and for Leave to Amend Complaint* (the "Motion"); and the Court having considered the Motion and determined that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors; (iv) proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary; and (v) upon the record herein, after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.

It is hereby **ORDERED**:

1. The Motion is **GRANTED**.

2. Movant is granted an immediate end to the abeyance, leave to intervene and

leave to amend the complaint which amendment must be filed within 7 days of this order.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No. 21-11269-JKS |
| NLG, LLC,<br>a Delaware LLC<br>Debtor<br>_____/ | Chapter 7 |
| NLG, LLC<br>Plaintiff | |
| V. | Adversary Case No. 22-ap-50086-JKS |
| SELECTIVE ADVISORS GROUP, LLC | Original Case No. 18-cv-21398-JEM |
| | Hearing Date:            , 2022 |
| | Objection Date:          , 2022 |
| _____/ | |

**NOTICE OF CHRIS KOSACHUK'S MOTION TO END IMMEDIATELY ABEYANCE, FOR LEAVE TO INTERVENE AND FOR LEAVE TO AMEND COMPLAINT**

TO: THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE; ALFRED T. GIULIANO, TRUSTEE FOR THE ESTATE OF NLG, LLC, COUNSEL FOR SELECTIVE ADVISORS GROUP LLC AND THOSE PERSONS WHO HAVE REQUESTED NOTICE PURSUANT TO BANKRUPTCY RULE 2002

**PLEASE TAKE NOTICE** that Chris Kosachuk has filed a Motion which seeks leave to intervene and leave to amend the complaint to include another count to have this Court cancel the $500,225.00 indebtedness caused by the Sham Judgment *nunc pro tunc* to February 22, 2012, the date on which it was recorded in New York pursuant to this Court's inherent powers under Section 105(a) of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that if you seek to object or otherwise respond

to the Motion, you must file a response/objection to the Motion on or before _____, **2022 at 4:00p.m.** in writing, with the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, DE 19899-2323. If a copy of the Motion is not enclosed, you may obtain it by sending a written request to Chris Kosachuk at the address listed below.

**PLEASE TAKE FURTHER NOTICE** that at the same time, you must also serve a copy of the response/objection upon Chris Kosachuk.

**Chris Kosachuk**
**854 Pheasant Run Rd**
**West Chester, PA 19382-8144**
chriskosachuk@gmail.com

**A HEARING IS SCHEDULED FOR**

**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.**

Respectfully submitted,

_____
Chris Kosachuk
*Pro Se Movant*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:                                              Case No. 21-11269-JKS

NLG, LLC,
a Delaware LLC                                      Chapter 7
Debtor
_____/

NLG, LLC
Plaintiff

V.                                                  Adversary Case No. 22-ap-50086-JKS

                                                    Original Case No. 18-cv-21398-JEM
SELECTIVE ADVISORS GROUP, LLC
_____/

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of August 2022 a true and correct copy of foregoing was hand delivered to the Clerk of Court for electronic filing, which will electronically serve a copy of the foregoing document on all parties of record and was emailed directly to counsel of record by Movant.

Respectfully submitted,

Chris Kosachuk
*Pro Se Movant*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

### SERVICE LIST

**Via CM/ECF/EMAIL**
All parties of record