**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

In re:                                                                    Case No. 21-11269-JKS

NLG, LLC,
a Delaware LLC                                                     Chapter 7
Debtor

_____/

NLG, LLC

    Plaintiff

v.                                                                            Adversary Case No. 22-ap-50086-JKS

                                                            Original Case No. 18-cv-21398-JEM

SELECTIVE ADVISORS GROUP, LLC
                                                             Hearing Date: September 15, 2022- 2:30PM

                                                             Objection Date: September 6, 2022-4:00PM

    Defendant

_____/

**MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION FOR LEAVE TO INTERVENE AND LEAVE TO AMEND</u>**

Pursuant to Rule 15(a), of the Federal Rules of Civil Procedure, incorporated into the Federal Rules of Bankruptcy Procedure by Rule 7015, Chris Kosachuk ("Intervenor or Movant") hereby submits this Memorandum of Law in Support of his Motion for Leave to Intervene and Leave to Amend Complaint NLG's complaint and file a Third Amended Complaint for Declaratory Judgment and Injunctive Relief: (1) to vacate, set aside and strike a fraudulent Judgment by Confession *nunc pro tunc* to date of entry and/or (2) to declare the rights of the parties as of September 4, 2015, when Selective Advisors Group, LLC ("Selective") recorded a satisfaction of said Judgment by Confession; and/or (3) enjoin Selective from pursuing enforcement proceedings or taking any action based upon the Judgment by Confession after

September 4, 2015 (4) cancel the indebtedness of $5,000,225.00 *nunc pro tunc* to date of entry of February 22, 2012. In support thereof, Movant avers as follows:

1. Plaintiff filed this action on April 10, 2019, filed an Amended Complaint on May 22, 2018 and a second Amended Complaint on February 27, 2020.

2. **To date, Selective has not filed an answer.**

3. On June 7, 2018, Selective filed a Motion to Dismiss [ECF No. 18].[1]

4. On October 23, 2019, Selective filed a new Motion to Dismiss. [ECF No. 146].

5. On February 25, 2020, the District Court entered an Order setting a Status Conference for March 13, 2020. [ECF No. 159].

6. On March 25, 2020, Selective filed a new Motion to Dismiss [ECF No. 173].

7. On May 10, 2022, Selective filed a supplemental Cross Motion to Dismiss. [A.D.I. 6] with this Bankruptcy Court.

8. Attached hereto as Exhibit 1 is Intervenor/Movant's proposed Third Amended Complaint without exhibits. The exhibits will be the same as the exhibits in the Second Amended Complaint.

## MEMORANDUM OF LAW

Bankruptcy Rule 7015 incorporates Federal Rule of Civil Procedure 15(a)(2) which states after amending once or after an answer has been filed, the plaintiff may amend only with leave of court or the written consent of the opposing party, but "leave shall be freely given when justice so requires."

---

[1] ECF No. refers to the original docket from the District Court in the Southern District of Florida. A.D.I refers to the adversary proceeding docket before this Bankruptcy Court.

The Supreme Court articulated the standard for Fed. R. Civ. P. 15(a)(2) in *Foman v. Davis*. In that case, the Supreme Court stated:

> In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). The Court further held that "the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.*

In *Carter v. HSBC Mortg. Servs.*, 622 F. App'x 783, 786 (11th Cir. 2015), the court listed as grounds for denial of an amendment undue delay, undue prejudice to the defendants, and futility of the amendment. The same standard applies in the Third Circuit. [*See Lake v. Arnold*, 232 F.3d 360, 373 (3d Circ. 2000) and *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988). Here, none of those grounds for denial are present. This case was stayed for many months and then transferred to this Court. Movant now seeks to file a Third Amended Complaint.

The Third Circuit has consistently held that leave to amend should be granted freely. *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486 (3d Cir. 1990); see also *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir.1989) (noting that courts should use "strong liberality" in considering whether to grant leave to amend). This approach ensures that a particular claim will be decided on the merits rather than on technicalities. See Wright, Miller and Kane, Federal Practice and Procedure: Civil 2d § 1471 (2d ed. 1990).

Selective argued in its new motion to dismiss that the *Rooker-Feldman* doctrine prevents this Court from acting as an appellate court. As the court stated in *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279 (11th Cir. 2018), "[t]he *Rooker-Feldman* doctrine eliminates federal court jurisdiction over those cases that are essentially an appeal by a state court loser seeking to relitigate a claim that has already been decided in a state court." *Id.* at 1281. The Amended Complaint does not seek an appeal of the decision made by the New York Clerk for the Supreme Court of New York when it entered the Judgment by Confession on February 22, 2012. NLG is not seeking to appeal the decision to enter the Judgment by Confession, but is asserting constitutional claims that have never been decided by the New York court. The Judgment by Confession was entered as a result of the perjurious affidavit executed by Raymond Houle which defrauded the New York Clerk of the Court into entering the Judgment by Confession. The affidavit did not disclose that Houle was the president of the plaintiff, Quebec, nor the basis for its claim to be the manager and authorized representative of defendant NLG.

However, in an abundance of caution, Movant seeks to add one additional count to obtain a declaratory judgment, pursuant to Section 105(a) of the Bankruptcy Code, to cancel the indebtedness of $5,000,225.00 *nunc pro tunc,* to date of entry of February 22, 2012 caused by the Sham Judgment by Confession. This new count cannot be deemed to be an appeal of the entry of the Judgment by Confession, but addresses Selective's continued enforcement of the Judgment by Confession even after it declared the Judgment by Confession satisfied in full on September 4, 2015. This fourth counts would not be subject to dismissal under either *Rooker-Feldman* or the statute of limitations.

The Supreme Court expressly limited *Rooker-Feldman*'s applicability in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).

It stated that *Rooker-Feldman* bars only that class of cases in which federal litigants seek reversal of state court decisions. The doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. In Count Four of the Third Amended Complaint, NLG is not complaining about the original Judgment by Confession entered in February of 2012, but is complaining about the indebtedness because Selective continued and continues to assert the right to enforce the Judgment by Confession even after, on September 4, 2015, it recorded a satisfaction in full of the Judgment by Confession and where that satisfaction has never been rescinded or vacated. Likewise, the third count seeks to enjoin Selective from continuing to enforce the satisfied judgment. This fourth count is added to end Selective's nonsense under Bankruptcy Rule 105(a) which was previously unavailable prior to this action being transferred to the bankruptcy court.

**WHEREFORE**, Intervenor/Movant, Chris Kosachuk, respectfully requests entry of an order immediately ending the abeyance, granting leave to intervene and leave to amend the Adversary Proceeding with a count to cancel the indebtedness of the Sham Judgment *nunc pro tunc* to date of entry of February 22, 2012; and granting such other and further relief as is equitable and just.

Dated: August 16, 2022

Respectfully submitted,

_____
Chris Kosachuk
*Pro Se Movant*
854 Pheasant Run Rd.

West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com