## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:                                          Case No. 21-11269-JKS

NLG, LLC,
a Delaware LLC                                  Chapter 7
Debtor

_____/

NLG, LLC

    Plaintiff

v.                                              Adversary Case No. 22-ap-50086-JKS

                                 Original Case No. 18-cv-21398-JEM

SELECTIVE ADVISORS GROUP, LLC

    Defendant

_____/

### CHRIS KOSACHUK'S OBJECTION TO JOINT MOTION BY ALFRED T. GIULIANO, TRUSTEE,  AND SELECTIVE ADVISOR GROUP FOR EXTENSION OF ORDER HOLDING ADVERSARY PROCEEDING IN ABEYANCE

       Chris Kosachuk, *pro se* Movant*,* hereby respectfully objects to the Joint Motion by Alfred

T. Giuliano, Trustee, and Selective Advisors Group for Extension of Order Holding Adversary

Proceeding in Abeyance (the "Joint Motion").  In opposition to the Joint Motion, Mr. Kosachuk

states as follows:

       1.       On September 24, 2021, (the "Petition Date"), Movant filed an involuntary petition

for relief under Chapter 7 of Title 11 of the Bankruptcy Code against the Debtor in the United

States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

       2.       On January 7, 2022, the Court entered an *Order for Relief in an Involuntary Case*,

therein granting an order for relief under Chapter 7 of the Bankruptcy Code against the Debtor

[D.I. 10].

3.      On the same day, the United States Trustee Alfred T. Giuliano was appointed as the interim Chapter 7 trustee, which appointment remains in effect [D.I. 8].

4.      On January 18, 2022, the Florida District Court entered an Order transferring the Adversary Proceeding to the United States District Court for the District of Delaware, which then referred the Adversary Proceeding to the Bankruptcy Court, where it is currently pending.

5.      On May 18, 2022, the Court entered an order holding this adversary proceeding in abeyance for 90 days. [A.D.I. 10] because the Trustee was negotiating a global resolution of all claims including the adversary proceeding.  Selective Advisors opposed the abeyance.  [*See Objection*  A D.I. 5].  The abeyance expired on August 16, 2022 with no global settlement executed.

6.      Additionally, and critically, the Trustee has no authority to settle Mr. Kosachuk's claims because he has claims and causes of action independent of this bankruptcy. As such a global settlement is impossible without the inclusion of Mr. Kosachuk, something that the Trustee was obviously trying to avoid.

7.      Mr. Kosachuk seeks to proceed immediately with this adversary by intervening, amending the complaint and proceeding to an adjudication on the merits of the underlying Judgment by Confession in this case which was commenced on April 10, 2018.  [*See* A.D.I. 17],

8.      The issues in this adversary proceeding are simple and ripe for this Court to adjudicate given that the case has been pending for over four years without Selective Advisors ever filing an answer to the adversary complaint.

9.      The Court can decide the adversary proceeding on a motion for summary judgment because the Judgment by Confession is void on its face as a matter of law and the salient facts to prove this are indisputable.

10.    A review of the Judgment by Confession reveals that it was entered without jurisdiction, without service of process, without any due process, and collusive as the affidavit confessing the judgment was signed by the President of the Plaintiff corporation Quebec pretending to be NLG. Selective has not and cannot refute these facts thus summary judgment is appropriate.

11.    As Trustee Alfred T. Giuliano correctly stated in his Motion for Examination [D.I. 51]: "The Trustee suspects that wrongdoing may have occurred in this case. Indeed, a thorough review of the relevant documents and prepetition proceedings suggests that certain parties appear to have submitted false filings to several courts, resulting in ill-gotten judgments that extinguished the Debtor's mortgage [and Final Judgment of Foreclosure] on a multi-million-dollar [Fisher Island, FL] property."

12.    More specifically, a sham New York Judgment by Confession in the amount of $5,000,225.00 (the "Sham Judgment") was used to wipe out NLG's legitimate Final Judgment of Foreclosure in the amount of $4,876,654.29. To add insult to injury, the Florida Bankruptcy Court even found that NLG still owes $123,570.71 pursuant to this Sham Judgment. [*See Amended Complaint* A.D.I. 166 pp. 154-168].

13.    Trustee Alfred T. Giuliano really described in great detail how this wipe out occurred in a filing before the Florida Southern District Bankruptcy Court [*In Re Hazan* Case No. 16-10389-ACJ - D.I. 1155 – June 6, 2022]:

•To fund the purchase of the Property, Hazan executed a promissory note in favor of NLG in the original principal amount of $1,275,000, as well as a purchase money mortgage to secure the debt.

• Shortly after the purchase, Hazan defaulted under the note (as well as a subsequent settlement agreement) for failure to make payment, which resulted in NLG's commencement of enforcement proceedings.

• NLG prevailed in those enforcement proceedings and obtained a judgment for the amounts owed, about $1,600,000 (the "Scolla [*sic*]Judgment").

• About one month later, Hazan formed a shell company in Canada, which would be "managed" by Hazan's friend, Richard [Raymond] Houle, in exchange for Hazan's promise to pay Houle $200,000 for his role. The shell company, Quebec, does no business.

• NLG and Hazan then entered into a second settlement agreement to bring her mortgage arrears current, which Hazan again defaulted under. NLG commenced a foreclosure action.

• Faced with limited options, Hazan's shell company, Quebec, bought a $40,000 judgment against Kosachuk personally, which was held by Kosachuk's exgirlfriend [*sic*] (the "Lorret Judgment").

• While the foreclosure action was pending, Quebec quietly domesticated the Lorret Judgment in Pennsylvania. Once domesticated, Quebec sought a charging order against both Kosachuk and NLG, ***which was granted by default. This is the moment when Hazan's scheme came to fruition***.

• The charging order, drafted by Hazan's counsel, was uniquely wide-sweeping and granted Quebec both economic and management rights in NLG. With this purported authority, Quebec, acting on behalf of itself and NLG, filed the Confession of Judgment - not in the amount of the Lorret Judgment (i.e., $40,000), but in the amount of 5,000,225 for an alleged tort. So, in effect, a $40,000 judgment somehow turned into a judgment of more than $5,000,000. Quebec then used the confession of judgment to set off the Scolla [*sic*] Judgment, instead of the Lorret Judgment, and satisfied NLG's mortgage.

• The problem (among many others), however, is that the charging order was quickly ***vacated for Quebec's intentional failure to provide notice to NLG***.[1] So any authority to act under the charging order was also vacated.[2]

• Despite the charging order being vacated for a violation of due process, Quebec continued to make representations to various courts that the confession of judgment, including its attachments and sworn affidavits, was truthful and accurate.

• ***So here is the rub: Hazan, through her shell companies, bought a $40,000 judgment against Kosachuk, used that $40,000 judgment to obtain a default charging order in knowing violation of due process (as the New York state court ultimately held), took that default charging order and used it to turn a $40,000 judgment against Kosachuk personally into a $5,000,225 judgment against NLG, and then continued to parade the $5,000,225 judgment around various courts even though the underlying authority (i.e.,***

---

[1] The Order vacating the charging order is recorded on the docket at D.I. 13 pp. 8-11 and incorporated by reference herein. In the Order, the court admonishes Quebec [and Mr. Marzec], stating, "Quebec chose not to give notice to NLG despite having had a judgment entered against NLG."

[2] See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) ("A judgment rendered in violation of due process is void . . . .")

*the charging order) was vacated. Hazan is now living in a multimillion-dollar mansion, in the County's most exclusive zip code, without having paid even a fraction of the NLG mortgage.*

14.    What is missing from this synopsis is how Attorney Darius A. Marzec, on behalf of Quebec, filed a bad faith involuntary bankruptcy against Mr. Kosachuk in the Eastern District of Pennsylvania claiming that Quebec was owed $215,000 on the $40,000 Lorret Judgment.  As a result of the bad faith bankruptcy filing, Judge FitzSimon cancelled the indebtedness of the Lorret Judgment *nunc pro tunc.* Judge FitzSimon also awarded Mr. Kosachuk over $1.1 million in compensatory and punitive damages against Quebec, none of which has been paid.  The FitzSimon Judgment has been registered in the United States District Court for the District of Delaware and a copy of which recorded on the docket in this Court at A.D.I. 13 p. 13-14. The FitzSimon Judgment was affirmed by the United States District Court for the Eastern District of Pennsylvania and the United States Court of Appeals for the Third Circuit twice.

15.    This entire process described above was orchestrated by Elizabeth Hazan's counsel of record, Darius A. Marzec.   Indeed Mr. Marzec, domesticated the Lorret Judgment in Pennsylvania, misled the Pennsylvania court about who the judgment debtors were; drafted the illegal charging order; obtained it on default by failing to serve Mr. Kosachuk or the Debtor, NLG; immediately thereafter drafted the Sham Judgment by Confession;  notarized the signature of Raymond Houle on it; and recorded the Sham Judgment by Confession with the New York County Clerk.  As a result, Ms. Hazan has had a windfall exceeding $9 million at expense of NLG, its creditors and its owner. To this day Mr. Marzec represents Ms. Hazan and is drafting the pleadings in this case for Ms. Klein to file.

16.    Attorney Klein has participated in this fraud by attempting to present to this Court the sham Judgment by Confession as legitimate in her cross motion to dismiss in paragraph 1 of A.D.I. 6, which reads:

> On February 22, 2012, more than 10 years ago, a Judgment was entered by the New York Supreme Court (the "Judgment") in the amount of $5,000,225 in favor of 9197-5904 Quebec, Inc. ("Quebec") and against Debtor NLG. Quebec then assigned the Judgment to Selective in 2014 (the "Quebec Judgment"). The Quebec Judgment is attached as **Exhibit 1.**

17.    Attorney Marzec and Ms. Hazan tried twice to obtain a legitimate judgment against Mr. Kosachuk and/or NLG in New York after the entry of the sham Judgment by Confession (while concealing the existence of the Judgment by Confession) and even claimed to be NLG in the first complaint pursuant to the vacated Pennsylvania Charging Order. [*See VR Auto Location v. Kosachuk*, Case No. 102260/2012 [Exhibit 1] and *-9197-5904 Quebec, Inc. v. Kosachuk,* 151653/2013 [Exhibit 2].

18.    It is mindboggling that Trustee Giuliano does not want to proceed with the adjudication of the adversary proceeding which will result in the cancellation of $5 million of sham indebtedness. If Trustee Giuliano does not want to proceed, he can simply abandon the adversary back to NLG and Mr. Kosachuk.    As such there is no reason to settle for less than the full amount owed to NLG and no cost to the estate of NLG.

19.    Moreover, the Court must consider why is Selective Advisors (i.e., Ms. Hazan) offering to pay anything to settle if the Judgment by Confession were legitimate? The answer is self-evident and that is Selective Advisors and Ms. Hazan know full well that the $5 million judgment is sham and fraud on the courts. The only purpose for settling is to further their fraud by concealing it in a settlement.

20.      Mr. Kosachuk opposes the continuation of the abeyance period because this Court can easily adjudicate the matter and rid NLG of this sham $5 million of indebtedness which forced NLG into bankruptcy.  As soon as the Judgment by Confession is nullified, NLG will be able to return to Florida and foreclose on its collateral which Ms. Hazan currently has listed on the market for $26 million.  Attached here as Exhibit 3 is the listing brochure.

21.      As of the date of this Objection, NLG is owed $9,453,848.25 from Ms. Hazan pursuant to the Final Judgment of Foreclosure which was wiped out by the sham Judgment by Confession.  As this Court can readily see, there is a full recovery available to NLG and its creditors when this adversary proceeds and succeeds.  The claims register in the NLG bankruptcy is just under $8 million.  As such all creditors will be paid in full which is precisely why there is a pending motion to convert this chapter 7 to a chapter 11 because reorganization is the best outcome for NLG and its creditors.

22.      Any settlement which does not provide a full recovery and admission that the Judgment by Confession is fraud must be rejected.  Additionally, there are no settlement funds to pay the global settlement.  Ms. Hazan and her lawyers are masters of delay and promises.  Ms. Hazan has defaulted on every settlement agreement that she has ever made and the defaults are well document in the various lawsuits filed against her and her companies for non-payment.  Ms. Hazan was a first payment default on her mortgage to NLG which resulted in the Final Judgment of Foreclosure.  The settlement negotiations with Trustee Giuliano will never result in an executed settlement agreement nor any settlement payments.  Ms. Hazan and Mr. Marzec are laughing their way to the bank at the prospect of a settlement to expunge their fraud on the court.

23.      Ms. Hazan has languished under the protection of a Chapter 11 bankruptcy for the past six years without ever once filing a post confirmation operating report and without

maintaining her confirmed plan payments. She never honored any of the statutory requirements for a chapter 11 debtor. Ms. Hazan defaulted on her confirmed plan at confirmation on June 12, 2018. Thereafter on December 12, 2018, Ms. Hazan defaulted on her first plan payment to the Internal Revenue Service and every confirmed plan payment thereafter. Indeed Ms. Hazan has not paid her income taxes to the IRS since 2002 as evidenced by federal income tax liens recorded in Florida and New York as recently as April 2022. The IRS filed a Motion to Dismiss the Hazan Bankruptcy which details the confirmed plan payment defaults. [*See In Re Hazan,* Case No. 16-10389-AJC Doc. 1157].    If Judge Cristol honors his previous pronouncements at two prior hearings, then the Hazan bankruptcy should be dismissed by September 20, 2022 for failure to maintain plan payments.

24.    Unfortunately, Judge Cristol is trying to force a settlement but fails to recognize that Ms. Hazan has no money to pay a settlement and no intention of giving up her free living on Fisher Island which was further enabled by Judge Cristol for the last six years.   Judge Cristol confirmed an unconfirmable plan as evidenced by the fact that the debtor immediately defaulted on the confirmed plan. The confirmed plan was destined to fail because it was based upon non-existent income projections which Judge Cristol uncritically accepted as fact.    Debtor Hazan projected $810,000 of income to fund her plan in 2018 but made only $39,496.52 in 2016 salary and $81,296.52 in 2017. [*In Re Hazan,* Case No. 16-10389-AJC, ECF. No. 374, p. 3 and No. 625 p. 3].   Judge Cristol blindly accepted a 10x increase in the debtor's income without any documentation to support this wild increase or any explanation for the tenfold increase.   It was obvious from the beginning that the plan would fail and did indeed fail.

25.    Judge Cristol flouted his independent duty to determine that the Plan complies with all of the provisions of the Bankruptcy Code in order for the Plan to be confirmed. *See*, 11 U.S.C.

§1129(a)(1); *Ala. Dep't of Econ. & Cmty. Affairs v. Ball Healthcare–Dallas, LLC (In re Lett)*, 632 F.3d 1216, 1229 (11th Cir.2011) ("Importantly, the Bankruptcy Code envisions a bankruptcy court exercising an independent duty to ensure that the strictures of §1129(b) are met with regard to impaired dissenting classes of creditors in a Chapter 11 cram down."

26.    As should be clear from her failure to honor plan payments to the IRS (and other creditors), Ms. Hazan will never honor any settlement to the Trustee Giuliano and Trustee Giuliano has wasted the last 6 months in settlement negotiations for a settlement which will never be paid or even executed.    Moreover, any settlement which does not acknowledge the Judgment by Confession was a fraud, is itself a fraud on the Court and must be rejected.

27.    Mr. Kosachuk sought to end immediately the abeyance period, leave to intervene and leave to amend the complaint to include fourth count to have this Court cancel the $5,000,225.00 indebtedness caused by the Sham Judgment *nunc pro tunc* to February 22, 2012, the date on which it was recorded in New York pursuant to this Court's inherent powers under Section 105(a) of the Bankruptcy Code.    The caselaw also supports this cancellation.    [T]he primary purpose of bankruptcy law is to relieve the debtor from the burden of indebtedness. *Perez v. Campell*, 402 U.S. 637, 648 (1971).

28.    The Bankruptcy Court has broad authority to take any action necessary or appropriate to prevent an abuse of process. *See Marrama v. Citizen Bank of Mass.*, 549 U.S. 365, 375 (2007) (citing Section 105 (a) of the Bankruptcy Code).    This Sham Judgment is definitively an abuse of process.

29.    It is in the best interest of the Estate of NLG, LLC, all of its creditors, lawyers and interested parties that the abeyance be lifted and the Sham Judgment by Confession indebtedness be cancelled *nunc pro tunc* to date of entry of February 22, 2012.

WHEREFORE, Mr. Kosachuk respectfully requests entry of an order sustaining his objection, immediately ending the abeyance, granting leave to intervene and leave to amend the Adversary Proceeding with a count to cancel the indebtedness of the Sham Judgment *nunc pro tunc* to date of entry of February 22, 2012; and granting such other and further relief as is equitable and just.

Dated:   August 29, 2022

Respectfully submitted,

Chris Kosachuk
*Pro Se Movant*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:                                          Case No. 21-11269-JKS

NLG, LLC,
a Delaware LLC                                  Chapter 7
Debtor
_____/

NLG, LLC

       Plaintiff

v.                                              Adversary Case No. 22-ap-50086-JKS

                                                Original Case No. 18-cv-21398-JEM

SELECTIVE ADVISORS GROUP, LLC

       Defendant
_____/

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of August 2022 a true and correct copy of foregoing was mailed to the Clerk of Court for electronic filing, which will electronically serve a copy of the foregoing document on all parties of record and was emailed directly to counsel of record by Mr. Kosachuk.            Respectfully submitted,

Chris Kosachuk
*Pro Se*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## SERVICE LIST

**Via CM/ECF/EMAIL**
All parties of record

# EXHIBIT 1

## VR AUTO LOCATION v. KOSACHUK
## COMPLAINT FILED 03/27/12

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.:
Date of Purchase:

———————————————————————X

V.R. AUTO LOCATION INC. D/B/A NLG
AND NLG, LLC.,

**SUMMONS**

Plaintiff,

-against-

CHRISTOPHER KOSACHUK,

Defendant.

———————————————————————X

Plaintiff designates
NEW YORK
County as place of trial

The basis of venue is:
Plaintiff's Place Of
Doing Business

12102260

To the above named defendant:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorneys within 20 days after the service of this summons exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
      March 22, 2012

MARZEC LAW FIRM, P.C.

BY:

MICHAEL MA, ESQUIRE.
Marzec Law Firm, P.C.
Attorneys for Plaintiff
225 Broadway, Ste. 3000
New York, New York 10007
(212) 267-0200
dmarzec@MarzecLaw.com

Defendant's Address:

Christopher Kosachuk
201 South Biscayne Blvd.
28th Floor
Miami, FL 33131

FILED
MAR 23 2012
NEW YORK
COUNTY CLERKS OFFICE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------X
V.R. AUTO LOCATION INC. D/B/A NLG
AND NLG, LLC,

                           Plaintiff,                  Index No.:

      - against –

CHRISTOPHER KOSACHUK,           **COMPLAINT**

                       Defendant.

--------------------------------------------------------------------X

      Plaintiff, V.R. AUTO CONNECTION INC D/B/A NLG AND NLG, LLC, by and through its attorneys MARZEC LAW FIRM, P.C., complains of the Defendant as follows:

      1.    At all times hereinafter mentioned, Plaintiff V.R. AUTO CONNECTION INC. D/B/A "NLG" AND "NLG, LLC" ("V.R.") was and is a Canadian corporation doing business in the City of New York, New York with the principal business address of 3756 Saint- Kevin, Ste 9, Montreal, Quebec, H3T 1H8, Canada.

      2.    At all times hereinafter mentioned, Defendant Christopher Kosachuk ("Kosachuk") is an individual with an address of 201 S. Biscayne Blvd., 28th Floor, Miami, FL 33131.

      3.    Jurisdiction is proper in New York as both Plaintiff and Defendant do business in New York and all pertinent events took place in New York State and New York County, to wit: execution of documents, agreements, corporate documents, exchange of consideration, and the acts complained of occurred herein.

      4.    This is a declaratory judgment action.

1

## FACTS

5.      All interest in NLG/NLG, LLC ("NLG") was transferred from 9197-5904 Quebec, Inc. to VR, on or about March 1, 2012.

6.      9197-5904 Quebec, Inc. received complete authority over NLG pursuant to a court order after extensive execution proceedings against Defendant Kosachuk.

7.      9197-5904 Quebec, Inc. holds a valid New York Judgment against Christopher Kosachuk in the sum exceeding $105,000.00 including interest.

8.      Per execution proceedings, Christopher Kosachuk has lost its right, title and interest in NLG.

9.      V.R. currently holds any and all interest in NLG, and is doing business as such.

10.     V.R. has learned that Defendant Kosachuk continues to hold himself out as Manager/Member of NLG in violation of property and corporate rights of Plaintiff.

11.     Plaintiff is in the business of consulting.

## CAUSE OF ACTION

12.     Plaintiff repeats and realleges all foregoing allegations.

13.     Plaintiff demands a declaratory judgment in its favor and against Defendant, declaring that is the rightful owner of, and solely charged with control of the NLG.

14.     Plaintiff a declaratory judgment indicating that Defendant has no right, title or interest in NLG.

15.     Moreover, Defendant Kosachuk's misrepresentation has imbued irreparable harm and damages upon V.R., and will continue to imbue such irreparable harm and damages absent preliminary and permanent relief by this Court.

2

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against the Defendant as follows: That the Court issue a judgment declaring:

(i)     V.R. as sole shareholder/owner/beneficiary of NLG; and

(ii)    Christopher Kosachuk an individual with no interest, shares, rights, or position whatsoever in NLG; and

(iii)   Christopher Kosachuk an individual with no right to bind NLG; and

(iv)    Costs and expenses, including attorneys' fees and disbursements, as permitted by law, and such other and further relief as the Court may deem just, proper and equitable.

Dated: New York, New York
        March 22, 2012

MARZEC LAW FIRM, PC


By:        MICHAEL MA, ESQUIRE.
           Marzec Law Firm, P.C.
           Attorneys for Plaintiff
           225 Broadway, Suite 3000
           New York, New York 10007
           (212) 267-0200
           dmarzec@MarzecLaw.com

3

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**                    Index No.

V.R. AUTO LOCATION, INC. D/B/A NLG
AND NLG, LLC.

          Plaintiff,

- against -

CHRISTOPHER KOSACHUK,

          Defendant.

*12,02260*

---

### SUMMONS AND COMPLAINT

---

### ATTORNEYS FOR PLAINTIFF
**Marzec Law Firm, P.C.**
**Darius A. Marzec, Esq.**
**225 Broadway, Suite 3000**
**New York, NY 10007**
**212-267-0200**

---

### CERTIFICATION

Pursuant to Section 130-1.1, the following documents are hereby certified:

By: Michael Ma, Esq.
MARZEC LAW FIRM PC
Attorneys for Plaintiff
225 Broadway, Ste. 3000
New York, NY 10007
(212) 267-0200

# EXHIBIT 2

## 9197-5904 QUEBEC, INC. v. KOSACHUK
## COMPLAINT FILED 02/22/13

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

9197-5904 QUEBEC, INC.,

                              Plaintiff,

-against-

NLG, LLC,
LAW OFFICE OF EDWIN P. SMITH
& ASSOCIATES, P.C. D/B/A EDWIN P. SMITH, &
CHRISTOPHER KOSACHUK,

                              Defendants.
-------------------------------------------------------------------X

*Plaintiff designates New York
County as the place of trial.
The basis of venue is:
Actionable events giving rise to suit
occurred in and within New York County, NY*

**Index No.**          **/2013**

**SUMMONS**

To the above name Defendants:

Defendant NLG, LLC 854 Pheasant Run Road, West Chester, PA 19382.
Defendant LAW OFFICE OF EDWIN P. SMITH & ASSOCIATES, P.C. D/B/A EDWIN
P. SMITH 528 Walnut St., Suite 702, Philadelphia, PA 19102
Christopher Kosachuk 854 Pheasant Run Road, West Chester, PA 19382.

        YOU ARE HEREBY SUMMONED to serve a notice of appearance on the
Plaintiff's Attorney within twenty (20) days after the service of this summons, exclusive
of the day of service (or within thirty (30) days after the service is complete if this
summons is not personally delivered to you within the State of New York); and in case of
your failure to appear, judgment will be taken against you by default for the relief
demanded in the notice set forth below.

Dated: January 30, 2013

                              Respectfully Submitted,

                              MARZEC LAW FIRM, P.C.

                    By:    Darius A. Marzec
                           Attorneys for Plaintiff
                           225 Broadway, Suite 3000
                           New York, NY 10007
                           (212) 267-0200

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
9197-5904 QUEBEC, INC.,

                Plaintiff,

       -against-

NLG, LLC,
LAW OFFICE OF EDWIN P. SMITH
& ASSOCIATES, P.C. D/B/A EDWIN P. SMITH, &
CHRISTOPHER KOSACHUK,

                Defendants.
-----------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.        /2013

Plaintiff, by and through its attorney, Marzec Law Firm, P.C., and for their complaint against the defendants herein, respectfully allege as follows:

## PARTIES

1. Upon information and belief, at all the times hereinafter mentioned, Plaintiff 9197-5904 Quebec, Inc. is a duly organized corporation ("QUEBEC").

2. Upon information and belief, at all times hereinafter mentioned, Defendant NLG, LLC ("NLG") is a duly organized limited liability company owned and managed by Christopher Kosachuk, with the address of 854 Pheasant Run Road, West Chester, PA 19382.

3. Upon information and belief, at all the times hereinafter mentioned, Defendant LAW OFFICE OF EDWIN P. SMITH & ASSOCIATES, P.C. D/B/A EDWIN P. SMITH ("SMITH, PC"), is a duly organized professional corporation with the address of 1528 Walnut St., Suite 702, Philadelphia, PA 19102.

1

4. Upon information and belief, at all times hereinafter mentioned, Defendant Christopher Kosachuk ("KOSACHUK" or "JUDGMENT DEBTOR"), is an individual with the address of 854 Pheasant Run Road, West Chester, PA 19382.

## FACTUAL BACKGROUND

5. A final judgment after trial had been entered against Christopher Kosachuk (hereinafter "Kosachuk" or "Judgment Debtor") on February 22, 2007 by the Supreme Court of the State of New York (hereinafter the "Judgment") in favor of Plaintiff under the caption of EUGENIA LORRET AND NINA GOGITIDZE VS. CHRIS KOSACHUK AND NLG, LLC, and under a New York Index Number of 103896/2004.

6. Thereafter, on May 12, 2008 the Judgment was modified and reduced in sum by Court Order.

7. On December 15, 2009, the Judgment had been assigned by plaintiffs Euguenia Lorret and Nina Gogitidze to 9197-5904 Quebec, Inc., with a notice being sent to Judgment Debtor.

8. Quebec paid $24,000.00 as consideration for the assignment.

9. Quebec has pursued various execution remedies against Kosachuk since the assignment.

10. It domesticated the judgment in the states of Florida and Pennsylvania.

11. It filed numerous motions to secure information, discovery and payment on the judgment.

12. Most of all, Quebec sought to take charge of the debtor's corporation by way of a charging order, or by way of an outright sale of stock.

13. Mr. Kosachuk's has a 100% interest in NLG, LLC, a limited liability company believed to be operated and owned by Mr. Kosachuk.

2

14. Quebec even filed an involuntary bankruptcy petition on July 6, 2012 against Mr. Kosachuk to recover on its judgment, but the petition was dismissed without prejudice for procedural reasons.

15. Mr. Kosachuk, has repeatedly acknowledged, in various proceedings, including in the execution proceedings in the State of Florida, the assignment of judgment to 9197-5904 Quebec, Inc.

16. In those sworn and notarized documents, he asserted that Quebec acquired the judgment from the original plaintiffs.

17. While the involuntary bankruptcy had been pending, fearing the proceedings against him, Mr. Kosachuk fraudulently obtained a document titled "Satisfaction of Judgment" purporting to show that the judgment herein had been satisfied.

18. With the intent to defraud, Mr. Kosachuk filed an Order to Show Cause on July 12, 2012, seeking an order "voiding" the judgment in the case under the New York County Index Number of 103896/2004, and deeming the judgment "satisfied" as per the fraudulently obtained Satisfaction of Judgment.

19. The Order to Show Cause was not served on counsel for QUEBEC.

20. The Order to Show Cause was not served in a manner that would provide notice to QUEBEC, that stood in the shoes of the original plaintiffs per the duly executed assignment.

21. As such, unaware of the proceedings, QUEBEC did not appear on the return date of the Order to Show Cause, and the Order to Show Cause was granted by default.

22. On July 31, 2012, Honorable Debra A. James entered two Orders: granting the Order to Show Cause, and the other order which appears to be a consent order with a "Satisfaction of Judgment" annexed with it.

3

23. The so called "consent order" was signed by someone purporting to be the executor of the Estate of Eugenia Lorret, and Mr. Kosachuk. No address was given.

24. "Notice of Entry of Judgment Satisfaction pursuant to Order" dated September 14, 2012, was not served on Counsel for QUEBEC.

25. QUEBEC did not get notice of the orders entered in the case until months later.

26. Assignment of Judgment from the original plaintiffs to Quebec, was filed with the County Clerk on March 21, 2011, predating the orders obtained on default.

27. Although the judgment was duly assigned, and despite Mr. Kosachuk knowing about the assignment as per number documents, affidavits and sworn papers signed by him admitting to the assignment of the judgment, he improperly caused the "satisfaction" documents and Order to Show Cause to be filed with the Court that misrepresented the factual status of the assignment.

28. Quebec, given its execution posture in Florida and Pennsylvania, including on a motion to sell Mr. Kosachuk's 100% interest in NLG, LLC, and given that Mr. Kosachuk has failed to respond to discovery and produce corporate records for NLG, LLC, Mr. Kosachuk was not in a position to prevail and obtained an improper "Satisfaction of Judgment" to prevent Quebec from duly executing on the judgment.

29. SMITH, PC aided and abated KOSACHUK in the illegal and fraudulent filings that purported to state that the judgment had been satisfied, and failed to convey that the judgment had been assigned to QUEBEC.

30. On or about December 2012, Mr. Kosachuk made several admissions where he revealed that SMITH, PC and its principal, Edwin P. Smith, Esq. advised him to take steps consistent with the allegations in this complaint.

31. NLG has aided and abetted KOSACHUK in his actions.

4

32. One example of NLG's assistance to KOSACHUK was the assistance and providing of an attorney who normally represents NLG to prepare certain documents regarding the July 2012 filing of the Order to Show Cause and the purported "Satisfaction of Judgment".

33. In fact, while never directly appearing in the case with the index number of 103896/2004, Mr. James Costo, Esq., an attorney who normally represents NLG in New York proceedings against NLG, has executed at least one document regarding the Order to Show Cause.

34. It is alleged that Mr. Costo has executed other documents for the benefit of KOSACHUK.

35. It is further alleged that Mr. Costo participated in the preparation of the Order to Show Cause and other documents relating to the filings that eventually lead to the judgment against KOSACHUK fraudulently being deemed "Satisfied".

36. Mr. Costo, while not named in the instant law suit, remains a witness to NLG and KOSACHUK conduct.

37. NLG has reaped a benefit by way of KOSACHUK's judgment being deemed "satisfied" by way of the fraudulent "Satisfaction of Judgment" being filed by KOSACHUK.

38. SMITH, PC likewise provided its counsel and advice to both NLG and KOSACHUK in while perpetrating an outright fraud on the Court by way of the allegations herein.

39. SMITH, PC, at all times, aided and abetted NLG and KOSACHUK to position the latter in a more advantageous legal position in ongoing or planned litigation involving the latter parties.

40. Promptly after learning of the actions taken by NLG, LLC, QUEBEC filed an Emergency Order to Show Cause seeking to vacate the filings based on fraud.

41. The Order to Show Cause was opposed by KOSACHUK and the parties argued their positions before Honorable Debra James.

42. Thereafter, in a decision dated December 21, 2012, and filed with the County Clerk on January 11, 2013, the Court granted QUEBEC's Order to Show Cause, vacating the purported "Satisfaction of Judgment" and its orders from July 31, 2013 (consent order) dismissing the case.

43. The Court, in its December 21, 2012 order also held that the Judgment remains unsatisfied.

44. As a result of the filings by Defendants, and the subsequent motion practice seeking to vacate the filings, QUEBEC sustained damages to be proven at trial.

45. Moreover, QUEBEC has lost several opportunities to continue with its execution efforts against KOSACHUK and recover payment of the judgment.

46. KOSACHUK, having filed the fraudulent "Satisfaction of Judgment", obtained valuable time to dispose of assets or make execution thereon more difficult.

47. All efforts of KOSACHUK and other defendants were aimed squarely at frustrating execution of the judgment against him.

48. Defendants, at all times, acted intentionally, with malice, recklessly and negligently.

49. Defendants acted with reckless disregard of the law, rules and procedure.

50. QUEBEC hereby files the within the action seeking money damages resulting from the Defendants' actions in causing to have dismissed and "satisfied" its validly obtained and assigned money judgment against KOSACHUK.

6

## AS AND FOR A FIRST CAUSE OF ACTION

51. Plaintiff repeats and re-alleges each allegation contained in Paragraphs 1 through 50 in full force and effect, as if fully set forth herein.

52. On or about July 2012, and continuing to this day, Defendants have made injuriously false accusations, statements, documents, and representations against QUEBEC.

53. Such accusations, statements, documents, and representations were done wrongfully and maliciously.

54. Defendants are liable for abuse of process.

55. QUEBEC's legal efforts regarding execution of its judgment against KOSACHUK were inconvenienced and willfully and maliciously disrupted.

56. Accordingly, QUEBEC demands damages to be proven at trial.

## AS AND FOR A SECOND CAUSE OF ACTION

57. Plaintiff repeats and re-alleges each allegation contained in Paragraphs 1 through 56 in full force and effect, as if fully set forth herein.

58. In their legal filings under Index Number 103896/2004, Defendants have made false representations of fact. At the time they were made, the representations were knowingly false.

59. Defendants intended to cause reliance on those false facts.

60. The Court in fact relied on the false facts and entered orders dismissing the case laying basis to QUEBEC's judgment against KOSACHUK.

61. The Court in fact granted relief on the false facts and accepted a fraudulent "Satisfaction of Judgment" for filing, reducing the judgment against KOSACHUK to zero.

62. As such, QUEBEC suffered damages in the sum to be proven at trial.

7

## AS AND FOR A THIRD CAUSE OF ACTION

63. Plaintiff repeats and re-alleges each allegation contained in Paragraphs 1 through 62 in full force and effect, as if fully set forth herein.

64. Defendants have been unjustly enriched through their actions herein.

65. As such, QUEBEC suffered damages in the amount to be proven at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION

66. Plaintiff repeats and re-alleges each allegation contained in Paragraphs 1 through 65 in full force and effect, as if fully set forth herein.

67. Defendants' interfered with QUEBEC's interests and rights in the law suit against KOSACHUK and the resulting money judgment that was validly issued and assigned to QUEBEC.

68. Such interference was unauthorized, unwanted, and unlawful.

69. As a result of Defendants' unlawful conversion of QUEBEC's interest in the law suit and judgment, QUEBEC has been damaged in an amount to be determined at trial.

70. In addition, the harm suffered is immediate and irreparable, and Defendants' continued wrongdoing will continue to imbue such injury upon QUEBEC until such conduct is preliminarily and permanently enjoined.

## AS AND FOR A FIFTH CAUSE OF ACTION

71. Plaintiff repeats and re-alleges each allegation contained in Paragraphs 1 through 70 in full force and effect, as if fully set forth herein.

72. Defendants owed duties of due care, to act within the law, and not to misrepresent well settled facts.

8

73. Defendants breached their duties by misrepresenting the truth and utilizing the judicial system for improper means.

74. As a direct and proximate result of these breaches, QUEBEC has sustained damages and continues to incur damages in an amount to be proven at trial. The harm suffered is immediate and irreparable, and Defendants' continued wrongdoing will continue to imbue such injury upon QUEBEC until such conduct is preliminarily and permanently enjoined.

## AS AND FOR A SIXTH CAUSE OF ACTION

75. Plaintiff repeats and re-alleges each allegation contained in Paragraphs 1 through 74 in full force and effect, as if fully set forth herein.

76. Defendants have intentionally combined and agreed to improperly and illegally convert Plaintiff's interests and rights in law suit and judgment under the Index Number of 103896/2004.

77. In such combination and agreement, Defendants have shared a common purpose and knowingly acted in concert or combination to improperly and illegally convert QUEBEC's assets and value. Both the object and means by which Defendants acted in concert or combination were unlawful.

78. In so conspiring, Defendants acted with malice and intent.

79. Thus, Defendants are jointly and severally liable for damages sustained by QUEBEC as a result of their conspiracy and underlying conversion.

80. As a direct and proximate result of this conspiracy, and the underlying conversion, QUEBEC has sustained damages and will incur further damages in an amount to be proven at trial. In addition, the harm suffered is immediate and irreparable, and Defendants' continued wrongdoing will continue to imbue such injury upon QUEBEC until such conduct is preliminarily and permanently enjoined.

9

## AS AND FOR A SEVENTH CAUSE OF ACTION

81. Plaintiff repeats and re-alleges each allegation contained in Paragraphs 1 through 80 in full force and effect, as if fully set forth herein.

82. Defendants placed themselves in a position of trust, and owed a confidential and fiduciary duty to the Court while filing and advising concerning filing of an Order to Show Cause seeking to dismiss the case and to deem the judgment satisfied.

83. Said Defendants breached their positions of trust by fraudulently misrepresenting the facts and converting interests and rights and other assets of QUEBEC.

84. As a direct and proximate result of these breaches, Defendants inured themselves to the benefit of QUEBEC's property and assets.

85. As a direct and proximate result of this unjust enrichment, QUEBEC has sustained damages for which there is no adequate remedy of law.    Therefore, QUEBEC respectfully petitions this Court to formulate and impress a constructive trust on the funds, property, and other assets wrongfully pilfered from Plaintiff, assets wrongly prevented execution, and that such order declare that each and every Defendant, their attorneys, accountants, agents, servants, assigns, successors, affiliates, representatives, directors, officers, and/or those representing Defendants be declared constructive trustees to hold said funds and other assets pending the resolution of the matter herein.

## AS FOR THE EIGHTH CAUSE OF ACTION

86. Plaintiff repeats and realleges each and every allegation previously set forth herein.

87. Defendants acted with malicious intent to harm the Plaintiff when they engaged in the acts described in this complaint.

88. Defendants engaged in the aforementioned acts without an excuse or justification.

10

89. Defendants engaged in the aforementioned acts for the sole purpose of destroying Plaintiff's reputation, moral resolve and to cause it to fail in pursuing judgment execution against Kosachuk. Defendants had no pecuniary, privileged, or otherwise legally recognized justifications for acting maliciously toward Plaintiff.

## AS FOR THE NINTH CAUSE OF ACTION

90. Plaintiff repeats and realleges each and every allegation previously set forth herein.

91. On or about July 2012 and continuing until today, Defendants made several false and injurious statements of fact concerning the Plaintiff.

92. The statements were in sum and substance as per this complaint, and include statements such as "the judgment is void", "the judgment is satisfied" and "the case of EUGENIA LORRET AND NINA GOGITIDZE VS. CHRIS KOSACHUK AND NLG, LLC, and under a New York Index Number of 103896/2004 is dismissed".

93. The statements made by Defendants were made to several individuals orally, and to Plaintiff, in the presence of other individuals.

94. The statements were made during a hearing in Supreme Court.

95. The Statements were made in other venues and places by SMITH, PC and its principal /employee, Edwin Smith.

96. The statements were made with malice aforethought.

97. Plaintiff suffered special pecuniary damages stemming from the statement because it has foregone opportunities to pursue a valid judgment given the statements.

## AS FOR THE TENTH CAUSE OF ACTION

98. Plaintiff repeats and realleges each and every allegation previously set forth herein.

99. On or about July 2012 and continuing until today, Defendants, wrote words within pleadings, affidavits, affirmation, letters and consent order in the case of EUGENIA LORRET AND NINA GOGITIDZE VS. CHRIS KOSACHUK AND NLG, LLC and under a New York Index Number of 103896/2004.

100.    The statements were, in sum and substance, as per this complaint, and include statements such as "the judgment is void", "the judgment is satisfied" and "the case of EUGENIA LORRET AND NINA GOGITIDZE VS. CHRIS KOSACHUK AND NLG, LLC, and under a New York Index Number of 103896/2004 is dismissed".

101.    These statements were false and injurious statements of fact about the Plaintiff and its judgment against Kosachuk.

102.    The word were stated and written with malice aforethought.

103.    Plaintiff suffered special pecuniary damages stemming from the statement because it has foregone opportunities to pursue a valid judgment given the statements.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, in the amount to be proven at trial, and for the costs and disbursements of this action. In addition, the harm suffered is immediate and irreparable, and Defendants' continued wrongdoing will continue to imbue such injury upon QUEBEC until such conduct is preliminarily and permanently enjoined.

Dated: January 25, 2013
New York, NY

**MARZEC LAW FIRM, P.C.**

By:
Darius A. Marzec, Esq.
Attorney for Plaintiff
225 Broadway, Ste. 3000
New York, NY 10007
(212) 267-0200

ATTORNEY VERIFICATION

I, the undersigned, an attorney admitted to practice in the courts of New York State, affirm under penalty of perjury that I am one of the attorneys for the plaintiff in the within action; I verify that I have read the foregoing SUMMONS AND COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.

Dated: New York, N.Y.
　　　　January 25, 2013

DARIUS A. MARZEC, ESQ.

# Exhibit 3

6913 Valencia Dr. Fisher Island, FL 33109 Sales Brochure

Asking $26 million



# 6913 Valencia Dr

6913 Valencia Dr, Miami Beach, FL, 33109

Price: $ 26,000,000
MLS #: A11226097

| NUMBER OF BEDS | NUMBER OF BATHROOMS | IN SQ FT AREA | PROPERTY AGE YEAR BUILT |
|---|---|---|---|
| 3 | 3 \| 1-½ | 4,791 | 2003 |

1 of 9 single-family homes on Fisher Island's Valencia Estates - Rarely Available. Upon entering the home, you are greeted by 25-foot ceilings with an abundant natural light. The estate features a single level open floorplan with a chef's kitchen, formal living, dining, family room, all overlooking the Miami Beach skyline and water views. Enjoy privacy from your expansive backyard with pool & jacuzzi. Americas' richest zip code. The ultra-luxurious and exclusive island, only accessible by boat offers it members an array of unique amenities, private beach & beach club, eight fine & casual dining venues, 9-hole golf course, 17 world-class tennis courts, 3 pickle ball courts, Spa Internazionale, 2 deep water marinas accommodating up to 250 ft yachts, & The Historic Vanderbilt Mansion Hotel.

## Amenities

- Air conditioning
- Garage



## Jill Eber

Sales Associate
Miami Beach, Florida 33139
+1 305-915-2556
jill.eber@floridamoves.com

**https://www.coldwellbankerluxury.com/jill-ebe r-c78f**

Languages I speak

- English
- French
- Italian
- Russian
- Spanish

I can advise you on:

- Luxury Homes
- New Construction
- Vacation Homes
- Buyer Representation
- First-time Home Buyers
- Land
- Recreation Properties

https://www.facebook.com/thejillsmiami/

https://www.linkedin.com/company/the-jills-at-coldwell-banker/

Listed by: Coldwell Banker Realty

Powered by  collabra

Information on this website is provided by real estate professionals or developers and/or their representatives. Prices, details and availability may change: please verify any information with a real estate professional or the developer. Collabra is not responsible for any errors or omissions. This is not an offer to sell. Collabra fully supports the principles of the Fair Housing Act and the Equal Opportunity Act.