IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| NLG, LLC, ) | Case No. 21-11269 (JKS) |
| ) | |
| Debtor. ) | **Related D.I. 84, 86, 87, 97, and 98** |
| _____) | |
| ) | |
| ALFRED T. GIULIANO, the Chapter 7 ) | |
| Trustee for the estate of NLG, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Pro. No. 22-50086 (JKS) |
| ) | |
| SELECTIVE ADVISORS GROUP, LLC, ) | |
| ) | **Adv. Related D.I. 32, 34, 35, 41, and 42** |
| Defendants. ) | |
| _____) | |

## ORDER TO SHOW CAUSE

WHEREAS, pending before the Court is the Chapter 7 Trustee's Motion for an Order Approving Settlement by and among the Chapter 7 Trustee and Elizabeth (aka Liza) Hazan (the "Settlement Motion") and the objections of Chris Kosachuk and Juan Ramirez, creditors of the above captioned debtor (the "Debtor" or "NLG");[1]

WHEREAS a hearing on the Settlement Motion was held on October 25, 2022;[2] and the Court took the Settlement Motion under advisement at the conclusion of the hearing;

WHEREAS, while the Settlement Motion was under advisement, Sean Neil Meehan, America Asset Management LLC, and Selective Advisors Group LLC objected to the Settlement

---

[1] D.I. 84, 86 and 87; Adv. D.I. 32, 34 and 35. Each pleading was filed in both the main case and the adversary action. For ease of reference, the Court will refer to the main case, except when specifically noted.

[2] D.I. 95.

Motion;[3] and Liza Hazan filed a rescission of settlement and objected to the Settlement Motion;[4] and

WHEREAS the Court having reviewed, among other documents, the following decisions:

(i) *Kosachuk v. Selective Advisors Grp., LLC*, No. 19CV4844 (DLC), 2019 WL 5965217, at *1 (S.D.N.Y. Nov. 13, 2019) (denying reconsideration of an order dismissing a complaint reasoning that Mr. Kosachuk was effectively attempting to appeal the 2012 state-court judgment in federal court), *aff'd in part, vacated in part, remanded*, 827 F. App'x 58 (2d Cir. 2020) (finding, among other things, that Mr. Kosachuk was time-barred from attacking the Quebec Judgment);[5]

(ii) *NLG, LLC v. Hazan*, No. 18-24272-CIV, 2019 WL 4541700 (S.D. Fla. Sept. 19, 2019) (dismissing NLG's appeal related to the Quebec Judgment as equitably moot), *aff'd sub nom. NLG, LLC v. Horizon Hosp. Grp., LLC (In re Hazan)*, 10 F. 4th 1244, 1247 (11th Cir. 2021) (affirming the dismissal of NLG's claims related to the mortgage and Quebec Judgment on the basis of equitable mootness);

(iii) *Kosachuk v. Selective Advisors Grp., LLC*, Case No. 19cv4844, 2020 U.S. Dist. LEXIS 190452 (S.D.N.Y. Oct. 14, 2020) (finding, among other things, that Mr. Kosachuk was time-barred from attacking the Quebec Judgment);

---

[3] D.I. 97. Mr. Sean Meehan registered as a Zoom Participant at the Hearing. *See* D.I. 89. Mr. Meehan's pleading indicates that Ms. Hazan was registered under Mr. Meehan's name.

[4] D.I. 98.

[5] On February 22, 2012, the New York Supreme Court entered a judgment by confession in the amount of $5,000,225 (as referred to above, the "Quebec Judgment") against NLG in favor of Quebec. *See generally factual background in NLG, LLC v. Selective Advisors Grp., LLC*, No. 18-24272-CIV, 2019 WL 2255033, at *1 (S.D. Fla. Mar. 22, 2019).

(iv) *NLG, LLC v. Selective Advisors Grp., LLC*, No. 18-24272-CIV, 2019 WL 2255033, (S.D. Fla. Mar. 22, 2019) (finding that Ms. Hazan's plan was substantially consummated and, as a result, NLG's arguments related to the Quebec Judgment and the foreclosure on the property were equitably moot);

(v) *Hazan v. NLG, LLC (In re Hazan)*, Adv. Pro. No. 6-1439 (Bankr. S.D. Fla. 2016) (adversary docket in Ms. Hazan's chapter 11 bankruptcy case);

(vi) *NLG, LLC v. Selective Advisors Grp., LLC*, No. 17-CV-24127, 2018 WL 638349 (S.D. Fla. Jan. 31, 2018) (finding that NLG had no legal right to appeal and, thus, lacked standing);

(vii) *Kosachuk v. Hazan*, No. 22-22071-CIV, 2022 WL 4552024 (S.D. Fla. Sept. 29, 2022) (finding Mr. Kosachuk's appeal is nothing more than a collateral attack on the Quebec Judgment in the adversary proceeding);

(viii) final judgment upon a promissory note, entered on April 28, 2008, in Miami-Dade Circuit Court at Case No. 2007-19532 CA (11) in favor of NLG against Ms. Hazan in the amount of $1,618.071.29, and recorded in Official Records at Book 26357, at Pages 3948-3949, CFN2008R0361591, and which judgment also has been rerecorded in Official Records at Book 26406, Page 3259-3260, CFN2008R0446831 of the Public Records of Miami-Dade County, Florida in the Public Records of Miami-Dade County, Florida, and recorded and domesticated in other foreign jurisdictions (the "Scola Judgment");

(ix) Final judgment entered on December 4, 2015, in Miami–Dade Circuit Court at Case No. 11-42770 CA (01), in favor of NLG and against Ms. Hazan, in the amount of $4,876,654.29

(and setting foreclosure sale that was later stayed by Ms. Hazan's chapter 11 proceeding) recorded at Book 29902 Pages 3737-3742 CFN20150812181 (the "Gordo Judgment"); and

(x) Final Order entered on August 20, 2014, in supplementary proceedings in Miami Dade Circuit Court brought by Quebec's assignee, Selective, at Case No.14-10475 CA (10), judicially assigning to Selective the Scola Judgment in favor of NLG and against Ms. Hazan, and all of NLG's related rights, claims and benefits against Ms. Hazan; and

IT IS HERBY ORDERED that a Rule to Show Cause hearing is scheduled for **December 16, 2022, at 2:00 p.m.** in the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 5th Floor, Courtroom 6, Wilmington, Delaware 19801 to show cause as to the following:

(i) Why the Settlement Motion should not be dismissed as moot;

(ii) What assets of the Debtor's estate the Trustee must administer;[6]

(iii) Why the Chapter 7 bankruptcy case should not be dismissed; and

---

[6] At the hearing on October 25, 2022, the Trustee testified as follows:

> A. I'm serving as the Chapter 7 bankruptcy trustee. At this point in time, I'm liquidating what little assets there are, and then we'll examine claims and file a final report.
>
> Q. Okay. And are there any other possible assets other than these potential claims?
>
> A. Not meaningful assets, no.

D.I. 95 (Tr. Hr'g Oct. 25, 2022, 10:8-14).

4

(iv) Why the adversary actions associated with the main case,[7] should not be dismissed because of the opinions, orders, and decisions listed above?

IT IS FURTHER ORDERED that a response, if any, to this Order to Show Cause, shall not exceed 10 pages, and shall be filed on or before **4:00 p.m. on December 9, 2022**.

_____
J. Kate Stickles
United States Bankruptcy Judge

Dated: November 18, 2022

---

[7] (i) Kosachuk v. 9197-5904 Quebec, Inc., Adv. Pro. No. 21-51264; (ii) *NLG, LLC v. Selective Advisors Group, LLC*; Adv. Pro. 22-50086; and (iii) Kosachuk v. 9197-5904 Quebec, Inc., Adv. Pro. No. 22-50421.