UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

FILED
2022 DEC -9 PM 12: 32

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:   Case No. 21-11269-JKS

NLG, LLC,
a Delaware LLC   Chapter 7
Debtor

_____/

NLG, LLC
Plaintiff,

v.   Adversary Case No. 22-ap-50086-JKS

Original Case No. 18-cv-21398-JEM

SELECTIVE ADVISORS GROUP, LLC
Defendant.

_____/

## CHRIS KOSACHUK'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE [D.I. 101]

Chris Kosachuk, *pro se Respondent*, hereby responds to the Court's Order to Show Cause [D.I. 101]. In Response to the questions posed in the Order to Show Cause, Mr. Kosachuk will state each question and then provide his answer:

(i) Why the Settlement Motion should not be dismissed as moot;

The Court is correct and the Court should dismiss the Settlement Motion as moot.

(ii) What assets of the Debtor's estate the Trustee must administer;

The assets of the debtor are not capable of being administered by the New Jersey based Trustee or his Pennsylvania/Delaware based attorneys as evidenced by their actions and inactions to date. As such the case should be converted to Chapter 11 pursuant to the pending motion, so that NLG and its pre-petition lawyers can proceed to recover the assets stolen by Ms. Hazan.

(iii) Why the Chapter 7 bankruptcy case should not be dismissed;

The Chapter 7 case should not be dismissed. It should be converted to a Chapter 11 pursuant to the pending Motion to Convert [D.I. 71] because conversion will provide the best possible recovery for all creditors of NLG, LLC. In the event, the court decides to dismiss the current Chapter 7, then the dismissal must be without prejudice.

(iv) Why the adversary actions associated with the main case, should not be dismissed because of the opinions, orders, and decisions listed above?

The adversary actions associated with the main case should not be dismissed because none of the opinions, orders, and decisions above directly adjudicate the adversary proceeding on the merits. None of the opinions, orders, and decisions decide all counts of the adversary complaint and this court is now positioned to do so and if not, then it should transfer the adversary back to the United States District Court for the Southern District of Florida where it originated in 2018..

The adversary proceeding of *NLG, LLC v. Selective Advisors Group, LLC* Case No. 22-ap-50086-JKS was filed on April 10, 2018 (the "Florida Adversary") and thus predates the rulings listed by the Court in points (i) to (iv).

It appears that the Court has misinterpreted the timeline and the rulings themselves because the basis for the rulings from the Southern District of New York and the Second Circuit are based purely on the statute of limitations because the action in the Southern District of New York was filed in May 2019 (over one year after the Florida Adversary) and a *pro se* litigant forfeited the correct statute of limitations argument by failing to raise it in the brief before the Second Circuit. There are additional counts raised in the Florida Adversary such as declaring the parties' rights after September 4, 2015 when Selective filed a voluntary satisfaction of the Judgment by Confession which should have ceased all Selective's litigation based upon the

Judgment by Confession. This current adversary was filed within the six-year statute of limitation, if such a statute of limitations exists for the causes of action, and thus does not suffer from this infirmity. Critically, there is no time limit to challenge a void judgment because it is a nullity. This was made clear in *People v. Cuadrado*, 37 A.D.3d 218, 230-31 (New York 1st Dept 2007), where the Court stated in no uncertain terms that:

> "[t]he want of jurisdiction makes the order and judgment of the court, and the record of its action utterly void and unavailable for any purpose, and **the want of jurisdiction may always be set up** collaterally or otherwise" (*Kamp v Kamp*, 59 NY 212, 216 [1874]; *Royal Zenith Corp. v Continental Ins. Co.*, 63 NY2d 975, 977, 473 NE2d 243, 483 NYS2d 993 [1984] ["a judgment rendered without jurisdiction is subject to collateral attack"]; *see* 50 CJS, Judgment § 546 [**a void judgment is a nullity and, unlike one that is merely erroneous or voidable, may be attacked at any time by anyone directly or collaterally**]).

In the event that this Court decides to dismiss the current Chapter 7, then the Court should so without prejudice and transfer this adversary proceeding back to the Southern District of Florida where it originated to be adjudicated.

As for the other pending adversary *Kosachuk v. Selective* Case No. 22-ap-50421, in a one count complaint, it seeks the cancellation of the $5,000,225.00 indebtedness caused by the void Judgment by Confession *nunc pro tunc* to date of entry of February 22, 2012 which is a cause of action never raised before and unique to bankruptcy court. Accordingly, this Court can grant the relief requested in this adversary pursuant to the pending motion for summary judgment [AP D.I. 5] and move the entire bankruptcy process forward immediately which will result in all of NLG's creditors being paid

thereafter. . [T]he primary purpose of bankruptcy law is to relieve the debtor from the burden of indebtedness. *Perez v. Campell*, 402 U.S. 637, 648 (1971).

Relieving the debtor from the burden of the void Judgment by Confession indebtedness is an easy decision because a review of the Judgment by Confession reveals that it was entered without jurisdiction, without service of process, without any due process, and collusive as the affidavit confessing the judgment was signed by the President of the Plaintiff corporation Quebec pretending to be NLG. Selective has not and cannot refute these facts thus summary judgment is appropriate. The Judgment by Confession does not comply with NY CPLR 3218, which is the New York judgment by Confession statute as it contains none of the required information and is based on the tort claim of fraud and abuse of process. CPLR 3218 clearly authorizes only a confession "either for money due or to become due" "stating concisely the facts out of which the **debt** arose." A tort claim is not a debt. *See Stillwater v. Hudson V. R. Co.*, 255 N.Y. 144, 155 (1931). Black's Law Dictionary defines a debt as "a sum of money due **by contract**." The case law on this limitation has a long pedigree and, contrary to Selective's assertion, it is still good law, as it has never been reversed or overturned by later cases. These cases date back to 1873, when the New York First Department Appellate Division clearly stated that the statute "allows no confession of a judgment for a tort." *Burkham v. Van Sauri*, 1873 NY. Misc. LEXIS 92 (1st Dept 1873). This was repeated more recently in *Granville v. Gratzer*, 281 A.D. 514, 515 (1st Dept 1953) (declaring that "no judgment could be entered for a tort"). And in *Franklin v. Muckley*, 189 Misc. 155, 157 (City Ct. N.Y. 1947): "The rule that confession of a judgment for a tort is not authorized is ancient and well established." See also, *Bowles v. J. J. Schmitt*

*& Co.*, 170 F.2d 617, 622 (2d Cir. 1948) ("the New York procedure is held not to extend to tort cases").

As Trustee Alfred T. Giuliano correctly stated in his Motion for Examination [D.I. 51]: "The Trustee suspects that wrongdoing may have occurred in this case. Indeed, a thorough review of the relevant documents and prepetition proceedings suggests that certain parties appear to have submitted false filings to several courts, resulting in ill-gotten judgments that extinguished the Debtor's mortgage [and Final Judgment of Foreclosure] on a multi-million-dollar [Fisher Island, FL] property". The Trustee's statement remains true and this Court needs to send a clear message that bad actors will not be permitted to defraud the Delaware Courts even if they have successfully defrauded other courts.

WHEREFORE, Mr. Kosachuk respectfully requests entry of an order dismissing the Settlement Motion as moot, converting the pending Chapter 7 case to Chapter 11, granting summary judgment on his pending adversary; and granting such other and further relief as is equitable and just.

Dated: December 9, 2022

Respectfully submitted,

Chris Kosachuk
*Pro Se Respondent*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No. 21-11269-JKS |
| NLG, LLC,<br>a Delaware LLC<br>Debtor | Chapter 7 |
| _____/ | |
| NLG, LLC<br>Plaintiff | |
| V. | Adversary Case No. 22-ap-50086-JKS |
| | Original Case No. 18-cv-21398-JEM |
| SELECTIVE ADVISORS GROUP, LLC<br>_____/ | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of December 2022 a true and correct copy of foregoing was hand delivered to the Clerk of Court for electronic filing, which will electronically serve a copy of the foregoing document on all parties of record and was emailed directly to counsel of record by the undersigned.

Respectfully submitted,

Chris Kosachuk
*Pro Se Respondent*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## SERVICE LIST

**Via CM/ECF/EMAIL**
All parties of record