## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| NLG, LLC, | Case No. 21-11269 (JKS) |
| Debtor. | **Related D.I. 84, 86, 97, and 98** |
| | (Involuntary) |
| ALFRED T. GIULIANO, the Chapter 7 Trustee for the estate of NLG, LLC, <br> Plaintiff, | Adversary Proceeding <br> No. 22-50086 (JKS) Case |
| v. | **Adv. Related D.I. 32, 34, 35, 41, 42 and 44, 46, 47, 106, 107, 108, 109, 110** |
| Selective Advisors Group LLC and 9197-5904 Quebec, Inc., | |
| Defendants. | |

**FILED 2022 DEC 14 PM 4:02**

## LIZA HAZAN'S AMENDED RESPONSE TO ORDER TO SHOW CAUSE AND REPLY TO KOSACHUK AND TRUSTEE'S RESPONSES, D.I. 46, 47

Interested party,  Liza Hazan a/k/a Elizabeth Hazan, ("Ms. Hazan"), *as a pro se*, file this

Amended Response to this Court's *Order to Show Cause* [D.I. 101] in connection with the

Trustee's *Motion for an Order Approving Settlement by and among the Chapter 7 Trustee and*

*Liza Hazan*(the "Motion") [D.I. 84], and file this Reply to Chris Kosachuk ("Kosachuk") and the

Trustee's responses to OSC, D.I. 46, 47 filed on December 9, 2022 in support respectfully state

follows:

## A) THE SETTLEMENT WAS RESCINDED BY LIZA HAZAN AND THE TRUSTEE CONCEDED THAT HE WILL WITHDRAW THE MOTION TO APPROVE SETTLEMENT AND MARK THE DEBTOR'S CASE AS A NO ASSET CASE.

The Trustee and his lawyers were fully aware that the Debtor NLG, LLC ("NLG") case

was a no asset case and that NLG had no claims against Selective, Quebec and Hazan since the

beginning of the case.

On March 17, 2022, Ms. Hazan's counsel David Langley wrote an email to Jesse Harris and

stated as follows:

"Mr. Harris:

I represent Elizabeth Hazan in a confirmed and discharged Chapter 11 proceeding in the Southern
District of Florida. I believe we spoke by phone once on a conference call concerning the NLG
involuntary case.

I have filed a Motion for Contempt and Sanctions (attached) against Chris Kosachuk for the filing
of a lis pendens (the seventh filed by him and his attorneys) against Ms. Hazan's home. His actions
are preventing a closing from moving forward as referenced in the Motion and the attached
Declaration of title attorney Michael Simon.

As mentioned in the Declaration, the pending adversary proceeding, Case No. 21-51264, is also
preventing the issuance of title insurance. I understand that you represent the Trustee and that the
Trustee has taken over as Plaintiff of the adversary proceeding. I suggest that a brief review of the
allegations in the Adversary Complaint, filed by the owner of NLG, not NLG itself, and seeking
to collaterally attack a ten year old judgment, will reveal the frivolous nature of the complaint. It
is one of many attempts to attack that judgment that have all failed. A review of the Motion to
Dismiss, ECF 12, and the Memorandum of Law, ECF 13, will further show that the claim is barred
by res judicata and the case is time barred.

I am writing to request the Trustee's assistance is obtaining an immediate dismissal, with
prejudice, of this frivolous action. As noted in the Declaration of the title attorney, the adversary
case is preventing a closing on Ms. Hazan's home, which is causing significant financial damage,
as more fully described in the Motion for Contempt. Now that the Trustee has taken responsibility
for the adversary (as he should), it is also his responsibility to avoid further financial harm caused
by its filing. Please discuss this with the Trustee and let me know how he intends to proceed. I see
that you have a status conference set for March 29th. My motion is set for hearing the next day. I
need to know in advance of that hearing if I need to join the Trustee as Plaintiff in the
adversary. Thank you for your prompt attention to this matter."

Then on March 21, 2022, Ms. Hazan's counsel David Langley wrote another email to

Jesse Harris attaching all various decisions entered against NLG and stated as follows:

"Jesse:

Thank you for your call. I was hoping we could get a hearing on the Motion to Dismiss before the adversary was voluntarily dismissed, but I see that I am too late. Alternatively, I would like you to reconsider whether there is any point in re-filing anything in the Delaware Bankruptcy Court.

Attached are a number of pertinent rulings on the issues we discussed. The Second Circuit decision is a key one. That was an appeal from a District Court decision dismissing the identical claim brought in the District Court for the Southern District of New York. Beginning on page 7 the Court determines that the challenge to the Judgment by Confession brought by Kosachuk in May, 2019, was time barred. Note also that the Second Circuit disagreed with the District Court on whether the claim was barred by the Rooker Feldman doctrine because that claim was filed by Kosachuk. A similar claim brought by the Trustee on behalf of NLG, however, would clearly be barred by Rooker Feldman.

You should also read Judge Hagler's comments on page 26 of the transcript of his ruling. The arguments Kosachuk has made to you, and that you repeated to me, have been rejected by every court that has addressed them. Further, the Final Judgment entered in the Adversary Proceeding against NLG by Judge Cristol states, "This Court concludes that NLG has no further rights to any claims against Debtor with respect to the Note and Mortgage, as the public records of Miami-Dade County reflect that the Scola Judgment and consequently the Mortgage were assigned and satisfied, and the Property fully redeemed prior to foreclosure sale, as provided in the Gordo Foreclosure Judgment. NLG's Proof of Claim #17, having been filed after the bar date, it is disallowed and the Court finds that NLG has no standing in this case based upon the Note, Mortgage, claim or lien emanating therefrom".

Judge Cristol's Final Judgment has been upheld by the Eleventh Circuit. The Eleventh Circuit also upheld the dismissal of the appeal based on equitable mootness. NLG never sought nor obtained a stay pending appeal. It forfeited its rights, if any, to challenge the Final Judgment and the Confirmation Order. **Nothing that Kosachuk attempted to do in the Delaware adversary would alter that outcome. Nothing that the Trustee could possibly do would alter that outcome. The Trustee has no possible claim against Ms. Hazan's homestead property.** NLG is not even the plaintiff in the Gordo foreclosure case. Selective has been substituted as party plaintiff. That State Court ruling was appealed and the appeal denied. That case is also final and closed.

However, your stipulation to dismiss the adversary without prejudice while you consider the Trustee's position has prevented the issuance of a title policy on Ms. Hazan's property, causing her substantial damage. While you consider the Trustee's alternatives, I request you give immediate attention to whether the re-filing of a frivolous adversary in the Delaware Bankruptcy Court should be one of them. If not, then we would like to know. As we discussed, the Motion for Sanctions against Kosachuk is set for hearing on March 30th before Judge Cristol. I would greatly appreciate it if you could let us know before that hearing whether the Trustee will be refiling the adversary. If not, then I would ask that you make an appearance at the hearing on behalf of the Trustee, as possible successor to Kosachuk on the adversary claim. As I advised by phone, Ms. Hazan's is at risk of losing her home to a HOA foreclosure if no action is taken by the Trustee. Please let me hear from you."

David Langley's correspondence with Jesse Harris are attached as **Exhibit "A"**.

On September 29, 2022, Ms. Hazan entered into a settlement agreement with Alfred Giuliano, the Chapter 7 trustee for the estate of NLG, LLC, ("The Settlement Agreement"). The Settlement Agreement provided with a Bar Order stating as follows:

"The Order approving this Settlement Agreement shall include language substantially similar to the following:

"All creditors of NLG holding claims as of the Petition Date are hereby enjoined from commencing, continuing, or employing any derivative action, process, or act to collect, recover, or offset any debts as personal liability of the Hazan Releasees, or from property of the Hazan Releasees."

On September 30, 2022, on the same day of the filing of Trustee's Motion to Approve the settlement agreement, D.I. 84, Kosachuk filed a new case against selective and Quebec, in Supreme Court of the State of New York, seeking once again to vacate the 2012 New York judgment against NLG, four days after he filed a new adversary case, case 22-5024-JKS seeking same relief, in this court, while the adversary action is still pending in this court, notwithstanding the fact that all the various courts in various jurisdictions have ruled against him, the debtor NLG and Ramirez, and the Trustee and his lawyers have already conceded that the 2012 New York Judgment cannot be vacated.

The trustee's Motion to Approve Settlement clearly states at page 11 of 15 D.I. 84 "Putting the many other procedural issues aside, Kosachuk continues to make the argument that no statute of limitations applies to NLG's claims. What he fails to recognize, however, is that there is a time limitation under which claims must be brought, regardless of whether a specific statute of limitations exists. Under § 5015 of the New York Civil Practice Law and Rules—the predicate for the Adversary Proceeding's requested relief—claims still must be brought "within a reasonable time." See Sieger v. Sieger, 859 N.Y.S.2d 240, 243 (2d Dep't 2008). And here, the Second Circuit, reviewing Judge Cote's decision, specifically found that "Kosachuk's more than six-year delay

was plainly unreasonable." Chris Kosachuk and NLG, LLC v. Selective Advisors Grp., LLC, Case No. 1:19-cv-04169, P.8 (2d. Cir. 2020) (the "Second Circuit Decision"). "But at this point, the Adversary Proceeding involves a cluster of decisions from various courts that, in and of themselves, prove the litigation would not be simple. Issues including, but not limited to, res judicata, collateral estoppel, Rooker-Feldman Doctrine, timeliness, personal jurisdiction, subject matter jurisdiction, and equitable mootness would first need to be resolved without even addressing the transactions themselves. As a pro-se litigant, Kosachuk cannot be faulted for failing to understand these issues, but they exist whether he recognizes them or not." D.I. 84.

On October 25, 2022, the Court heard Trustee and his counsels' argument on the Trustee's Motion to approve the Settlement, conceding that NLG's Mortgage and Judgment on the Note ("The Scola Judgment") and all NLG's rights, claims and benefits against Elizabeth Hazan were assigned to Selective pursuant to the Miami-Dade Judge Lopez's Final Order dated August 20, 2014, the NLG's Mortgage Foreclosure entered by Miami Dade Judge Monica Gordo was also assigned to Selective, redeemed by Elizabeth Hazan and deemed paid and satisfied by Judge Cristol after a trial in Bankruptcy Court ("the Cristol Final Judgment").

The Cristol Final Judgment was upheld on appeal by Miami District Judge Rodney Smith and by the Eleventh Circuit Court of Appeals.

At the hearing, Kosachuk failed to disclose to this Court that he has already commenced a new action on September 30, 2022, seeking the same relief as the one he and the Trustee are seeking in the adversary cases.

Kosachuk's new petition filed in New York is Attached as **Exhibit "B"**.

Juan Ramirez, Jr, Chris Kosachuk objected to the settlement. On November 14, 2022 Liza Hazan, filed a rescission and objection to the Settlement. America Asset Management

LLC, Selective Advisors Group, LLC, Sean Neil Meehan, and Quebec filed an objection of the Trustee's Motion to Approve the settlement. Selective, Quebec, and AAM were never copied in the settlement discussions between the Trustee and Ms. Hazan, and never executed the settlement by and among Liza Hazan and the Trustee.

## B) THE SETTLEMENT MOTION SHOULD BE DISMISSED AS MOOT

The Settlement Agreement is between only two parties—Hazan and the trustee and should have included Selective, Quebec, Raymond Houle, Sean Neil Meehan and the lawyers that the Trustee intended to release. The Settlement provided for dismissal of the pending adversary cases against Selective and Quebec and releases for certain attorneys. Therefore, the Court should conclude that the trustee's Motion to approve the Settlement is dismissed as moot.

On December 14, 2022, the trustee filed a Notice of Withdrawal of the Motion to Approve Settlement. D.I. 108 and conceded that he mark the Debtor's case as a no asset case.

## C) MIAMI BANKRUPTCY COURT ORDER GRANTING LIZA HAZAN'S FINAL DECREE CLOSING CASE

Mr. Harris misrepresented facts to the Court when he argued at the hearing on October 25, 2022, that "Ms. Hazan needed to refinance her house in order to consummate her Chapter 11 bankruptcy plan". Ms. Hazan has not only distributed over \$500,000.00 in 2018 in consummation of her plan, but she was also granted her discharge in December 2018, and was granted a Final Decree Order Closing her Chapter 11 Case. 16-10389-AJC Doc 1361 (ECF No. 1089). See attached orders as **Exhibit "C"**.

## D) LIZA HAZAN SHOULD BE ALLOWED TO APPEAR AT THE DECEMBER 16 HEARING AT 2:00PM ON ZOOM

Liza Hazan is respectfully requesting to be allowed to appear at the hearing set on December 16, 2022 at 2:00 PM on Zoom as she is scared of Kosachuk, and fears for her life,

arguing that Kosachuk is a very dangerous man, and may physically harm or even kill her as he did physically attack her in the past, while she was driving her car. Ms. Hazan has been stalked, harassed, intimidated, bullied and threatened for years byhim, and her life and safety were constantly threatened by Kosachuk. Kosachuk used to stand for hours outside her building in New York, trespassed her house on Fisher Island, broke into her home, changed her locks, lived there for a couple of months while she was out of the Country. Kosachuk impersonated her New York lawyer Darius Marzec in order to get access to her New York apartment while he was talking to the doorman. Mr. Marzec filed a police report alleging that Kosachuk physically pushed outside the New York Supreme Court and told him "this is what you get to be a faggot". Ms. Hazan alleges that she was called a "Fuckn jew", that Kosachuk threatened her and that he would "bury her alive". Kosachuk wrote in an email "Enjoy the Fifth Avenue apartment and the Bentley your days are numbered …..". See attached various police reports attached as **Exhibit "D"** and Order of Miami-Dade judge Scola vacating the NLG' Sheriff's Sale and Sheriff's Deed and Order finding Kosachuk's conduct "unconscionable" attached as **Exhibit "E"** and the Order of Judge Braun is attached as **Exhibit "F"**. The Court granted Liza Hazan's Motion to Appear at the hearing set on December 16, 2022, at 2:00 PM on Zoom. D.I. 106.

<div align="center">

**CONCLUSION**

</div>

After all of this analysis, the Debtor NLG, LLC, a dissolved revoked Delaware corporation, has no enforceable claim against 9197-5904 Quebec, Inc., Selective and Hazan.

As to Hazan's ability to rescind her settlement agreement with the trustee, she can unilaterally rescind the agreement because the Court had not previously approved the Settlement agreement with the Trustee Alfred T. Giuliano, the Chapter 7 trustee for the estate of NLG, LLC. The Trustee, conceded in his response D.I. 47, that "after careful consideration, the

Trustee will be withdrawing the Motion and mark Debtor's case as a no asset case." On December 14, 2022, the Trustee withdrew his Motion to Approve Settlement. D.I. 108.

Accordingly, Liza Hazan a/k/a Elizabeth Hazan, is respectfully asking the Court to order as follows:

(1) the Settlement Motion is dismissed as moot as the Settlement Agreement by and among Liza Hazan with the Trustee Alfred T. Giuliano, the Chapter 7 trustee for the estate of NLG, LLC filed on September 30, 2022 in Adv. No. 22-50086 (JKS) [D.I. 84] was rescinded by Liza Hazan prior of approval by the Court and the Trustee withdrew his Motion and mark the Debtor's case as a no asset case;

(2) the Debtor's estate has no assets that the Trustee must administer as he testified at the hearing on October 25, 2022, as follows:

> A. I'm serving as the Chapter 7 bankruptcy trustee. At this point in time, I'm liquidating what little assets there are, and then we'll examine claims and file a final report.
>
> Q. Okay. And are there any other possible assets other than these potential claims?
>
> A. Not meaningful assets, no.

The Trustee conceded that he will mark the Debtor's case as a no asset case. D.I. 47.

(3) the Chapter 7 bankruptcy case should not be dismissed instead the Delaware Limited Liability Company Debtor NLG, LLC should be dissolve by Court Order;

(4) the three adversary actions associated with the main case, 7 Case Numbers 1:2022- 50086, 1:2021-51264, 1:2022-50421 should be dismissed with prejudice because of the opinions, orders, and decisions listed in the Order for Rule to Show cause D.I. 44, D.I. 101;

(5) the Court should grant Selective's Cross Motion to Grant its Pending Motion to dismiss

with Prejudice, long pending when this action was transferred from United States District Court for the Southern District of Florida, where this case was originally filed and already fully briefed, NLG's Second Amended Complaint (ECF No. 173) with prejudice (the "Cross Motion") in case 22-50086, as the stay has ended on October 14, 2022 D.I. 28, and the Court should grant unopposed Selective's Cross-Motion to Dismiss, case 22-50086 D.I. 6 as the Trustee has also conceded that he will mark the case as no asset case;

(6) the Court should enter a Bar Order that all creditors of NLG holding claims as of the Petition Date are hereby enjoined from commencing, continuing, or employing any derivative action, process, or act to collect, recover, or offset any debts as personal liability of Selective, Hazan, Quebec, or from property of the Selective, Hazan, Quebec;

(7) Any third party in possession or control of property of the Debtor's estate is hereby ordered to turnover such property to the Trustee within five (5) days of the Trustee's request, or at a time agreed to by such parties;

(8) Upon entry of final order approving the NLG Trustee's Final Report, the Debtor shall be deemed dissolved without the need for any further order or action of the Delaware Bankruptcy Court;

(9) the NLG Trustee shall dismiss with prejudice all known pending actions filed by NLG, or filed or joined by the NLG Trustee, against the Quebec, Hazan, and Selective including (a) all claims in the NLG Case, including Case Numbers 1:2022- 50086, 1:2021-51264, 1:2022-50421 (and c) the appeal of the USDC Florida Order Granting Motion to Reopen Case to Approve Final Report and Enter Discharge to Reorganized Debtor at Case No. 19-cv-20186-RNS; and (d) any other pending matters as of the Effective Date filed by NLG, or

filed or joined by the NLG Trustee, against or involving the Hazan Releasees, including any lis pendenses purportedly filed on behalf of NLG;

(10)  the Court shall order the dismissal with prejudice of the action filed by Chris Kosachuk in Supreme Court of the State of New York on September 30, 2022, Case Index No: 158379/2022 before the Supreme Court of State of New York Honorable Judge Lucy Billings, seeking to vacate the 2012 Judgment against the Debtor NLG, LLC, and sanction Chris Kosachuk;

(11)  enter an Order holding that as of the Petition Date, and in accordance with applicable law, order that the Trustee has the exclusive right to act on behalf of the Debtor, including the execution of any documents and any filings or acts made by Kosachuk or his agents purportedly made on behalf of the Debtor as of the Petition Date is without authority and void.

(12)  Deny Chris Kosachuk's motion to Convert D.I. 71 as the Trustee has already conceded that this is a no asset case and Grant such and further relief as the court may deem just and equitable;

(13)  Deny Kosachuk's frivolous request to transfer the adversary case 1:2022-50086;

(14)  Deny's Kosachuk's Motion for Summary Judgment case 21-11269 D.I. 5 as the Court extended the time to file a Motion to Dismiss D.I. 4,  and Selective and Quebec filed their Motion to Dismiss on December 11, 2022 D.I. 8, 9, as ordered, and filed a new motion for extension of time D.I. 6 and the court should not order Selective and Quebec to respond to Kosachuk's Motion for Summary Judgment until the Court rules on Selective and Quebec's Kosachuk's Motion to dismiss and the hearing on the OSC is scheduled for December 9, 2022 at 2:00PM;

(15)   Grant such further relief as the Court deems just and proper.

Respectfully submitted,

Liza Hazan

Dated: December 14, 2022

Fisher Island, Florida

Liza hazan
6913 Valencia Drive
Fisher Island, Florida
(212) 920-6605

Lizahazan77@gmail.
com

*Liza Hazan, Pro Se, party in interest*

## CERTIFICATE OF SERVICE

I, Liza Hazan, hereby declare that, on December 14, 2022, I served a copy of the

foregoing document upon Kosachuk via email at chriskosachuk@gmail.com.

Liza Hazan

# EXHIBIT A

# EXHIBIT A

 **Gmail**

elizabeth hazan <elizabethhazan07@gmail.com>

---

## RE: In re NLG, LLC Case No. 21-11269-JKS; Adversary Case No. 21-51264-JKS

**David W. Langley** <dave@flalawyer.com>
To: jesseharris@foxrothschild.com

Mon, Mar 21, 2022 at 1:12 PM

Jesse:

Thank you for your call. I was hoping we could get a hearing on the Motion to Dismiss before the adversary was voluntarily dismissed, but I see that I am too late. Alternatively, I would like you to reconsider whether there is any point in re-filing anything in the Delaware Bankruptcy Court.

Attached are a number of pertinent rulings on the issues we discussed. The Second Circuit decision is a key one. That was an appeal from a District Court decision dismissing the identical claim brought in the District Court for the Southern District of New York. Beginning on page 7 the Court determines that the challenge to the Judgment by Confession brought by Kosachuk in May, 2019, was time barred. Note also that the Second Circuit disagreed with the District Court on whether the claim was barred by the Rooker Feldman doctrine because that claim was filed by Kosachuk. A similar claim brought by the Trustee on behalf of NLG, however, would clearly be barred by Rooker Feldman.

You should also read Judge Hagler's comments on page 26 of the transcript of his ruling. The arguments Kosachuk has made to you, and that you repeated to me, have been rejected by every court that has addressed them. Further, the Final Judgment entered in the Adversary Proceeding against NLG by Judge Cristol states, "This Court concludes that NLG has no further rights to any claims against Debtor with respect to the Note and Mortgage, as the public records of Miami-Dade County reflect that the Scola Judgment and consequently the Mortgage were assigned and satisfied, and the Property fully redeemed prior to foreclosure sale, as provided in the Gordo Foreclosure Judgment. NLG's Proof of Claim #17, having been filed after the bar date, it is disallowed and the Court finds that NLG has no standing in this case based upon the Note, Mortgage, claim or lien emanating therefrom".

Judge Cristol's Final Judgment has been upheld by the Eleventh Circuit. The Eleventh Circuit also upheld the dismissal of the appeal based on equitable mootness. NLG never sought nor obtained a stay pending appeal. It forfeited its rights, if any, to challenge the Final Judgment and the Confirmation Order. Nothing that Kosachuk attempted to do in the Delaware adversary would alter that outcome. Nothing that the Trustee could possibly do would alter that outcome. The Trustee has no possible claim against Ms. Hazan's homestead property. NLG is not even the plaintiff in the Gordo foreclosure case. Selective has been substituted as party plaintiff. That State Court ruling was appealed and the appeal denied. That case is also final and closed.

However, your stipulation to dismiss the adversary without prejudice while you consider the Trustee's position has prevented the issuance of a title policy on Ms. Hazan's property, causing her substantial damage. While you consider the Trustee's alternatives, I request you give immediate attention to whether the re-filing of a frivolous adversary in the Delaware Bankruptcy Court should be one of them. If not, then we would like to know. As we discussed, the Motion for Sanctions against Kosachuk is set for hearing on March 30th before Judge Cristol. I would greatly appreciate it if

you could let us know before that hearing whether the Trustee will be refiling the adversary. If not, then I would ask that you make an appearance at the hearing on behalf of the Trustee, as possible successor to Kosachuk on the adversary claim. As I advised by phone, Ms. Hazan's is at risk of losing her home to a HOA foreclosure if no action is taken by the Trustee. Please let me hear from you.

*David W. Langley, Attorney at Law*

*Pine Island Commons*

*8551 W. Sunrise Boulevard, Suite 303*

*Plantation, Florida 33322*

*Tel: 954-356-0450*

*Fax: 954-356-0451*

This communication is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 954-356-0450 and return the original message to us at the e-mail address of dave@flalawyer.com. Thank you.

**From:** David W. Langley <dave@flalawyer.com>
**Sent:** Thursday, March 17, 2022 8:50 PM
**To:** 'jesseharris@foxrothschild.com' <jesseharris@foxrothschild.com>
**Subject:** In re NLG, LLC Case No. 21-11269-JKS; Adversary Case No. 21-51264-JKS

Mr. Harris:

I represent Elizabeth Hazan in a confirmed and discharged Chapter 11 proceeding in the Southern District of Florida. I believe we spoke by phone once on a conference call concerning the NLG involuntary case.

I have filed a Motion for Contempt and Sanctions (attached) against Chris Kosachuk for the filing of a lis pendens (the seventh filed by him and his attorneys) against Ms. Hazan's home. His actions are preventing a closing from moving forward as referenced in the Motion and the attached Declaration of title attorney Michael Simon.

As mentioned in the Declaration, the pending adversary proceeding, Case No. 21-51264, is also preventing the issuance of title insurance. I understand that you represent the Trustee and that the Trustee has taken over as Plaintiff of the adversary proceeding. I suggest that a brief review of the allegations in the Adversary Complaint, filed by the owner of NLG, not NLG itself, and seeking to collaterally attack a ten year old judgment, will reveal the frivolous nature of the complaint. It is one of many attempts to attack that judgment that have all failed. A review of the Motion to

Dismiss, ECF 12, and the Memorandum of Law, ECF 13, will further show that the claim is barred by res judicata and the case is time barred.

I am writing to request the Trustee's assistance is obtaining an immediate dismissal, with prejudice, of this frivolous action. As noted in the Declaration of the title attorney, the adversary case is preventing a closing on Ms. Hazan's home, which is causing significant financial damage, as more fully described in the Motion for Contempt. Now that the Trustee has taken responsibility for the adversary (as he should), it is also his responsibility to avoid further financial harm caused by its filing. Please discuss this with the Trustee and let me know how he intends to proceed. I see that you have a status conference set for March 29th. My motion is set for hearing the next day. I need to know in advance of that hearing if I need to join the Trustee as Plaintiff in the adversary. Thank you for your prompt attention to this matter.

*David W. Langley, Attorney at Law*

*Pine Island Commons*

*8551 W. Sunrise Boulevard, Suite 303*

*Plantation, Florida 33322*

*Tel: 954-356-0450*

*Fax: 954-356-0451*

This communication is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 954-356-0450 and return the original message to us at the e-mail address of dave@flalawyer.com. Thank you.

**From:** elizabeth hazan <elizabethhazan07@gmail.com>
**Sent:** Thursday, March 17, 2022 12:27 PM
**To:** Dave Langley Office <dave@flalawyer.com>
**Subject:** Fwd: Lis pendens

Sent from my iPhone

Begin forwarded message:

> **From:** elizabeth hazan <elizabethhazan07@gmail.com>
> **Date:** March 7, 2022 at 1:36:26 PM EST
> **To:** jesseharris@foxrothschild.com

Gmail - RE: In re NLG, LLC Case No. 21-11269-JKS; Adversary Case No. 21-51264-JKS                    12/5/22, 9:26 AM

**Subject: Fwd: Lis pendens**

Sent from my iPhone

Begin forwarded message:

> **From:** elizabeth hazan <elizabethhazan07@gmail.com>
> **Date:** March 7, 2022 at 1:32:35 PM EST
> **To:** jesseharris@foxrothschild.com
> **Subject: Lis pendens**

---

**10 attachments**

**Cote Decision Denying Reconsideration.pdf**
150K

**10.14.2020 Judge Cote Order after remand case 19-cv-04844-DLC DOC 103.pdf**
125K

**Kosachuk MTD Order Cote decision 9-30-19 Doc 94 .pdf**
188K

**Second Circuit Decision .pdf**
271K

**HAGLER DECISION CASE 101875-2012   1-7-2020.pdf**
1300K

**2020_02664_Chris_Kosachuk_v_9197_5904_Quebec_Inc_et_al_ORDER_23. 3-4-2021 ORDER DISMISSING APPEAL .pdf**
81K

**2020_02664_Chris_Kosachuk_v_9197_5904_Quebec_Inc_et_al_ORDER_26.   4-6-2021 .pdf**
81K

**APPEAL 2020_02664_Chris_Kosachuk_v_9197_5904_Quebec_Inc_et_al_ORDER_30. JUNE 1-2021 .pdf**
87K

**HAGLER DECISION CASE 101875-2012   1-7-2020.pdf**
1300K

**DE 238 Final Judgment.pdf**
120K

EXHIBIT B

FILED: NEW YORK COUNTY CLERK 09/30/2022 12:00 PM    INDEX NO. 158379/2022

NYSCEF DOC. NO. 1                                                                    RECEIVED NYSCEF: 09/30/2022

**EXHIBIT B**

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK

-------------------------------------------------------------- )

In the Matter of

CHRIS KOSACHUK

INDEX NO._____

                Petitioner,

**VERIFIED PETITION**

-against-

9197-5904 QUEBEC, INC. &

SELECTIVE ADVISOR GROUP, LLC, F/K/A
SELECTIVE ADVISORS GROUP, LLC,
a Delaware Limited Liability Company

                Respondents.

-------------------------------------------------------------- )

## TO THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK:

Petitioner Chris Kosachuk hereby petitions this Court and states the

following:

### NATURE OF THIS SPECIAL PROCEEDING

1.     Petitioner brings this special proceeding, pursuant to the applicable

portions of the CPLR, including but not limited to CPLR §§§3001, 3218 and 5015,

to declare void, vacate, set aside and/or strike a void judgment by confession *nunc*

*pro tunc* to date of entry recorded on February 22, 2012 by the New York County

Clerk in a case captioned as 9197-5904 Quebec, Inc. v. NLG, LLC under index

number 2012-101875.

FILED: NEW YORK COUNTY CLERK 09/30/2022 12:00 PM    INDEX NO. 158379/2022
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 09/30/2022

2.    In February, 2012, the president of **plaintiff**, 9197-5904 Quebec, Inc. (herein "Quebec"), filed two affidavits on behalf of the **defendant**, NLG, LLC (herein "NLG"), which resulted in the entry of a $5,000,225.00 Judgment by Confession on February 22, 2012, attached hereto as Exhibit 1 (the "Judgment by Confession").

3.    On April 21, 2014, Quebec filed a domestication action in Florida seeking to enforce the Judgment by Confession.

4.    On June 17, 2014, Quebec assigned the Judgment by Confession to Selective Advisors Group, LLC ("Selective"), attached hereto as Exhibit 2.

5.    On September 4, 2015, Selective voluntarily filed a satisfaction of the Judgment by Confession. Attached hereto as Exhibit 3 is a true and correct copy of the New York County Clerk's Certificate of Disposition. However, Selective has continued to assert its right to enforce, to collect and to litigate on this Judgment by Confession post satisfaction.

6.    Petitioner seeks to strike the Judgment by Confession from the public record *nunc pro tunc* to date of entry because it is void *ab initio* as it was obtained without jurisdiction over NLG; it violated New York law (CPLR 3218); and it was collusively obtained; thus, it should have never been recorded.

## PARTIES

7.    Petitioner Chris Kosachuk is the owner, primary lender and a creditor

FILED: NEW YORK COUNTY CLERK 09/30/2022 12:00 PM

NYSCEF DOC. NO. 1

INDEX NO. 158379/2022

RECEIVED NYSCEF: 09/30/2022

of NLG, LLC, the alleged Judgment by Confession debtor.

8.    Respondent Quebec is the original holder of the Judgment by Confession.

9.    Respondent Selective is the purported judgment creditor assignee of Quebec.

## FACTUAL BACKGROUND

10.    On January 4, 2012, Quebec, recorded a non-existent judgment against NLG in Pennsylvania (the "Lorret Judgment"). Attached as Exhibit 4 is a copy of the Lorret Judgment. The Lorret Judgment was against Chris Kosachuk only, not NLG. The Lorret Judgment against Mr. Kosachuk was for $48,293.54. It was domesticated in Pennsylvania and wrongfully used against NLG.

11.    Quebec then sought and obtained a charging order with management rights to NLG without any service or notice to NLG.

12.    Instead of using the charging order to collect the $48,293.54 Lorret Judgment, on February 16, 2012, Raymond Houle, the president of the **plaintiff**, Quebec, executed an affidavit of confession pretending to be the Manager and duly authorized agent of the **defendant** NLG, and confessed to "a debt justly due to the plaintiff arising from the following facts: Fraud and Abuse of Process."

13.    Houle subsequently executed a second affidavit on February 21, 2012, expanding on what "facts" comprised the "debt," which affidavit concluded that

FILED: NEW YORK COUNTY CLERK 09/30/2022 12:00 PM

NYSCEF DOC. NO. 1

INDEX NO. 158379/2022

RECEIVED NYSCEF: 09/30/2022

those "facts" had "giv[en] Plaintiff a cause of action." [*See* Exhibit 1 p.5].

14.    Based on Houle's affidavits, the Clerk of the Court for New York County signed the Judgment by Confession at issue under case number 2012-101875, captioned as 9197-5904 Quebec, Inc. v. NLG, LLC.

15.    The entire documentation leading up to the $5,000,225.00 Judgment by Confession consists of six pages [*See* Exhibit 1]. The six pages consist of: (1) the Judgment by Confession signed by the Clerk of the Court, Norman Goodman [2 pages]; (2) the February 16, 2012 Affidavit of Confession of Judgment; (3) the February 21, 2012 Affidavit of Raymond Houle regarding facts supporting judgment [2 pages]; and (4) Certification.

16.    The affidavit confessed to the $5 million judgment for the torts of fraud and abuse of process. The New York Judgment by Confession Statute, CPLR §3218, is strictly limited to debts. The torts alleged were entirely fictitious as Quebec and NLG had never engaged in any litigation and never engaged in any business.

17.    Even if the Pennsylvania charging order had not been a sham and promptly vacated, the Judgment by Confession was blatantly collusive and has served to deprive legitimate creditors of NLG, such as Petitioner, of their right to collect on their debts against NLG.

18.    Because the Judgment by Confession Statute was improperly invoked, the New York courts never obtained jurisdiction over NLG, as Quebec provided no

FILED: NEW YORK COUNTY CLERK 09/30/2022 12:00 PM
NYSCEF DOC. NO. 1

INDEX NO. 158379/2022
RECEIVED NYSCEF: 09/30/2022

service of process, no notice and no opportunity for NLG to be heard prior to the entry of the Judgment by Confession.

19.    Quebec also made sure that NLG would not be notified of the Judgment by Confession after its entry by the clerk because it provided an address for NLG guaranteed not to provide actual notice to any officer or manager of NLG, because the address provided, 6499 North Powerline Rd, Suite 304, Fort Lauderdale, FL 33309 was and is the address of Arthur R. Rosenberg, a lawyer who was representing Quebec in Florida.

20.    On May 1, 2012, the Pennsylvania Court vacated the Lorret Judgment and charging order which served as the alleged authority for Quebec to confess judgment against NLG. Attached hereto as Exhibit 5 is the Pennsylvania Vacating Order, clearly stating that "Houle knew or should have known that the [Lorret] Judgment had been entered in New York against Kosachuk only." [*See* p. 2].

21.    After obtaining the Judgment by Confession, Quebec did nothing to collect on it until April 21, 2014, when it domesticated the Judgment by Confession in the circuit court for Miami-Dade County, Florida, under case number 14-10475 CA 10 also captioned as 9197-5904 Quebec, Inc. v. NLG, LLC.

22.    On June 17, 2014 in New York, Quebec assigned the Judgment by Confession to Defendant Selective for no consideration. [*See* Exhibit 2]. The manager of Selective, Sean Meehan, has testified that it was a "gift." Selective took

FILED: NEW YORK COUNTY CLERK 09/30/2022 12:00 PM    INDEX NO. 158379/2022

NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 09/30/2022

over as plaintiff in the Florida domestication action.

23.    On June 25, 2014, NLG filed in the New York Supreme Court for New York County, a motion to vacate the judgment by confession, which Selective has successfully delayed and, over eight years later, has still not been adjudicated on the merits.

24.    Selective opposed NLG's motion to vacate arguing that it had to file a plenary action, instead of a motion to vacate.

25.    When the presiding justice set a firm hearing date of May 18, 2015, Selective filed its first Chapter 11 bankruptcy petition that morning. The motion to vacate was taken off calendar.

26.    The bankruptcy petition was dismissed with prejudice on August 31, 2015 and NLG's motion to vacate was again scheduled for hearing on September 5, 2015.

27.    On September 4, 2015, Selective voluntarily filed a satisfaction of the Judgment by Confession. [*See* Exhibit 3]. NLG paid no consideration for the satisfaction. The satisfaction of the Judgment by Confession should have ceased all collection action and all litigation based upon it, but it has not.

28.    The Florida domestication action was dismissed on October 1, 2015 because of the satisfaction. Attached hereto as Exhibit 6 is the order dismissing the Florida domestication action.

FILED: NEW YORK COUNTY CLERK 09/30/2022 12:00 PM

NYSCEF DOC. NO. 1

INDEX NO. 158379/2022

RECEIVED NYSCEF: 09/30/2022

29.     On December 1, 2015, a Florida state court judge entered an Order Granting Foreclosure, rejecting Selective's arguments that it was the rightful owner of the mortgage by virtue of the New York Judgment by Confession and that it had satisfied the mortgage against Elizabeth Hazan, the wife of Mr. Meehan, who is Selective's sole owner and sole manager.

30.     On December 4, 2015, the Florida court entered a Final Judgment of Foreclosure in the amount of $4,876,654 against Hazan. Attached as Exhibit 7 are the Order Granting Foreclosure and the Final Judgment of Foreclosure.

31.     These two orders specifically refused to enforce the Judgment by Confession because the judgment had been satisfied and because "[a] judgment rendered in violation of due process is void in the rendering State [New York] and is not entitled to full faith and credit elsewhere." *See* p. 10-13 of the Order Granting Foreclosure.

32.     The day before the foreclosure sale, Hazan filed a Chapter 11 bankruptcy petition in the Southern District of Florida.

33.     Even after having declared the Judgment by Confession satisfied in full, having its Florida domestication action dismissed and having all its claims rejected in the Order Granting Foreclosure, on January 2, 2017, Selective sued Kosachuk and NLG in an Adversary Proceeding in Hazan's bankruptcy proceeding. Attached hereto as Exhibit 8 is a true and correct copy of the Third Amended

FILED: NEW YORK COUNTY CLERK 09/30/2022 12:00 PM   INDEX NO. 158379/2022
NYSCEF DOC. NO. 1                                   RECEIVED NYSCEF: 09/30/2022

Complaint. This Complaint, filed more than a year after Selective declared the Judgment by Confession satisfied in full, sought to enforce the full amount of the original $5 million Judgment by Confession.

34.   On November 1, 2017, the Florida Bankruptcy Court refused to consider the lack of validity of the Judgment by Confession, gave it full faith and credit, and entered a final judgment (the "Cristol Judgment") wherein it offset NLG's Final Judgment of Foreclosure against Hazan with the full original amount of the satisfied and void Judgment by Confession, and even finding that the sum of $123,570.71 was still due and owing.  Attached hereto as Exhibit 9 is a true and correct copy of the Cristol Judgment.

35.   To avoid another hearing on the motion to vacate pending in New York, on January 2, 2019, Selective filed a Notice of Removal to the U.S. District Court for the Southern District of New York. NLG's motion to vacate was taken off the calendar.

36.   On March 29, 2019, the District Court remanded the case back to the Supreme Court of New York, County of New York, but NLG did not move to reinstate its motion to vacate.

37.   On April 9, 2019, Selective filed a second bankruptcy proceeding, now in the Southern District of Florida. In its bankruptcy schedule dated May 6, 2019, Selective claimed that $123,570.71 is due and owing on the Judgment by

FILED: NEW YORK COUNTY CLERK 09/30/2022 12:00 PM

NYSCEF DOC. NO. 1

INDEX NO. 158379/2022

RECEIVED NYSCEF: 09/30/2022

Confession. Attached hereto as Exhibit 10 is a true and correct copy of Selective's bankruptcy schedule.

38.     As of May 10, 2019, Selective has an outstanding judgment lien certificate on file in the State of Florida showing $3,387,569.20 due and owing. Attached hereto as Exhibit 11 is a true and correct copy of the Florida Judgment Lien Certificate filed by Selective.

39.     On May 15, 2019, Selective's second bankruptcy was dismissed with prejudice and Selective and its lawyer were sanctioned by the bankruptcy judge.

40.     The above-mentioned mortgage and Final Judgment of Foreclosure against Hazan constitute the only asset of NLG.

41.     Selective's continued use of the Judgment by Confession in the Florida Courts and refusal to honor its own satisfaction, have forced the Petitioner to seek to have the entire Judgment by Confession declared void *ab initio* and stricken from the public record *nunc pro tunc* to date of entry because:

a)     It was not authorized by New York Judgment by Confession Statute (NY CPLR §3218), because it was entered upon a tort claim for fraud and abuse of process, when the statute is strictly limited to debts;

b)     It was obtained without service of process, without notice or opportunity to be heard and was obtained in violation of NLG's constitutional rights to due process;

FILED: NEW YORK COUNTY CLERK 09/30/2022 12:00 PM

NYSCEF DOC. NO. 1

INDEX NO. 158379/2022

RECEIVED NYSCEF: 09/30/2022

c)      It was entered without personal jurisdiction over NLG;

d)      It was entered collusively upon an affidavit executed by the President of Plaintiff Quebec pretending to be Defendant NLG;

e)      It was used to mislead the United States Bankruptcy Court and the United States District Court for the Southern District of Florida and the 11th Circuit Court of Appeals.  In fact, it successfully misled the United States Bankruptcy Court, the United States District Court for the Southern District of Florida and the 11th Circuit Court of Appeals.

f)      It is preventing NLG from paying its bills and creditors, including but not limited to Petitioner.

42.     Selective continues to litigate and enforce this satisfied and void Judgment by Confession thereby necessitating this Petition.

## FIRST CAUSE OF ACTION
## (DECLARING VOID AB INITIO, VACATING, SETTING ASIDE AND STRIKING THE $5 MILLION JUDGMENT BY CONFESSION NUNC PRO TUNC TO DATE OF ENTRY)

43.     To the extent applicable, Petitioner incorporates by reference the allegations contained in the previous paragraphs of this Verified Petition as if fully rewritten herein.

44.     Petitioner demands a declaratory judgment against Respondent Quebec and Assignee/Respondent Selective Advisors Group, LLC that the

FILED: NEW YORK COUNTY CLERK 09/30/2022 12:00 PM     INDEX NO. 158379/2022
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 09/30/2022

Judgment by Confession is void *ab initio* and vacated, set aside and stricken with prejudice *nunc pro tunc* to date of entry.

45.   Based on the foregoing, the Judgment by Confession should be vacated, set aside and stricken with prejudice *nunc pro tunc* to date of entry.

**WHEREFORE**, Petitioner respectfully requests a Final Judgment against Respondents, 9197-5904 QUEBEC, INC. and SELECTIVE ADVISOR GROUP, LLC, F/K/A SELECTIVE ADVISORS GROUP, a Delaware Limited Liability Company, and enter judgment as follows:

1.)   The $5,000,225.00 Judgment by Confession, under index no. 2012-101875, captioned as 9197-5904 Quebec, Inc. v. NLG, LLC and assigned to Selective Advisors Group, LLC on June 17, 2014 is void *ab initio* and hereby vacated, set aside and stricken from the public record nunc pro tunc to date of entry as it was entered without jurisdiction, without service of process, without any due process, and collusive as the affidavit confessing the judgment was signed by the President of the Plaintiff corporation;

2.)   Enter a judgment awarding Petitioner all court costs, disbursements and such other such relief as this Honorable Court finds appropriate.

Respectfully submitted,

_____
Chris Kosachuk

FILED: NEW YORK COUNTY CLERK 09/30/2022 12:00 PM

NYSCEF DOC. NO. 1

INDEX NO. 158379/2022

RECEIVED NYSCEF: 09/30/2022

*Pro Se Petitioner*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

EXHIBIT C

CGFD30 (10/01/16)



**ORDERED in the Southern District of Florida on December 5, 2022**

A. Jay Cristol
United States Bankruptcy Judge

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

**Case Number: 16–10389–AJC**

**Chapter: 11**

**In re:** *Debtor(s) name(s) and address(es) (for names include married, maiden and trade used by the debtor(s) in the last 8 years)*

Liza Hazan
aka Elizabeth Hazan
6913 Valencia Drive
Miami Beach, FL 33109

SSN: xxx–xx–7473

## FINAL DECREE

A Final Report and Motion for Entry of Final Decree having been filed on behalf of the debtor, this chapter 11 case is closed. If applicable, all future payments under the plan of reorganization shall be disbursed in accordance with the plan.

# # #

The clerk shall serve a copy of this Final Decree on the Debtor, Attorney for Debtor, and the U.S. Trustee



**ORDERED in the Southern District of Florida on November 15, 2022.**

A. Jay Cristol, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

Case No. 16-10389-AJC

LIZA HAZAN a/k/a ELIZABETH HAZAN,

Chapter 11

Debtor,
_____/

**ORDER GRANTING REORGANIZED DISCHARGED LIZA HAZAN'S
MOTION FOR ENTRY OF FINAL DECREE CLOSING CASE**

**THIS MATTER** came before the Court for hearing on November 8, 2022 at 3:00 PM

upon *Reorganized and Discharged Liza Hazan, a/k/a Elizabeth Hazan* ("Ms. Hazan") *Motion for*

*Entry of Final Decree Closing this Chapter 11 Bankruptcy Case (ECF No. 1345), pursuant to*

*Section 350(a) of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 3022, and Local Rule 3022-1 that was previously granted* filed by Liza Hazan on October 24, 2022.

On December 13, 2017, the Court approved Ms. Hazan's Disclosure Statement and Setting Hearing on Confirmation of Plan (ECF No. 580).

On June 12, 2018, the Court entered The Order Confirming Plan of Reorganization ("the Order of Confirmation") (ECF No. 691).

On June 12, 2018, the Court entered an Order Granting Reorganized Debtor's Ore Tenus Motion to Administratively Close Individual Chapter 11 Case After Confirmation (ECF No. 692).

On June 13, 2018 the Court entered an Order Closing Case (ECF No. 693).

The Effective Date of the Confirmed Plan (ECF No. 563) was July 2, 2018. The Plan has been substantially consummated within the meaning of 11 U.S.C. § 1101(2).

On July 5, 2018, the Reorganized Debtor Ms. Hazan filed her verified Final Report of Estate and Accounting of Payment of Claims and Substantial Consummation and Motion to Reopen and Motion for Entry of Final Decree and to Reclose case (ECF No. 703).

On July 10, 2018, the Reorganized Debtor Ms. Hazan filed her Corrected Motion to Reopen case and Final Report of Estate and Motion for Discharge and Motion of Final Decree and to Reclose case (ECF No. 713).

On December 7, 2018 the Court entered The Order Granting Ms. Hazan's Motion To Reopen Case to Approve Final Report, and Enter Discharge to Reorganized Debtor (ECF No. 713) (the "Order of Discharge") (ECF No. 766).

On December 7, 2018 The Court approved the Final Report and concluded that "[M]s. Hazan is entitled to a discharge in accordance with the provisions of 11 U.S.C. § 1141(d)(5), and the Fourth Amended Plan and the Confirmation Order;" and ordered "[t]he Reorganized Debtor

is **DISCHARGED** pursuant to the provisions of 11 U.S.C. § 1141(d) from any debt that arose before the date of such confirmation and any debt of any kind specified in Section 502(g), 502(h) or 502(i) of Title 11 in accordance with the provisions of 11 U.S.C. § 1141(d)". (ECF No. 766) page 12 paragraph 4. However, the Court ordered that "[T]he case shall remain open pending the final disposition of all motions herein and the outstanding appeals, after which the Court will direct the Clerk of Court to enter a Final Decree closing case". (ECF No. 766) page 12 paragraph 7.

Rule 3022 allows entry of the Final Decree in Ms. Hazan's Chapter 11 Reorganization Case. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved. The court previously approved the Final Report on December 7, 2018 (ECF No. 766).

On September 9, 2019, the Honorable United States Court Southern District of Florida Judge Rodney Smith granted Ms. Hazan's Motion to Dismiss NLG, LLC's Appeal of this Court's Final Judgment that concluded that NLG, LLC is not a creditor in this case, NLG, LLC's Proof of Claim is disallowed and NLG, LLC has no claim against Hazan under the Note, Mortgage or any Court Order. See Final Judgment Adversary case 16-01439-AJC entered on November 1, 2017 ( ECF No. 238). See Adversary case 16-01439-AJC (ECF No. 386).

The United States Court Southern District of Florida Judge Smith found that "[t]he

Plan called for all pre-petition property of the estate to re-vest in the Reorganized Debtor and that has happened. Second, Hazan has assumed all obligations and management of all property dealt with by the Plan. Third, Hazan has commenced distributions under the Plan, has made payments under the Plan, and has substantially completed distributions to unsecured creditors under the Plan. Hazan has made more that $500,000 in distributions. After the filing of the instant motion to dismiss, Hazan was granted a discharge in her bankruptcy." Judge Smith concluded that NLG, LLC's Appeal of this Court's Final Judgment was equitably moot and that the *Rooker-Feldman* doctrine was not applicable. See Adversary case 16-01439-AJC (ECF No. 386).

On September 1, 2021 the United States Court of Appeals for the Eleventh Circuit unanimously affirmed the District's Court Order of the Honorable Judge Smith dismissing NLG, LLC's Appeal of this Court's Final Judgment that concluded that NLG, LLC is not a creditor in this case, NLG, LLC's Proof of Claim is disallowed and NLG, LLC has no claim against Hazan under the Note, Mortgage or any court order. See Final Judgment Adversary case 16-01439-AJC entered on November 1, 2017 (ECF No. 238). (ECF No. 1047).

The United States Court of Appeals for the Eleventh Circuit also concluded that Ms. Hazan has substantially consummated the plan (ECF No. 1047).

All adversary cases have been concluded and are closed. All appeals have been ruled in favor of Ms. Hazan.

On April 20, 2022, the Honorable Judge Darrin P. Gayles dismissed NLG, LLC's Appeal of the Confirmation Order holding that "[t]he Plan has been substantially consummated … as that term is defined in the Bankruptcy Code[1], … " and stated that "[I]n the related case,

---

[1] Under the Bankruptcy Code, "substantial consummation" is defined as:

(A) transfer of all or substantially all of the property proposed by the plan to be transferred;

the Eleventh Circuit found that "[t]he Plan has been substantially consummated" because all pre-petition property of the estate re-vested in Hazan, Hazan assumed management of all the property, and Hazan commenced distribution under the Plan. *In re Hazan*, 10 F.4th at 1253. Because the Plan has been substantially consummated, a finding that the instant appeal is equitably moot is warranted." (ECF No. 1089).

ORDERED and ADJUDGED that Reorganized and Discharged Liza Hazan a/k/a Elizabeth Hazan's Motion for Entry of a Final Decree Closing this Chapter 11 Bankruptcy Case (ECF No. 1345) is **GRANTED.** The Clerk is directed to enter a Final Decree, Closing this case.

###

Submitted by:
Joel M. Aresty, Esq.

Attorney Joel M. Aresty shall serve a copy of the signed order on all interested parties and file with the court a certificate of service conforming with Local Rule 2002-1(F).

**Copies to:** Clerk, U.S. Bankruptcy Court, Office of the U.S. Trustee, all parties of interest.

---

(B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

(C) commencement of distribution under the plan.

# EXHIBIT D



# Case Report
## Detail



**Print Date/Time:** 08/10/2011 09:50
**Login ID:** polinesn
**Case Number:** 2011-00067711

Miami Beach Police Department
**ORI Number:** FL0130700

| Evidence Collected | Criminal Activity | Tools Used | Security Systems |
|---|---|---|---|
| NONE | | | N A |

**Weapon Code : N/A**

| Feature: | Caliber: | Caliber Other: | Weapon Length: |
|---|---|---|---|
| Weapon Guage: | Guage Other: | Weapon Grips: | Weapon Finish: |
| Weapon Finish Other: | | Weapon Other: | |

## Subjects

| Type | No. | Name | Address | Phone | Race | Sex | DOB/Age |
|---|---|---|---|---|---|---|---|
| SUSPECT | 1 | KOSACHUK, CHRISTOPHER | | | WHITE | MALE | |
| VICTIM | 1 | HAZAN, LIZA | 6913 FISHER ISLAND DR FISHER ISLAND,FL 33109 | | WHITE | FEMALE | |

**Subject #    1-SUSPECT**

| Primary: | No | | | | |
|---|---|---|---|---|---|
| Name: | KOSACHUK, CHRISTOPHER | Race: | WHITE | Sex: | MALE |
| Address: | | Height: | | Weight: | |
| | | Eyes: | BROWN | Hair: | BROWN |
| Primary Phone: | | SSN: | | DVL #: | |
| Resident Type: | COUNTY | Resident Status: | FULL YEAR | | |
| Disposition: | | Date: | | | |

Build:
Age:
State:
**Statement Type:** ORAL/VERBAL
Custody Status:

**Related Offenses**

| Group/ORI | Crime Code | Statute | Description |
|---|---|---|---|
| State | 130C1 | 365.16 | PHONE CALL/THREATS |

Related Weapons

Victim/Offender Relationship

| No. | Type | Name | Relationship |
|---|---|---|---|
| 1 | SUSPECT | KOSACHUK,CHRISTOPHER | ACQUAINTANCE |

Transported By:          Extent of Injury:            Hospital:
Domestic Violence:       Domestic Violence Referrals:  Federal Agencies Involved:
Condition:               Medical Treatment:

Missing Person Information



MIAMIBEACH
POLICE

# Case Report
## Detail



**Print Date/Time:** 08/10/2011 09:50
**Login ID:** polinesn
**Case Number:** 2011-00067711

Miami Beach Police Department
**ORI Number:** FL0130700

## Subject #    1-VICTIM

| | | | | | | |
|---|---|---|---|---|---|---|
| **Primary:** | No | **VICTIM Type:** | | ADULT | | |
| **Name:** | HAZAN, LIZA | **Race:** | WHITE | **Sex:** | FEMALE | **DOB:** |
| **Address:** | 6913 FISHER ISLAND DR | **Height:** | | **Weight:** | | **Build:** |
| | FISHER ISLAND FL | **Eyes:** | | **Hair:** | | **Age:** |
| Primary Phone: | | SSN: | | DVL #: | | **State:** |
| **Resident Type:** | CITY | **Resident Status:** | FULL YEAR | | **Statement Type:** | ORAL/VERBAL |
| Disposition: | | Date: | | | Custody Status: | |

### Related Offenses

| Group/ORI | Crime Code | Statute | Description |
|---|---|---|---|
| State | 130C1 | 365.16 | PHONE CALL/THREATS |

Related Weapons

### Victim/Offender Relationship

| | | |
|---|---|---|
| Transported By: | Extent of Injury: | Hospital: |
| Domestic Violence: | Domestic Violence Referrals: | Federal Agencies Involved: |
| Condition: | Medical Treatment: | |

Missing Person Information

## Arrests

## Property

## Suspect Vehicles

**OFFENSE INCIDENT REPORT**

Agency ORI #: FLQ-130700
Agency Name: MIAMI BEACH POLICE DEPT
Orig. 1
Supp. 2

**EVENT DATA**

| Reported Day | Date | Time (Mil.) | Dispatch | Arrival | In Service | Incident Day (From) | Date | Time | Day (To) | Date | Time |
|---|---|---|---|---|---|---|---|---|---|---|---|
| TUE | 1/13/09 | | | 705 | 15:00 | TUE | 1/13/09 | | TUE | 1/13/09 | |

Incident Location (Street, Apt., City, Zip): 
Business Name / Area Identifier:
Location Type:   Forced Entry:   Occupancy:   Was:

| Offense #1 | Type | Description | Attempted A Committed C | Statute # | NCIC / UCR Code | Weapon Type | No. Offenses | No. Victims |
|---|---|---|---|---|---|---|---|---|

Offense #2

**VICTIM / WITNESS**

| Offense Indicator | V/W Code | V. Type | Name (Last, First, Middle / Business) | Race | Sex | D.O.B. / Age | Residence Phone |
|---|---|---|---|---|---|---|---|
| 01 | E-01 | 3 | Hazan, Liza | W | F | | |

Address (Street, Apt., City, State, Zip): 6913 Fisher Is. Dr Miami Bch FL 33109
Res. Type   Res. Status   Injury Extent 0   Injury Type (s) 00   Relationship   Ethnicity
Other Contact Info. (Time Available, Interpreter, Etc.): 
Synopsis of Involvement: Reporting person
Business Phone:

| Offense Indicator | V/W Code | V. Type | Name (Last, First, Middle / Business) | Race | Sex | D.O.B. / Age | Residence Phone |
|---|---|---|---|---|---|---|---|
| 01 | W-01 | 3 | Abgunza, Karla | W | F | 01-01-66 | |

Address (Street, Apt., City, State, Zip): 46203 Fisher Is Dr Miami FL 33109
Res. Type   Res. Status   Injury Extent 0   Injury Type (s) 00   Relationship   Ethnicity
Other Contact Info. (Time Available, Interpreter, Etc.): 305 343 5830
Synopsis of Involvement: witness the incident
Business Phone:

**SUSPECT**

| Offense Indicator | Subject Code # | Juvenile | Name (Last, First, Middle) | Maiden Name | Nickname / Street name | Residence Phone |
|---|---|---|---|---|---|---|
| 01 | 3-02 | | Kosachuk, Christopher | | | |

Place of Birth:   Last Known Address (Street, Apt., City, State, Zip):   Business Phone:
Race W   Sex M   Occupation:   Employer / School:   Address:
Social Security #   Driver License State #   Immigration / Naturalization #   Other ID #   OBTS # (Arrested)   FOC / NCIC
D.O.B. / Age: 12/11/72
Height   Weight   Eye Color   Hair Color   Hair Length   Hair Style   Build   Complexion   Facial Hair   Teeth   Speech Voice
Special Identifiers:   Clothing (Describe):   Scars, Marks, Tattoos (Location, Describe):

**VEHICLE / VESSEL**

| Person Code # | Veh. # | Status | Damage | Type | Year | Make | Model | Style | Tag Reg. / Dec. # | Reg. State | Reg. Year | Decal # |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

Tag Type   VIN / HULL / FAA   Condition   Vessel Name   Color (Top / Bottom)   Length   Hull Material   Propulsion
Boat Type   Description (Characteristics, Damage, Etc.)   Insurance Company   Lien Holder   Estimated Value $
Recovery Data   Recovery Address / Zone   Recv. Code   Recov. Loc.   Original Reporting Agency   Report No.   Recovered Value $   FOC / NCIC
Hold YES / NO   Reason/Authority   Method of Theft   Components Stripped   Towed By   Storage Location   FOC / NCIC

**PROPERTY**

| Type Theft | Person Code # | Item # | Status | Damage | Property Type | Quantity Name | Brand | Model Name / Number |
|---|---|---|---|---|---|---|---|---|

Serial Number   Owner Applied No   Description   Value $   Value Recovered   Date Recovered   FOC / NCIC

| Type Theft | Person Code # | Item # | Status | Damage | Property Type | Quantity Name | Brand | Model Name / Number |
|---|---|---|---|---|---|---|---|---|

Serial Number   Owner Applied No   Description   Value $   Value Recovered   Date Recovered   FOC / NCIC

**NARRATIVE**

Z#01 and Z#02 have been involved in ongoing dispute regarding Z1's recent purchase of her home. Z1 states ownership of the property was claimed by via the courts and after Z1's purchase verdicts she was threatened by Z2. This occurred approx 12/15/08. Today while leaving Fisher Island Z1 noticed Z2 following her. Z1 proceeded east on the MacArthur cswy making a U-Turn to return to Fisher Island. Z2 followed. Z1 then the I-395 U-Turn and then placed his vehicle in front of hers. At the terminal the turning lane, taking the 1st cycle without turning. Z1 states Z2 got out of the car at that time approached the car yelling. When she then saw Z2 pull in front of Z1 and let the 1st cycle without turning but did not see Z2 got out of the car (no order issued). Z1 advised how to obtain injunction. /PK

**ADMINISTRATIVE**

| Report Contains | | |
|---|---|---|
| Officer (s) Reporting: N. Hall | I.D. Number (s): 759 | Unit: U759   Date: 1/13/09 |

Related Report Number (s):
Officer Reviewing / Approving:   I.D. Number: 123
Routed to: Records   Referred To:   Assigned To:   By:   Date:   Case Status:
Clearance Type   Adult A   Date Cleared   Arrest Number   No. Arrested   Exception Type   OBTS Number   Pg.   Pgs.
Juvenile J



# Case Report
## Detail



Print Date/Time:    08/10/2011 09:50
Login ID:           polinesn
Case Number:        2011-00067711

Miami Beach Police Department
ORI Number:    FL0130700

Routing:



# Case Report
## Detail



**Print Date/Time:**  08/10/2011 09:50
**Login ID:**  polinesn
**Case Number:**  2011-00067711

Miami Beach Police Department
**ORI Number:**  FL0130700

OfficerID: Polihevd, Narrative
VO1 LIZA HAGAN STATED THAT SHE AND SO1 CHRISTOPHER KOSACHUK WERE BUSINESS ACQUAINTANCE
SINCE 2007, WHEN SHE PURCHASED HER RESIDENCE FROM HIM ( PREVIOUS HOME OWNER). VO1 FURTHER
STATED THAT SHE AND SO1 HAVE BEEN INVOLVED IN VERBAL ALTERCATION REFERENCE SO1 CALLING HER
AND HARASSING HER VIA LAND LINE. ACCORDING TO VO1, ON TODAY'S DATE (06/24/2011) SHE RECEIVED A
THREATING E-MAIL VIA HER CELLULAR PHONE, WHICH STATED THAT "YOUR DAYS ARE NUMBERED". VO1 IS
IN FEAR FOR HER SAFETY AND WILL SEEK AN INJUNCTION ORDER AGAINST S01.V01 ADVISED THAT S01
HARASSES HER OVER HER CELLULAR BY CALLING NUMEROUS TIME ON A DAILY BASIS.

**E-Mail: N/A**

**Witness Name:** N/A

**Address:** N/A

**Telephone:** N/A

**Vehicle 1** N/A

**Year:** N/A    **Make:** N/A          **Model:** N/A          **Color:** N/A

**Tag number:** N/A          **Operator:** N/A          **Company:** N/A

**Driver Licenses:** N/A          **Insurance policy:** N/A

**Vehicle 2** N/A

**Year:** N/A    **Make:** N/A          **Model:** N/A          **Color:** N/A

**Tag number:** N/A          **Operator:** N/A
**Company:** N/A

**Driver Licenses:** N/A          **Insurance policy:** N/A

**Police case number:** N/A          **Alarm number:** N/A

**Investigator:** David Louissant, Ibrahim Perez, and Marta Luque

**Supervisor:** Daniel Kaslick,

**Case Disposition:** Closed

**Reviewed by:** Daniel Kaslick

**Report Distribution:** Gary Snider, Nick Azar, Jim Politis, Ashley Irizarry, Terrique Anderson

**Additional Information:**                    **Case number:** F.I.11-07-15

**Complainants Name:** Elizabeth Hazan

**Address:** 6913 Valencia Homes

**Telephone:** 212-920-6605

**E-Mail: N/A**

**Offenders Name:** Christopher Kosachuck

**Address:** Unknown

**Telephone:** 305-490-5700



**FISHER ISLAND COMMUNITY ASSOCIATION**

### Case Number: F.I.11-07-15

**Incident Category**: Disturbance

**Date Reported:** 07-14-11

**Time Reported:** 1126 hours

**Location:** 6913 Valencia Drive

### Case Information:

I Marta Luque(Shift Supervisor) responded with David Louissant and Ibrahim Perez (Public Safety Officers) to Elizabeth Hazan's residence; 6913 Valencia Drive, regarding her complaint about Christopher Kosachuck (Guest of Robert Vole) banging on her door and harassing her.

Upon arrival, I spoke to Mr. Kosachuck, and he said that "This bitch owes me millions of dollars". I responded that it was not our problem to take that up with her lawyers. I instructed Christopher to return to 2333; Robert Vole's unit and he complied and departed.

Ms. Hazan called the police and Miami Dade Police Officer P. Del Toro #3753 responded. He took all the information and advised her to go to a Judge with all the evidence she had and obtain a restraining order. Daniel Kaslick (Director of Public Safety) spoke with Robert Vole and informed him of his guest's actions and Robert replied that he invited Christopher for lunch at the island Market, but had to leave the island for business.

Addendum:

I, Ivan Diaz (Public Safety Supervisor) received information from Ms. Elizabeth Hazan on July 20, 2011 at approximately 01:30pm from a unknown number regarding that Christopher Kosachuck continues to show up at Elizabeth's unit, 6913 Valencia States Drive harassing her. She wanted to file a complaint again because this is an ongoing issue with Christopher. I advised Elizabeth that I would have a report added and updated.

EXHIBIT D

**VERIFICATION OF CRIME/ LOST PROPERTY**
PD 542-061 (Rev. 09-06)

**Do Not Detach — Submit In Duplicate**

Complainant/Victims will be sent verification free of charge, other applicants must send a non-refundable processing fee of $15.00 (Check or Money Order – NO CASH) payable to the NYC Police Department with each application. All applicants must enclose a stamped self-addressed envelope. Please mail requests to: New York City Police Department, Criminal Records Section (Verification Unit), 1 Police Plaza, Room 300, New York, NY 10038

Complaint Number: 4037 1097
Precinct of Report: 5

FOR USE BY CRIMINAL RECORDS SECTION

Mail Record To (Print or Type):
DARIUS A MARZEC, ESQ.
225 BROADWAY, STE 3000
New York, NY 10007

Applicant's File No.

1. Exact location where Crime / Loss took place: Front of 60 Centre St; Foley SQ.
Precinct of Occurrence: 5

2. Date reported to Police: 3/4/09
Time (if known): ~~1530~~ 1635 ~~1630~~
This report concerns: ☐ Crime ☐ Lost Property ☒ Other (describe): Harassment

3. Full name and address of complainant/victim as reported to Police Department: DARIUS A. MARZEC, ESQ [redacted]

Date and Time of Crime / Loss of Property (if different from date of report): 3/4/09 1530
Name of officer who received your report, if known: PAA Cheng

Any additional information which may aid in locating your report: Attorney attacked by adversary

* INSTRUCTIONS: In order to find this record you MUST furnish all information requested above, particularly the complaint number and precinct of record (Occurrence). Verification of your request cannot be made without this information. The complaint number may be obtained by calling the precinct or detective squad concerned during the hours of 9 a.m. to 5 p.m. Do Not Detach — Submit in Duplicate.

Applicant's Signature: [signature]
Date: 3/20/09
Name and address of insurance company: N/A
Date:

FOR POLICE DEPARTMENT USE ONLY

FOLLOWING IS A VERIFICATION OF THE ABOVE REQUEST

MOTOR VEHICLES

CURRENCY — Criminal Records Section, 1 Police Plaza., Rm. 300, NEW YORK, N.Y. 10038

JEWELRY

FURS - CLOTHING

FIREARMS

OFFICE EQUIPMENT

TV RADIOS CAMERAS ETC

HOUSEHOLD GOODS — Criminal Records Section, 1 Police Plaza., Rm. 300, NEW YORK, N.Y. 10038

CONSUMABLE GOODS

MISCELLANEOUS

BRIEFLY DESCRIBE MANNER OF CRIME / LOSS OF PROPERTY:
Harassment — Complainant stated that person listed pushed him from behind at said location.

Criminal Records Section, 1 Police Plaza., Rm. 300, NEW YORK, N.Y. 10038

Shield No.
Report verified by (print title, name/sign): PAA Maxwell
Date: 3/31/09.

# EXHIBIT E

PDF.js viewer      **EXHIBIT E**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

NLG, LLC, a Delaware
Limited Liability Company,
    Plaintiff,

v.                                              CASE NO. 07-19532 CA 11

ELIZABETH HAZAN,
    Defendant.
_____/

## ORDER ON DEFENDANT ELIZABETH HAZAN'S
## EMERGENCY MOTION TO SET ASIDE SHERIFF'S DEED
## (AND VACATE SHERIFF'S SALE)

THIS MATTER having come before the Court on December 15, 2008, on

Defendant's Emergency Motion to Set Aside Sheriff's Deed and Vacate Sheriff's Sale in

the above-styled action, and the Court having heard argument of counsel, testimony of

witnesses, Mark Cohen, Paola Romano, Giuseppe Porcu, Christopher David, Elizabeth

Hazan and Christopher Kosachuk, reviewed the file and otherwise being duly advised in

the premises, it is hereby

ORDERED AND ADJUDGED that:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.      The property located at 6913 Valencia Drive, Fisher Island, Florida 33109 is

found to be the homestead of Elizabeth Hazan. Elizabeth Hazan resided in the home

prior to purchasing the property from NLG. After Defendant Hazan purchased the

property from NLG she registered the property as her homestead. She continuously

resided in the home until after April, 2008, at which time she was traveling and then

sought medical treatment in Montreal, Canada. There was uncontroverted testimony that

PDF.js viewer

CASE NO. 07-19532 CA 11

Ms. Hazan expressed intent to maintain the property as her primary residence and return to the property in November, 2008, after her medical treatment.

2.      The Second Settlement Agreement executed by the parties on October 28, 2008, (the "Settlement Agreement"), did not waive Ms. Hazan's homestead. The provisions concerning the waiver of Hazan's Defenses fails to specifically set forth a waiver of homestead as opposed to earlier versions of the Settlement Agreement rejected by Ms. Hazan.    The earlier settlement drafts had clear and concise provisions to waive homestead.

3.      The Settlement Agreement states that NLG will suspend execution of its judgment upon performance of the Settlement Agreement.   NLG also sent e-mails, as late as November 11, 2008, after it collected payment from Hazan and Hazan dismissed her action against NLG and her appeal, confirming that NLG would dispense with execution proceedings.  There was also personal communication between Mark Cohen and Mr. Kosachuck on November 17, 2008, but Mr. Cohen testified that he was not told by Mr. Kosachuk that NLG was proceeding with the sale. The reasonable conclusion based upon the provisions in the Settlement Agreement and the communications by NLG, would cause Hazan and her attorneys to believe that there was a suspension of the November 19, 2008, sale.

4.      This Court further finds that Ms. Hazan was not in material breach of any provisions of the Settlement Agreement so as to cause the Sheriff's sale to proceed.

5.      On November 19, 2008, prior to the Sheriff's sale, NLG communicated with Fisher Island Community Association's counsel and delivered a $1,000.00 check to allow him to negotiate making payments of Ms. Hazan's Association assessments. In return,

2

PDF.js viewer

CASE NO. 07-19532 CA 11

NLG was promised the Association's future approval of a settlement to pay the Association's assessments. This Court finds that the actions and conduct of NLG in discussing and delivering a payment to the Association on November 19, 2008 literally hours or minutes before the sheriff's sale, in order to "create" a condition of default under the Hazan Settlement Agreement, are unconscionable.

6. Since September, 2008, NLG discovered that Hazan was staying in Canada at her mother's home while she sought medical treatment. During this time, NLG communicated with the Sheriff's Office and provided the Sheriff with the address of the Fisher Island property so that the Sheriff could provide service of the Notice of Sheriff's Sale and Notice of Sheriff's levy to Ms. Hazan. However, NLG did not advise the Sheriff of the Canadian address. NLG's delivery of the Fisher Island address to the Sheriff is further evidence that NLG recognized the Fisher Island property as Ms. Hazan's residence. NLG's failure to give the Sheriff the Canadian address shows an attempt to conceal the notice of the sale from Ms. Hazan, which notice she denies receiving.

Based upon the foregoing, it is ORDERED AND ADJUDGED that:

A. The Sheriff's Sale is set aside and vacated and the Sheriff's Deed dated November 19, 2008, for the property is vacated and the Sheriff's Deed is hereby SET ASIDE. . The title of Defendant, Elizabeth Hazan, to the following described real property in Miami-Dade County, Florida:

**Lot 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, recorded in Plat Book 157, Page 64, of the Public Records of Miami-Dade County, Florida.**

is a good title against the claims or purported claims of Plaintiff, NLG, LLC, and all other parties claiming by through, under or against it and those claims or purported claims are

3

PDF.js viewer

CASE NO. 07-19532 CA 11

cancelled and the title to the property is forever quieted to Elizabeth Hazan as to NLG, LLC.

        B.     NLG, LLC and Chris Kosachuck, and all parties having or claiming to have any rights of possession of the property through NLG, LLC., or Chris Kosachuck and all those parties since the filing of the Notice of Lis Pendens in this cause are to vacate the property located at 6913 Valencia Drive, Fisher Island, Florida 33109 ("premises"), on or before noon on December 21, 2008, and deliver the keys to Hazan or her agents, and leave the premises in good condition. The Clerk of this Court is directed to issue a Writ of Possession after December 21, 2008, to the Sheriff of Miami-Dade County, directing him to put Elizabeth Hazan in possession of the aforesaid premises after twenty-four hours notice has been conspicuously posted on said premises all for which let execution issue.

        C.     This Court reserves jurisdiction to determine entitlement and amount for reimbursement of expenses incurred by Plaintiff, NLG, LLC, in restoring utilities to the property, repairing the property, and any other expenses relating to the maintenance of the property.

        DONE AND ORDERED in Miami-Dade County, Florida on this _18_ day of December, 2008.

                                Honorable Robert N. Scola, Jr.
                                Circuit Court Judge

Copies furnished to:
Michael W. Simon, Esq., Simon, Sigalos & Spyredes, P.A., 3839 NW Boca Raton Boulevard, Suite 100, Boca Raton, Florida 33431
Christopher M. David, Esq., David and Joseph, P.L., 1001 Brickell Bay Drive, Miami, Florida 33130
Mark D. Cohen, P.A., Presidential Circle, Ste, 435 South, 4000 Hollywood Boulevard, Hollywood, Florida 33021

4

PDF.js viewer

2/19/21, 7:10 AM

Bk 26705 Pg 3722 CFN 20090002500 01/05/2009 07:51:22 Pg 4 of 4 Mia-Dade Cty, FL

# EXHIBIT F

**EXHIBIT F**

## SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: _BRAUN_      PART _23_
           *Justice*

GLOBAL RETAIL CONSULTANTS    INDEX NO. _116915/09_

- V -     MOTION DATE _3/4/10_

NLG, LLC et al.    MOTION SEQ. NO. _001_

   MOTION CAL. NO. _____

The following papers, numbered 1 to _3_ were read on this motion to/for _injunctive and declaratory relief_

| | PAPERS NUMBERED |
|---|---|
| ~~Notice of Motion~~/ Order to Show Cause — Affidavits — Exhibits ... | 1 |
| Answering Affidavits — Exhibits | 2 |
| Replying Affidavits | 3 |

**Cross-Motion:** ☒ Yes ☐ No

Upon the foregoing papers, it is ordered that this motion is granted on default, and the cross motion denied (no cross motion having been submitted by defendants) based upon defendants' failure to appear for oral argument on this date, to the extent that it is

ORDERED that, pending the determination of this action, defendants and any of their officers, agents, servants, employees, or persons in active concert or participation with any of them, are restrained and enjoined from (1) representing that Raymond Houle signed documents transferring ownership of plaintiff companies to either defendant, (2) holding themselves out as the owners, shareholders, members, agents, presidents, board of directors, management, or any other representative of either Global Retail Consultants, Inc. or World of Concepts, LLC, acting individually or through any corporation or other entity that they own, control or operate, and (3) binding or otherwise acting on behalf of Global Retail Consultants, Inc. and World of Concepts, LLC, with respect to, and toward any banking institution, federal credit union, a client of plaintiffs, debtor or creditor of plaintiffs, a government entity, a current or former employee, a private individual or company, or any other entity either individually or through any corporation or other entity that the defendants own, control, operate.

**FILED**
MAR 08 2010
NEW YORK
COUNTY CLERK'S OFFICE

ENTER: _____

Dated: New York, New York, March 4 _____    J.S.C.

Check one: ☐ FINAL DISPOSITION ☒ NON-FINAL DISPOSITION

Check if appropriate: ☐ DO NOT POST ☐ REFERENCE

*MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):*