UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE



| | |
|---|---|
| In re: | Case No. 21-11269-JKS |
| NLG, LLC, <br> a Delaware LLC <br> Debtor | Chapter 7 |
| _____/ | |
| NLG, LLC <br> Plaintiff | |
| V. | Adversary Case No. 22-ap-50086-JKS |
| | Original Case No. 18-cv-21398-JEM |
| SELECTIVE ADVISORS GROUP, LLC <br> _____/ | |

### CHRIS KOSACHUK'S OBJECTION TO CERTIFICATION OF COUNSEL AND PROPOSED ORDERS OF DISMISSAL [A.D.I. 60] AND MOTION FOR LEAVE TO INTERVENE AND SUBSTITUTE AS PLAINTIFF FOR NLG, LLC

Chris Kosachuk, *pro se* Objector and Petitioning Creditor of NLG, LLC ("NLG"), hereby objects (the "Objection") to the Certification of Counsel and Proposed Orders of Dismissal [A.D.I. 60] (the "Certification") and Moves for Leave to Intervene and Substitute as Plaintiff in place of NLG (the "Motion to Intervene"). In support of the Objection and Motion to Intervene, Mr. Kosachuk respectfully states as follows:

1. On September 24, 2021, (the "Petition Date"), Chris Kosachuk ("Kosachuk") filed an involuntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code against the Debtor in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Mr. Kosachuk is owed at least $6 million from NLG directly and indirectly that amount from Elizabeth Hazan a/k/a Liza Hazan.

2. On January 7, 2022, the Court entered an *Order for Relief in an Involuntary Case*, therein granting an order for relief under Chapter 7 of the Bankruptcy Code against the Debtor [D.I. 10].

3. On the same day, the United States Trustee appointed the Trustee as the interim Chapter 7 trustee, which appointment remains in effect [D.I. 8].

4. On January 18, 2022, the Florida District Court entered an Order transferring the Adversary Proceeding to the United States District Court for the District of Delaware, who then referred the Adversary Proceeding to the Bankruptcy Court, where it is currently pending (the "NLG v. Selective Adversary").

5. On May 18, 2022, the Court entered an order holding this adversary proceeding in abeyance for 90 days. [A.D.I. 10].

6. On August 11, 2022, Mr. Kosachuk filed a Motion To End Abeyance, for Leave to Intervene and to Amend Complaint. [A.D.I. 13, 17 and 18].

7. On August 16, 2022, Mr. Kosachuk filed a Motion to Convert Involuntary Chapter 7 Case to a Voluntary Chapter 11 Case. [*See In Re NLG, LLC* Case No. 21-11269-JKS D.I. 71].

8. Later that day the Trustee and Selective filed a Second Motion seeking to hold the adversary in abeyance. [A.D.I. 19].

9. On September 14, 2022, the Court granted the Second Motion and ordered the adversary held in abeyance until October 14, 2022. [A.D.I. 28].

10. On September 14, 2022, the Court denied the Motion to Intervene without prejudice. [A.D.I. 29].

11. On September 30, 2022, the Trustee filed a Motion for an Order Approving Settlement Agreement with Non-Party Liza Hazan of the NLG v. Selective Adversary (the "9019

Motion") [D.I. 82 and A.D.I. 32]. Ms. Hazan was and is not a party to the NLG v. Selective Adversary.

12. On October 17, 2022, Mr. Kosachuk filed an Objection to the 9019 Motion. [A.D.I. 34].

13. On October 25, 2022, the Court heard the 9019 Motion and Trustee Alfred T. Giuliano testified. [*See Transcript* A.D.I. 40]. Selective did not appear at the hearing nor did counsel for Selective. Ms. Hazan and Mr. Meehan also failed to appear at the hearing.

14. On November 14, 2022, Mr. Meehan and Ms. Hazan filed post-hearing objections and Ms. Hazan filed a recission of her settlement agreement with the Trustee. [A.D.I. 41 and 42].

15. On November 18, 2022, the Court entered an Order to Show Cause in relation to the Settlement Motion. [A.D.I. 44].

16. On December 9, 2022, the Mr. Kosachuk filed a response. [A.D.I.46]

17. On December 9, 2022, the Trustee filed a response whereby he agreed to withdraw the 9019 Motion and mark the bankruptcy as a no asset case. [A.D.I.47].

18. On December 14, 2022, the Trustee withdrew his 9019 Motion. [A.D.I. 51].

19. On December 16, 2022, the Court conducted a hearing on the Order to Show Cause.

20. On December 19, 2022, the Trustee marked the NLG bankruptcy as a no asset case. [D.I. 120].

21. On December 23, 2022, Mr. Kosachuk filed a Motion to Abandon Pursuant to Section 554 [D.I. 124].

22. On December 30, 2022, the Trustee's Counsel filed a Certification of Counsel and Proposed Orders of Dismissal of this adversary. [A.D.I. 60]. The Trustee's proposed order of

dismissal is without prejudice and Selective's is with prejudice. Both are problematic and should be rejected by this Court.

23. While it is understandable why Selective would agree to a dismissal, it is patently offensive for the Trustee to agree to a dismissal other than to advance his own agenda at the expense of NLG's creditors including Mr. Kosachuk who has a pending adversary seeking the cancellation of the Judgment by Confession indebtedness *nunc pro tunc,* to date of entry of February 22, 2012. [*See Kosachuk v. 9197-5904 Quebec, Inc. and Selective Advisors Group, LLC* Case No. 22-ap-50421-JKS]. This proposed dismissal also effects Creditor Juan Ramirez, who has a pending challenge to the Judgment by Confession in New York, which has been pending since September 2020. [*See Ramirez v. Selective Advisor Group, LLC* Index No. 20-654670].

24. On January 4, 2023, the Court ordered an Omnibus hearing on January 31, 2023. [D.I. 129].

25. On January 5, 2023, Mr. Kosachuk noticed his Motion to Abandon for January 31, 2023. [D.I. 130].

26. This Court should remember that Trustee, Alfred T. Giuliano, correctly stated in his Motion for Examination [D.I. 51]: "The Trustee suspects that wrongdoing may have occurred in this case. Indeed, a thorough review of the relevant documents and prepetition proceedings suggests that certain parties appear to have submitted false filings to several courts, resulting in ill-gotten judgments that extinguished the Debtor's mortgage [and Final Judgment of Foreclosure] on a multi-million-dollar [Fisher Island, FL] property.

27. More accurately a sham New York Judgment by Confession in the amount of $5,000,225.00 (the "Sham Judgment" or "Judgment by Confession") was used to wipe out NLG's legitimate Final Judgment of Foreclosure in the amount of $4,876,654.29. To add insult to injury,

the Florida Bankruptcy Court even found that NLG still owes $123,570.71 pursuant to this Sham Judgment. [*See Amended Complaint* A.D.I. 166 pp. 154-168].

28. The Sham Judgment was orchestrated by Elizabeth Hazan's attorney of record Darius A. Marzec. Indeed Mr. Marzec notarized and recorded the Sham Judgment. As a result, Ms. Hazan has had a windfall exceeding $9 million at the expense of NLG, its creditors and its owner.

29. Trustee Alfred T. Giuliano previously described correctly how this wipe out occurred in a filing before the Florida Southern District Bankruptcy Court [*In Re Hazan* Case No. 16-10389-ACJ - D.I. 1155 – June 6, 2022]:

> •To fund the purchase of the Property, Hazan executed a promissory note in favor of NLG in the original principal amount of $1,275,000, as well as a purchase money mortgage to secure the debt.
>
> • Shortly after the purchase, Hazan defaulted under the note (as well as a subsequent settlement agreement) for failure to make payment, which resulted in NLG's commencement of enforcement proceedings.
>
> • NLG prevailed in those enforcement proceedings and obtained a judgment for the amounts owed, about $1,600,000 (the "Scolla [*sic*]Judgment").
>
> • About one month later, Hazan formed a shell company in Canada, which would be "managed" by Hazan's friend, Richard [Raymond] Houle, in exchange for Hazan's promise to pay Houle $200,000 for his role. The shell company, Quebec, does no business.
>
> • NLG and Hazan then entered into a second settlement agreement to bring her mortgage arrears current, which Hazan again defaulted under. NLG commenced a foreclosure action.
>
> • Faced with limited options, Hazan's shell company, Quebec, bought a $40,000 judgment against Kosachuk personally, which was held by Kosachuk's exgirlfriend [*sic*] (the "Lorret Judgment").
>
> • While the foreclosure action was pending, Quebec quietly domesticated the Lorret Judgment in Pennsylvania. Once domesticated, Quebec sought a charging order against both Kosachuk and NLG, **which was granted by default. This is the moment when Hazan's scheme came to fruition**.
>
> • The charging order, drafted by Hazan's counsel, was uniquely wide-sweeping and

granted Quebec both economic and management rights in NLG. With this purported authority, Quebec, acting on behalf of itself and NLG, filed the Confession of Judgment - not in the amount of the Lorret Judgment (i.e., $40,000), but in the amount of 5,000,225 for an alleged tort. So, in effect, a $40,000 judgment somehow turned into a judgment of more than $5,000,000. Quebec then used the confession of judgment to set off the Scolla [*sic*] Judgment, instead of the Lorret Judgment, and satisfied NLG's mortgage.

• The problem (among many others), however, is that the charging order was quickly ***vacated for Quebec's intentional failure to provide notice to NLG***.[1] So any authority to act under the charging order was also vacated.[2]

• Despite the charging order being vacated for a violation of due process, Quebec continued to make representations to various courts that the confession of judgment, including its attachments and sworn affidavits, was truthful and accurate.

• ***So here is the rub: Hazan, through her shell companies, bought a $40,000 judgment against Kosachuk, used that $40,000 judgment to obtain a default charging order in knowing violation of due process (as the New York state court ultimately held), took that default charging order and used it to turn a $40,000 judgment against Kosachuk personally into a $5,000,225 judgment against NLG, and then continued to parade the $5,000,225 judgment around various courts even though the underlying authority (i.e., the charging order) was vacated. Hazan is now living in a multimillion-dollar mansion, in the County's most exclusive zip code, without having paid even a fraction of the NLG mortgage.***

30.    These facts are all true and undisputed by Selective, Mr. Meehan or Ms. Hazan. The Trustee has never refuted his own statements regarding the sham Judgment by Confession, and undersigned has relied on those statements, unfortunately to his grave detriment.

31.    Trustee Giuliano attempted to negotiate a settlement of the Hazan Claims but failed after months of negotiating even when the Trustee and his attorneys were warned multiple times over multiple months that Hazan would never honor any settlement agreement. [*See* Order to Show Cause D.I. 104]. During this time, they failed to prosecute the pending adversary, where NLG has a fully briefed Motion for Summary Judgment pending.

---

[1] The Order vacating the charging order is attached as **Exhibit "A"** to the Motion for Leave [A.D.I. 13] and incorporated by reference herein. In the Order, the court admonishes Quebec [and Mr. Marzec], stating, "Quebec chose not to give notice to NLG despite having had a judgment entered against NLG."

[2] See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) ("A judgment rendered in violation of due process is void . . . .").

32. The Trustee has decided that he does not want to proceed with the NLG Adversary, without explaining why this void Judgment by Confession, which New York regards as a nullity, should not be challenged in the NLG adversary. He certainly has not explained why it should be dismissed with prejudice as that will only serve to perpetuate Ms. Hazan's frauds on the courts and unjust enrichment at the expense of NLG, its creditors and owner. Even a dismissal without prejudice would prejudice NLG and its creditors because the NLG adversary was filed within the statute of limitations if one applies.

33. Mr. Kosachuk was relying on the Trustee and his counsel to prosecute the NLG v. Selective Adversary because they clearly understood how the void Judgment by Confession was used to the detriment of NLG and all its creditors as detailed above.

34. At a minimum, the Court should allow Mr. Kosachuk to intervene, substitute as plaintiff in place of NLG and proceed. Mr. Kosachuk is prepared to prosecute the pending Motion for Summary Judgment. This Court should remember that the NLG Adversary has been pending since April 2018, almost five years.

### REQUESTED RELIEF

35. Mr. Kosachuk seeks leave to intervene and substitute as the plaintiff in place of NLG in the NLG v. Selective adversary and proceed to adjudication on the merits of NLG's claims that the New York Judgment by Confession is void and declare the parties' rights.

### BASIS FOR RELIEF

36. The Bankruptcy Court has broad authority to take any action necessary or appropriate to prevent an abuse of process. *See Marrama v. Citizen Bank of Mass.*, 549 U.S. 365, 375 (2007) (citing Section 105 (a) of the Bankruptcy Code). This void Judgment by Confession is definitively an abuse of process.

37.     It is in the best interest of NLG, LLC, all of its creditors, lawyers and interested parties that the Judgment by Confession be stricken *nunc pro tunc* to date of entry and/or the indebtedness be cancelled nunc pro tunc to date of entry of February 22, 2012.  At a minimum this Court needs to rule that the Judgment by Confession was no longer enforceable against NLG after the September 4, 2015 satisfaction as requested in Count II of the NLG v Selective Adversary.

## NOTICE

38.     Notice of this Motion shall be given to (a) Alfred T. Giuliano as Trustee for the Estate of NLG, LLC and his attorneys (b) counsel for Selective Advisors Group, LLC and (c) Elizabeth Hazan (d) all parties requesting notice in this proceeding pursuant to Bankruptcy Rule 2002.  Mr. Kosachuk submits that such notice is sufficient, and that no other or further notice is necessary or required.  Mr. Kosachuk requests that the Court find that such notice is adequate and proper.

WHEREFORE, Mr. Kosachuk respectfully requests entry of an order sustaining his objection, granting leave to intervene and substitute as Plaintiff in this Adversary Proceeding and granting such other and further relief as is equitable and just.

Dated:  January 12, 2023

Respectfully submitted,

_____
Chris Kosachuk
*Pro Se Movant*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No. 21-11269-JKS |
| NLG, LLC,<br>a Delaware LLC<br>Debtor<br>_____/ | Chapter 7 |
| NLG, LLC<br>Plaintiff | |
| V. | Adversary Case No. 22-ap-50086-JKS |
| | Original Case No. 18-cv-21398-JEM |
| SELECTIVE ADVISORS GROUP, LLC<br>_____/ | |

### ORDER SUSTAINING CHRIS KOSACHUK'S OBJECTION AND GRANTING MOTION FOR LEAVE TO INTERVENE

Upon consideration of the *Objection and Motion for Leave to Intervene and for Leave to Amend Complaint* (the "Motion"); and the Court having considered the Motion and determined that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors; (iv) proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary; and (v) upon the record herein, after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.

It is hereby **ORDERED**:

1. The Objection is sustained for the reasons stated on the record
2. The Motion is **GRANTED**.
3. Mr. Kosachuk is granted leave to intervene and proceed as the party plaintiff in

place of NLG.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:                                              Case No. 21-11269-JKS

NLG, LLC,
a Delaware LLC                                      Chapter 7
Debtor
_____/

NLG, LLC
Plaintiff

V.                                                  Adversary Case No. 22-ap-50086-JKS

                                                    Original Case No. 18-cv-21398-JEM

SELECTIVE ADVISORS GROUP, LLC                       Hearing Date: January 31, 2022 1:00PM

                                                    Objection Date: January 20, 2022 4:00PM


_____/

RECEIVED JAN 1 2 2023 By_____

## NOTICE OF CHRIS KOSACHUK'S MOTION FOR LEAVE TO INTERVENE

TO: THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE; ALFRED T. GIULIANO, TRUSTEE FOR THE ESTATE OF NLG, LLC, COUNSEL FOR SELECTIVE ADVISORS GROUP LLC AND THOSE PERSONS WHO HAVE REQUESTED NOTICE PURSUANT TO BANKRUPTCY RULE 2002

**PLEASE TAKE NOTICE** that Chris Kosachuk has filed a Motion which seeks leave to intervene and leave to intervene and proceed as plaintiff in place of NLG.

**PLEASE TAKE FURTHER NOTICE** that if you seek to object or otherwise respond to the Motion, you must file a response/objection to the Motion on or before **January 20, 2022 at 4:00p.m.** in writing, with the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, DE 19899-2323. If a copy of the Motion is not enclosed, you may obtain it by sending a written request to Chris Kosachuk at the address listed

below.

**PLEASE TAKE FURTHER NOTICE** that at the same time, you must also serve a copy of the response/objection upon Chris Kosachuk.

>**Chris Kosachuk**
>**854 Pheasant Run Rd**
>**West Chester, PA 19382-8144**
>chriskosachuk@gmail.com

A HEARING IS SCHEDULED FOR

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

>Respectfully submitted,
>
>_____
>Chris Kosachuk
>*Pro Se Movant*
>854 Pheasant Run Rd.
>West Chester, PA 19382-8144
>(305) 490-5700
>chriskosachuk@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re:                                                                Case No. 21-11269-JKS

NLG, LLC,
a Delaware LLC                                                Chapter 7
Debtor
_____/

NLG, LLC
Plaintiff

V.                                                                       Adversary Case No. 22-ap-50086-JKS

                                                                         Original Case No. 18-cv-21398-JEM

SELECTIVE ADVISORS GROUP, LLC
_____/

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of January 2023 a true and correct copy of foregoing was hand delivered to the Clerk of Court for electronic filing, which will electronically serve a copy of the foregoing document on all parties of record and was emailed directly to counsel of record by Movant.

Respectfully submitted,

_____
Chris Kosachuk
*Pro Se Movant*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

**SERVICE LIST**

**Via CM/ECF/EMAIL**
All parties of record