UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

FILED
2023 JAN 13 AM 10: 55

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No. 21-11269-JKS |
| NLG, LLC, a Delaware LLC<br>Debtor<br>_____/ | Chapter 7 |
| NLG, LLC<br>Plaintiff | |
| V. | Adversary Case No. 22-ap-50086-JKS |
| | Original Case No. 18-cv-21398-JEM |
| SELECTIVE ADVISORS GROUP, LLC<br>_____/ | |

**JUAN RAMIREZ'S OBJECTION TO CERTIFICATION OF COUNSEL AND
PROPOSED ORDERS OF DISMISSAL [A.D.I. 60]**

Juan Ramirez, *pro se* creditor of NLG, LLC ("NLG"), hereby objects to the Certification of Counsel and Proposed Orders of Dismissal [A.D.I. 60] (the "Certification"). In support of this Objection, Ramirez respectfully states as follows:

1. On September 24, 2021, Chris Kosachuk filed an involuntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code against the Debtor in the United States Bankruptcy Court for the District of Delaware. Ramirez is owed approximately $1.5 million in legal fees from his representation of NLG.

2. On January 7, 2022, the Court entered an *Order for Relief in an Involuntary Case*, therein granting an order for relief under Chapter 7 of the Bankruptcy Code against the Debtor [D.I. 10].

3. On the same day, the United States Trustee appointed the Trustee as the interim Chapter 7 trustee, which appointment remains in effect [D.I. 8].

4. On January 18, 2022, the Florida District Court entered an Order transferring the Adversary Proceeding to the United States District Court for the District of Delaware, who then referred the Adversary Proceeding to the Bankruptcy Court, where it is currently pending (the "NLG v. Selective Adversary").

5. Trustee, Alfred T. Giuliano, stated in his Motion for Examination [D.I. 51]: "The Trustee suspects that wrongdoing may have occurred in this case. Indeed, a thorough review of the relevant documents and prepetition proceedings suggests that certain parties appear to have submitted false filings to several courts, resulting in ill-gotten judgments that extinguished the Debtor's mortgage [and Final Judgment of Foreclosure] on a multi-million-dollar [Fisher Island, FL] property.

6. In fact, a sham New York Judgment by Confession in the amount of $5,000,225.00 (the "Sham Judgment" or "Judgment by Confession") was used to wipe out NLG's legitimate Final Judgment of Foreclosure in the amount of $4,876,654.29. The Florida Bankruptcy Court even found that NLG still owes $123,570.71 pursuant to this Sham Judgment. [*See Amended Complaint* A.D.I. 166 pp. 154-168].

7. Trustee Alfred T. Giuliano previously described correctly how this wipe out occurred in a filing before the Florida Southern District Bankruptcy Court [*In Re Hazan* Case No. 16-10389-ACJ - D.I. 1155 – June 6, 2022]:

> •To fund the purchase of the Property, Hazan executed a promissory note in favor of NLG in the original principal amount of $1,275,000, as well as a purchase money mortgage to secure the debt.
>
> • Shortly after the purchase, Hazan defaulted under the note (as well as a subsequent settlement agreement) for failure to make payment, which resulted in NLG's commencement of enforcement proceedings.
>
> • NLG prevailed in those enforcement proceedings and obtained a judgment for the amounts owed, about $1,600,000 (the "Scolla [*sic*]Judgment").

- About one month later, Hazan formed a shell company in Canada, which would be "managed" by Hazan's friend, Richard [Raymond] Houle, in exchange for Hazan's promise to pay Houle $200,000 for his role. The shell company, Quebec, does no business.

- NLG and Hazan then entered into a second settlement agreement to bring her mortgage arrears current, which Hazan again defaulted under. NLG commenced a foreclosure action.

- Faced with limited options, Hazan's shell company, Quebec, bought a $40,000 judgment against Kosachuk personally, which was held by Kosachuk's exgirlfriend [*sic*] (the "Lorret Judgment").

- While the foreclosure action was pending, Quebec quietly domesticated the Lorret Judgment in Pennsylvania. Once domesticated, Quebec sought a charging order against both Kosachuk and NLG, **which was granted by default. This is the moment when Hazan's scheme came to fruition**.

- The charging order, drafted by Hazan's counsel, was uniquely wide-sweeping and granted Quebec both economic and management rights in NLG. With this purported authority, Quebec, acting on behalf of itself and NLG, filed the Confession of Judgment - not in the amount of the Lorret Judgment (i.e., $40,000), but in the amount of 5,000,225 for an alleged tort. So, in effect, a $40,000 judgment somehow turned into a judgment of more than $5,000,000. Quebec then used the confession of judgment to set off the Scolla [*sic*] Judgment, instead of the Lorret Judgment, and satisfied NLG's mortgage.

- The problem (among many others), however, is that the charging order was quickly **vacated for Quebec's intentional failure to provide notice to NLG**.[1] So any authority to act under the charging order was also vacated.[2]

- Despite the charging order being vacated for a violation of due process, Quebec continued to make representations to various courts that the confession of judgment, including its attachments and sworn affidavits, was truthful and accurate.

- ***So here is the rub: Hazan, through her shell companies, bought a $40,000 judgment against Kosachuk, used that $40,000 judgment to obtain a default charging order in knowing violation of due process (as the New York state court ultimately held), took that default charging order and used it to turn a $40,000 judgment against Kosachuk personally into a $5,000,225 judgment against NLG, and then continued to parade the $5,000,225 judgment around various courts even though the underlying authority (i.e., the charging order) was vacated. Hazan is now living in a multimillion-dollar mansion,***

---

[1] The Order vacating the charging order is attached as **Exhibit "A"** to the Motion for Leave [A.D.I. 13] and incorporated by reference herein. In the Order, the court admonishes Quebec [and Mr. Marzec], stating, "Quebec chose not to give notice to NLG despite having had a judgment entered against NLG."

[2] See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) ("A judgment rendered in violation of due process is void . . . .").

*in the County's most exclusive zip code, without having paid even a fraction of the NLG mortgage.*

8. These facts are all true and undisputed by Selective, Mr. Meehan or Ms. Hazan. The Trustee has never refuted his own statements regarding the sham Judgment by Confession, and Ramirez relied on those statements.

9. Trustee Giuliano attempted to negotiate a settlement of the Hazan Claims but failed after months of negotiating even when the Trustee and his attorneys were warned multiple times over multiple months that Hazan would never honor any settlement agreement. [*See* Order to Show Cause D.I. 104]. During this time, they failed to prosecute the pending adversary, where NLG has a fully briefed Motion for Summary Judgment pending.

10. The Trustee has decided that he does not want to proceed with the NLG Adversary, without explaining why this void Judgment by Confession, which New York regards as a nullity, should not be challenged in the adversary. He certainly has not explained why it should be dismissed with prejudice as that will only serve to perpetuate Ms. Hazan's frauds on the courts and unjust enrichment at the expense of NLG, its creditors and owner. Even a dismissal without prejudice would prejudice NLG and its creditors because the adversary was filed within the statute of limitations.

## REQUESTED RELIEF

11. Mr. Ramirez seeks an order sustaining his objection in the NLG v. Selective adversary because it may adversely affect him and his pending challenge to the void Judgment by Confession.

## BASIS FOR RELIEF

12. The Bankruptcy Court has broad authority to take any action necessary or appropriate to prevent an abuse of process. *See Marrama v. Citizen Bank of Mass.*, 549 U.S. 365,

375 (2007) (citing Section 105 (a) of the Bankruptcy Code). This void Judgment by Confession is definitively an abuse of process.

13. It is in the best interest of NLG, LLC, all of its creditors, lawyers and interested parties that the Judgment by Confession be stricken *nunc pro tunc* to date of entry and/or the indebtedness be cancelled *nunc pro tunc* to date of entry of February 22, 2012. At a minimum this Court needs to rule that the Judgment by Confession was no longer enforceable against NLG after the September 4, 2015 satisfaction as requested in Count II of the NLG v Selective Adversary.

## NOTICE

14. Notice of this Objection shall be given to (a) Alfred T. Giuliano as Trustee for the Estate of NLG, LLC and his attorneys (b) counsel for Selective Advisors Group, LLC and (c) Elizabeth Hazan (d) all parties requesting notice in this proceeding pursuant to Bankruptcy Rule 2002. Mr. Ramirez submits that such notice is sufficient, and that no other or further notice is necessary or required. Mr. Ramirez requests that the Court find that such notice is adequate and proper.

WHEREFORE, Mr. Ramirez respectfully requests entry of an order sustaining his objection, and granting such other and further relief as is equitable and just.

Dated: January 12, 2023

Respectfully submitted,

**JUAN RAMIREZ, JR.**
*Pro Se Objector*

*[signature]*

Juan Ramirez, Jr. (*pro se*)
1331 Brickell Bay Dr., #708
Miami, FL 33131
(305) 479-0150
jr@adrmiami.com

_____



**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

FILED
2023 JAN 13  AM 10: 55
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No. 21-11269-JKS |
| NLG, LLC,<br>a Delaware LLC<br>Debtor | Chapter 7 |
| _____ / | |
| NLG, LLC<br>Plaintiff | |
| V. | Adversary Case No. 22-ap-50086-JKS |
| | Original Case No. 18-cv-21398-JEM |
| SELECTIVE ADVISORS GROUP, LLC<br>_____ / | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of January 2023 a true and correct copy of foregoing was overnighted to the Clerk of Court for electronic filing, which will electronically serve a copy of the foregoing document on all parties of record and was emailed directly to counsel of record.

Respectfully submitted,
**JUAN RAMIREZ, JR.**
*Pro Se Objector*

*/s/ Juan Ramirez Jr.*

Juan Ramirez, Jr. (*pro se*)
1331 Brickell Bay Dr., #708
Miami, FL 33131
(305) 479-0150
jr@adrmiami.com

**SERVICE LIST**

**Via CM/ECF/EMAIL**
All parties of record