**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re:                                              Case No. 21-11269-JKS

NLG, LLC,
a Delaware LLC                                      Chapter 7
Debtor
_____/

NLG, LLC
Plaintiff

V.                                                 Adversary Case No. 22-ap-50086-JKS

                                                   Original Case No. 18-cv-21398-JEM

SELECTIVE ADVISORS GROUP, LLC
Defendant
_____/

## NOTICE OF APPEAL

Chris Kosachuk ("Kosachuk"), *pro se,* appeals under 28 U.S.C. § 158(a) to the United

States District Court for the District of Delaware from the Order Granting Motion to Dismiss [Doc.

69], filed on February 16, 2023 and entered on the docket on February 16, 2023 in this case (the

"Order"), and the Memorandum Order Denying Motion for Rehearing [Doc. 74] filed on May 3,

2023 and entered on the docket on May 3, 2023 in this case (the "Rehearing Order"), copies of

which are attached to this Notice of Appeal.

In appealing from these Orders, Appellant appeals from all orders and decisions antecedent

and ancillary thereto, including all interlocutory judgments, decrees, rulings, reports,

recommendations and opinions that merged into and became part of the Orders, that shaped the

Orders, that are related to the Orders and upon which the Orders are based.

The names of all parties to the judgment, order or decree appealed from and the names,

addresses, and telephone numbers of their respective attorneys are as follows:

## Part 1. Identify the Appellant:

1. Names of Appellant:  Chris Kosachuk

2. Position of Appellant: Creditor/Interested Party

### Appellant:

Chris Kosachuk
*Pro Se* Appellant
854 Pheasant Run Road
West Chester, PA 19382
(305) 490-5700
chriskosachuk@gmail.com

## PART 2. Identify the subject of this appeal:

1. Describe the judgment, order or decree appealed from:

   Order Granting Motion to Dismiss [Doc. 69] and

   Memorandum Order Denying Motion for Rehearing [Doc. 74]

2. State the date on which the Orders were entered on the docket:

   February 16, 2023 and

   May 3, 2023

## PART 3: Identify the other parties to the appeal

### Party: Plaintiff                               Attorney

NLG, LLC

8 The Green, Suite A

Dover, DE 19901

**Party: Defendants**

Selective Advisors Group, LLC

**Attorney**

Julia Bettina Klein
Klein LLC
225 W 14th Street, Suite 100
Wilmington, DE 19801
(302) 438-0456
klein@kleinllc.com

**Party: Chapter 7 Trustee**

Alfred T. Giuliano
Chapter 7 Trustee
Giuliano Miller & Co., LLC
2301 E. Evesham Road
Pavillion 800, Suite 210
Voorhees, NJ 08043
atgiuliano@giulianomiller.com

**Attorney**

Seth A. Niederman
Fox Rothschild LLP,
919 North Market Street, Suite 300
PO Box 2323
Wilmington, DE 19899
302-622-4238
302-656-8920 (fax)
sniederman@foxrothschild.com

May 17 2023

Respectfully submitted,

Chris Kosachuk
*Pro Se Appellant*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of May 2023 a true and correct copy of the foregoing was hand delivered to the Clerk of Court for electronic filing, which will electronically serve a copy of the foregoing document on all parties of record and was emailed directly to counsel of record by Appellant.

Respectfully submitted,

_____

Chris Kosachuk
*Pro Se Appellant*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## SERVICE LIST

*Served via CM/ECF or Email*

All parties of record

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 7 |
| NLG, LLC, | Case No. 21-11269 (JKS) |
| Debtor. | |
| ALFRED T. GIULIANO, the Chapter 7<br>Trustee for the estate of NLG, LLC, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 22-50086 (JKS) |
| SELECTIVE ADVISORS GROUP, LLC, | **Related Adv. D.I. 60, 61, and 62** |
| Defendant. | |

## <u>ORDER DISMISSING ADVERSARY PROCEEDING</u>

Upon consideration of the *Certification of Counsel Regarding Competing Forms of*

*Order Dismissing Adversary Proceeding* (Adv. D.I. 60) (the "<u>Certification of Counsel</u>"), filed by

counsel for Plaintiff Alfred T. Giuliano, Chapter 7 Trustee (the "<u>Trustee</u>") for the estate of NLG,

LLC (the "<u>Debtor</u>" or "<u>NLG</u>") and Defendant Selective Advisors Group, LLC ("<u>Selective</u>"); and

Chris Kosachuk's Objection to Certification of Counsel and Proposed Order of Dismissal and

Motion for Leave to Intervene and Substitute as Plaintiff for NLG, LLC (Adv. D.I. 61)

("<u>Kosachuk Response</u>"); and Juan Ramirez's Objection to Certification of Counsel and Proposed

Orders of Dismissal (Adv. D.I. 62); and the Court having jurisdiction over this matter; and venue

being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

heard argument from the parties regarding the dismissal of the adversary proceeding; and upon

consideration of the record and proceedings before the Court and after due deliberation, and sufficient cause appearing therefor; it is hereby

**FOUND AND DETERMINED THAT:**

A.    On January 7, 2022, the Court entered an Order for Relief in an Involuntary Case, therein granting an order for relief under chapter 7 of the Bankruptcy Code against the Debtor. D.I. 7.

B.    On the same day, the United States Trustee appointed the Trustee, which appointment remains in effect. D.I. 8. The Trustee is an independent fiduciary to the estate. The Trustee's powers and duties include pursuing the estate's causes of action, including the Adversary Proceeding, as defined below.[1]

C.    The instant action was commenced on April 10, 2018, by NLG against Selective in the United States District Court for the Southern District of Florida. *See* Adv. D.I. 2. On January 18, 2022, the Florida District Court entered an Order transferring the action to the United States District Court for the District of Delaware, which then transferred the action to the Bankruptcy Court (the "Adversary Proceeding"). Adv. D.I. 1.

D.    On September 30, 2022, the Trustee filed the Motion for an Order Approving Agreement by and Among the Chapter 7 Trustee and Liza Hazan (the "Settlement Motion"). Adv. D.I. 32.

---

[1] *Kind Operations, Inc. v. Cadence Bank, N.A. (In re PA Co-Man, Inc.)*, 644 B.R. 553, 570 (Bankr. W.D. Pa. 2022).

2

E.     The Settlement Motion sought approval of an agreement between the Trustee and Hazan that settled the Adversary Proceeding and included releases of Hazan, Sean Neil Meehan, Selective, Raymond Houle, and 9197-5904 Quebec, Inc.[2]

F.     A hearing was held on the Settlement Motion on October 25, 2022, and the Court took the Settlement Motion under advisement.

G.     While the Settlement Motion was under advisement, Sean Neil Meehan, AAM, and Selective objected to the Settlement Motion; and Liza Hazan filed a rescission of settlement and objected to the Settlement Motion. Adv. D.I. 41 and 42, respectively.

H.     On November 18, 2022, the Court issued an Order to Show Cause why, among other things, the Settlement Motion should not be dismissed as moot, and why the chapter 7 bankruptcy case should not be dismissed. Adv. D.I. 44.

I.     On December 14, 2022, the Trustee filed a notice of withdrawal of the Settlement Motion. Adv. D.I. 51.

J.     On December 16, 2022, the Court held a status conference to consider the parties' arguments submitted in response to the Order to Show Cause. Adv. D.I. 57. At the status conference, both the Trustee and Selective agreed that the Adversary Proceeding should be dismissed.

K.     Both Kosachuk and Ramirez appeared at the status conference and opposed dismissal of the Adversary Proceeding. Adv. D.I. 58.

---

[2] At the January 31, 2023 hearing on the competing forms of dismissal order in the Certification of Counsel, counsel for Selective, 9197-5904 Quebec, Inc. ("Quebec"), and America Asset Management, LLC ("AAM") explained that Hazan was married to Mr. Meehan, who is a principal of Selective, Quebec, and AAM. Adv. D.I. 141 (Tr. of Hr'g Jan. 31, 2023, 16:9-10 and 16:16-21). Neither Kosachuk nor Ramirez were among the proposed released parties in the settlement agreement.

3

L.      Neither Kosachuk nor Ramirez are parties to the Adversary Proceeding.

M.      On December 19, 2022, the Court entered an Order directing the parties to confer on a stipulation of dismissal and to submit either consensual or competing proposed orders dismissing the Adversary Proceeding.  Adv. D.I. 59.

N.      Although the parties in the Adversary Proceeding agree that this Adversary Proceeding should be dismissed, the parties disagreed whether the Adversary Proceeding should be dismissed with or without prejudice.  *See* Adv. D.I. 60.

O.      On January 31, 2023, the Court held a hearing on dismissal of the Adversary Proceeding and the competing proposed dismissal orders, at which time Selective reconsidered and consented to dismissal of the adversary, *without* prejudice.

**ORDERED, ADJUDGED AND DECREED:**

1.      The Adversary Proceeding shall be **DISMISSED, without prejudice**.

2.      Without limiting the foregoing, and for the purpose of clarity, neither the Trustee, on behalf of the Debtor, nor Selective, are waiving and will not be deemed to have waived any available rights, claims, counterclaims, or defenses, including at law, equity, or otherwise with respect to the Adversary Proceeding, all of which are expressly preserved.

3.      Kosachuk's Motion to Intervene and Substitute as Plaintiff, in the Kosachuk Response, is **DENIED as moot**.

4.    The Bankruptcy Court retains jurisdiction with respect to any disputes arising

from or other actions to interpret, administer, or enforce the terms and provisions of this Order

Dismissing Adversary Proceeding.

Dated: February 16, 2023

                                                      J. Kate Stickles
                                                      United States Bankruptcy Judge

5

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| NLG, LLC, | Case No. 21-11269 (JKS) |
| Debtor. | **Related to D.I. 157** |
| ALFRED T. GIULIANO, the Chapter 7 Trustee for the estate of NLG, LLC, | |
| Plaintiff, | Adv. No. 22-50086 (JKS) |
| v. | |
| SELECTIVE ADVISORS GROUP, LLC, | **Related to Adv. D.I. 70** |
| Defendant. | |
| CHRIS KOSACHUK, | |
| Plaintiff, | |
| v. | Adv. No. 22-50421 (JKS) |
| SELECTIVE ADVISORS GROUP, LLC and 9197-5904 QUEBEC, INC., | **Related to Adv. D.I. 25** |
| Defendants. | |

**MEMORANDUM ORDER DENYING MOTIONS FOR REHEARING, RECONSIDERATION AND RELIEF FROM ORDERS**

The Court having considered the following motions (collectively, the "Reconsideration Motions"):

1.  Kosachuk's *Motion for Rehearing, Reconsideration and Relief from Opinion and Order Denying Motion to Convert [D.I. 143 & 144]* (D.I. 157) (the "Conversion Reconsideration Motion") seeking rehearing and/or reconsideration of the Court's Opinion and Order denying the motion to convert (D.I. 143 and 144);[1]

2.  Kosachuk and Ramirez's *Joint Motion for Rehearing, Reconsideration and Relief from Order Dismissing Adversary Proceeding [D.I. 69]* (Adv. Pro. No. 22-50086 (the "Trustee/Selective Adversary Proceeding"), D.I. 70) (the "Joint Reconsideration Motion") seeking rehearing and/or reconsideration of the Court's Order Dismissing Adversary Proceeding (Adv. Pro. No. 22-50086, D.I. 69); and

3.  Kosachuk's *Motion for Rehearing, Reconsideration and Relief from Opinion and Order Dismissing Adversary Proceeding [D.I. 23 & 24]* (Adv. Pro. No. 22-50421 (the "Kosachuk/Selective Adversary Proceeding"), D.I. 25) ("Dismissal Reconsideration Motion") seeking rehearing and/or reconsideration of the Court's Opinion and Order Dismissing Adversary Proceeding (Adv. Pro. No. 22-50421, D.I. 23 and 24);

and the oppositions and objection to the Reconsideration Motions;[2] as well as the reply and

request for oral argument and evidentiary hearing filed in response to each opposition and

objection;[3] and the Court having jurisdiction over these matters, and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon consideration of the record and

proceedings before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND THAT:**

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the (i) Opinion Denying the Motion to Convert Involuntary Chapter 7 Case to Voluntary Chapter 11 Case (Case No. 21-11269, D.I. 143); (ii) Order Dismissing Adversary Proceeding (Adv. Pro. No. 22-50086, Adv. D.I. 69); and (iii) Opinion regarding the Motion to Dismiss (Adv. Pro. No. 22-50421, Adv. D.I. 23).

[2] The following oppositions and objections were filed: (i) *America Asset Management, Selective Advisors Group LLC, and 9197-5904 Quebec, Inc.'s Opposition to Motion for Rehearing, Reconsideration and Relief from Opinion and Order Denying Motion to Convert* (D.I. 161); (ii) *Former Defendant's Opposition to Joint Motion for Rehearing, Reconsideration and Relief from Order Dismissing Adversary Proceeding* (D.I. 162); and (iii) *Former Defendants' Opposition to Former Plaintiff's Motion for Rehearing, Reconsideration and Relief from Opinion and Order Dismissing Adversary Proceeding* (D.I. 163).

[3] The following replies were filed: (i) *Reply to Response to Motion to Convert Involuntary Chapter 7 Case to Voluntary Chapter 11 Case [D.I. 161] and Request for Oral Argument* (D.I. 164); (ii) *Joint Reply to Response to Motion for Rehearing, Reconsideration and Relief from Order Dismissing Adversary Proceeding [D.I. 162] and Request for Oral Argument and Evidentiary Hearing* (Adv. Pro. No. 22-50086, Adv. D.I. 73); and (iii) *Reply to Response [D.I. 27] to Motion for Rehearing, Reconsideration and Relief from Opinion and Order Dismissing Adversary Proceeding [D.I. 23 & 24] and Request for Oral Argument and Evidentiary Hearing* (Adv. Pro. No. 22-50421, Adv. D.I. 28).

2

## Background

On September 24, 2021, Kosachuk filed an involuntary petition for relief under Chapter 7

of title 11 of the Bankruptcy Code against NLG, LLC.  Kosachuk, the founder of NLG, was the

sole petitioning creditor.  NLG did not answer the involuntary petition.  No party objected to,

moved to dismiss, or otherwise challenged the involuntary petition.  On January 7, 2022, the

Court entered the Order for Relief in an Involuntary Case.[4]

On the same day, the United States Trustee appointed Alfred T. Giuliano as the interim

Chapter 7 trustee, which appointment remains in effect.[5]  The Trustee is the sole fiduciary for

NLG and is responsible for recovering all assets of the estate and prosecuting the causes of

action held by the estate.[6]

## Discussion

A party seeking reconsideration in bankruptcy court must file a motion to alter or amend

judgment under Fed. R. Bankr. P. 9023 or a motion for relief from judgment under Fed. R.

Bankr. P. 9024.[7]  Under Bankruptcy Rule 9023, a motion for reconsideration:

> may not be used as a vehicle to relitigate issues the Court has
> already decided, nor should Rule 9023 be used to advance

---

[4] D.I. 10.

[5] D.I. 12.

[6] *Mini-Miners, Inc. v. Lansberry (In re Lansberry)*, 177 B.R. 49, 55 (Bankr. W.D. Pa. 1995) ("With his appointment, the chapter 7 trustee in the above cases became the sole representative of debtors' estates.  As trustee, he became the successor-in-interest to all pre-petition causes of action belonging to debtors.") (citations omitted). *See also Bauer v. Com. Union Bank, Clarksville, Tennessee*, 859 F.2d 438, 441 (6th Cir. 1988) ("It is well settled that the right to pursue causes of action formerly belonging to the debtor—a form of property under the Bankruptcy Code—vests in the trustee for the benefit of the estate.") (citations and quotation marks omitted)); *In re Ozark Rest. Equip. Co., Inc.*, 816 F.2d 1222, 1225 (8th Cir. 1987) ("Any of these actions that are unresolved at the time of filing then pass to the trustee as representative of the estate, who has the responsibility under Section 704(1) of asserting them whenever necessary for collection or preservation of the estate.") (citations omitted).

[7] *In re Energy Future Holdings Corp.*, 575 B.R. 616, 627 (Bankr. D. Del. 2017), *aff'd*, 904 F.3d 298 (3d Cir. 2018) (citations omitted).

3

arguments that a party could have made before judgment, but neglected to do so. However, a prior decision should be reconsidered where it appears the Court has overlooked or misapprehended some factual matter that might reasonably have altered the result reached by the Court. As this Court has previously stated, while it is true that a motion for reconsideration should not be used to reargue the facts or applicable law, it is appropriate when the facts were presented but overlooked by the Court.[8]

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence."[9] Such a motion should rely on one of three grounds: (1) an intervening change in the controlling law, (2) the availability of new evidence that was not available when the court denied the motion, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.[10] A motion for reconsideration "is not properly grounded on a request that a court rethink a decision already made."[11]

Bankruptcy Rule 9024, which incorporates Fed. R. Civ. P. 60(b), provides six enumerated bases for relief from any order of the Court:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[12]

---

[8] *In re Energy Future Holdings Corp.*, 575 B.R. at 628 (Bankr. D. Del. 2017) (cleaned up).

[9] *Harsco Corp. v. Zlotnicki Millington*, 779 F.2d 906, 909 (3d Cir. 1985).

[10] *Wiest v. Lynch*, 710 F.3d 121 (3d Cir. 2013).

[11] *Millington v. GEICO*, No. 14-929, 2015 WL 7194462 *1 (D. Del. Nov. 16, 2015).

[12] Fed. R. Civ. P. 60(b). "A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. When considering a Rule 60(b)(6) motion, a court must use a flexible, multifactor approach that takes into account all the particulars of a movant's case. Granting such a motion, however, is warranted only in the extraordinary circumstance where, without such relief, an extreme and unexpected hardship would occur. A Rule 60(b) motion is not an opportunity to

4

"'Motions for reconsideration should be granted sparingly because of the interests in finality and conservation of scarce judicial resources.'"[13] Additionally, the movant bears the burden of establishing entitlement to such equitable relief, which, again, will be granted only under extraordinary circumstances.[14]

## 1. Motion for Rehearing, Reconsideration and Relief from Opinion and Order Denying Motion to Convert (D.I. 157)

Kosachuk argues that the Court incorrectly determined that the Debtor had no assets and no operating business and, thus, denied the motion to convert the chapter 7 case to chapter 11. Specifically, he contends the Court failed to consider that (i) the Trustee had scheduled a $5 million dollar asset; and (ii) failed to recognize that the Debtor's "business has become litigation."[15]

In February 2022, the Trustee scheduled a cause of action against third parties, identified as a "Mortgage and Judgment Dispute," in the amount of $5,000,225.00.[16] Following his investigation and review of the claim, the Trustee determined that the approximate $5 million dispute had been fully and finally adjudicated. As a result, the Trustee ultimately concluded that the Mortgage and Judgment Dispute is not an asset of the estate.[17]

---

reargue issues that the court has already considered and decided." *Pavulak v. United States*, No. 09-43-LPS, 2021 WL 827131, at *3 (D. Del. Mar. 4, 2021) (citations, quotation marks, and modifications omitted), *certificate of appealability denied*, No. 21-1571, 2021 WL 9881497 (3d Cir. Dec. 6, 2021), *cert. denied*, 214 L. Ed. 2d 369, 143 S. Ct. 624 (2023).

[13] *In re New Century TRS Holdings, Inc.*, No. 07-10416 (BLS), 2014 WL 2446823, at *1 (Bankr. D. Del. May 30, 2014) (*quoting Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992)).

[14] *Cox v. Horn*, 757 F.3d 113, 122 (3d Cir. 2014) (citation omitted).

[15] D.I. 157 at p. 2 (Kosachuk stated that "unfortunately[,] the debtor's business has become litigation").

[16] D.I. 24 at p. 4.

[17] *See* D.I. 141 (Tr. of Hr'g Jan 31, 2023, 54:1-7) ("To be very clear, Your Honor, we no-asseted this case because we performed an exhaustive analysis of the underlying merits of this case and not only us, but we did consult third party, sophisticated third-party counsel, contingency-fee counsel, that would be interested, potentially, in taking the case. They declined, as well, based on the merits.").

5

On December 19, 2022, the Trustee filed a Notice of Change from Asset to No Asset[18]

stating "after due inquiry, having discovered no assets [the Trustee] hereby gives Notice this is a

No Asset case." On the same date, the Trustee filed the Trustee's Final Report[19] declaring,

among other things, that, after diligent inquiry into the financial affairs of the Debtor and the

location of the property belonging to the estate, the Debtor had no assets, no claims, and hence

there would be no distributions. No response or opposition was filed to the Trustee's Final

Report. No contrary evidence was presented at the hearing. The Court held: "The Trustee's

findings are uncontested."[20] The Court did not overlook the scheduled asset nor did it disregard

the Trustee's analysis of the asset which resulted in a value of $0. This argument is not a basis

for reconsideration of the Court's denial of conversion.

Next, Kosachuk argues the Court erred in finding that NLG is not an operating business

because NLG is in the business of litigation. NLG was formed to purchase and sell real property

– NLG no longer buys or sells property.[21] NLG has no income from business.[22] The fact that

NLG has been embroiled in litigation over the sale of property for the past 11 years does not

make NLG an operating company[23] nor change the Court's analysis of the Debtor's eligibility for

conversion to chapter 11. This too is not a basis for reconsideration.

---

[18] D.I. 120.

[19] D.I. 122.

[20] D.I. 143 at p. 11.

[21] *See* D.I. 157 at p. 2.

[22] D.I. 27 at p. 1.

[23] As the court held in *In re Lease-A-Fleet, Inc.*, the admission that the debtor exists only as a party to litigation means that the debtor is a "non-operating, paper entity, whose right and liabilities [were and] will be determined in litigation . . . ." *In re Lease-A-Fleet, Inc.*, 148 B.R. 419, 427 (Bankr. E.D. Pa. 1992). Similarly, NLG's only business is as a party to litigation.

6

Kosachuk also refers to a New York State Court order which struck the "sham" New

York Judgment by Confession *nunc pro tunc* to the date of entry, February 22, 2012. This order,

however, was later vacated.[24] There is no change in the law meriting reconsideration.

In sum, there is no basis to reconsider the Opinion and Order denying the motion to

convert.[25] Kosachuk has not shown any new evidence that was not available when the Court

made its decision, or the need to correct a clear error of law or fact to prevent manifest injustice.

## 2.      Joint Motion for Rehearing, Reconsideration and Relief from Order Dismissing Trustee/Selective Adversary Proceeding (Adv. Pro. No. 22-50086, D.I. 70)

Kosachuk and Ramirez seek reconsideration of the Order Dismissing Trustee/Selective

Adversary Proceeding[26] on the following grounds: (i) the dismissal without prejudice does not

preserve all rights and claims as the Order to Dismiss Trustee/Selective Adversary Proceeding

states because it runs contrary to NY CPLR 205(a);[27] (ii) Kosachuk's motion to intervene was

---

[24] *See* D.I. 161. Furthermore, an appeal from the order vacating that order was dismissed in the Supreme Court of the State of New York Appellate Division, First Judicial Department. *See* D.I. 161, Ex. A.

[25] Opinion (D.I. 143) and Order (D.I. 144).

[26] Adv. Pro. No. 22-50086, Adv. D.I. 69.

[27] The Consolidated Laws of New York states:

> (a) New action by plaintiff. If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period. Where a dismissal is one for neglect to prosecute the action made pursuant to rule thirty-two hundred sixteen of this chapter or otherwise, the judge shall set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation.

N.Y. C.P.L.R. 205(a) (McKinney).

7

not moot because Ramirez offered to prosecute the adversary in Florida; (iii) the Court

incorrectly concluded that Kosachuk is in privity with NLG, such that the *Rooker-Feldman*

doctrine prohibits challenges to the New York State Court Judgment by Confession; (iv) the

Court misread the Second Circuit opinion; and (v) the New York Supreme Court opinion by

Judge Shlomo Hagler, issued January 7, 2020, cites to a non-existent Exhibit A.  The Court takes

each argument in turn.

     As a preliminary matter, neither Kosachuk nor Ramirez were a party to the

Trustee/Selective Adversary Proceeding.  Neither has standing to challenge the Trustee's

dismissal of the proceeding.

     First, Kosachuk and Ramirez assert that, pursuant to NY CPLR § 205(a), the Trustee's

voluntary dismissal of the Trustee/Selective Adversary Proceeding will bar NLG from

commencing a new action in state court to challenge the Judgment by Confession.  The Trustee,

an independent fiduciary for the estate of NLG, investigated the cause of action and determined

not to pursue the litigation that had been commenced by NLG in Florida district court and

transferred to this Court.  The Trustee reached a stipulation with the defendant Selective to

dismiss the Trustee/Selective Adversary Proceeding.  This Court reviewed the plethora of

litigation related to the Judgment by Confession and determined the Trustee's decision to dismiss

was sound.[28]  The movants have not presented any new evidence or pointed to any manifest error

of law warranting reconsideration of the Court's Order.

---

[28] *Kosachuk v. Selective Advisors Group, LLC (In re: NLG, LLC)*, No. 21-11269 (JKS), 2023 WL 2055344, at *5 (Bankr. D. Del. Feb. 16, 2023) (*quoting Hazan v. NLG, LLC (In re Hazan)*, Adv. Pro. 16-1439 (Bankr. S.D. Fla. 2016)):

Second, Kosachuk's offer to substitute as plaintiff and Ramirez's offer to prosecute the

(alleged) claims for free also does not change the Court's analysis. The Trustee determined that

the Trustee/Selective Adversary Proceeding was not an asset of the estate and should not be

pursued. The offer of counsel, or free legal services, does not change the underlying merits of

the adversary proceeding. This is not a basis for reconsideration.

Third, Kosachuk and Ramirez assert that this Court's analysis regarding Kosachuk's

privity with NLG under the *Rooker-Feldman* doctrine[29] was incorrect. Their argument is

premised on the incorrect assumption that this Court relied on the Second Circuit Court of

Appeal's opinion.[30] This Court completed an independent analysis and found that the "*Rooker-*

*Feldman* doctrine may have preclusive effect when the parties, such as NLG and Kosachuk, are

in privity."[31] The Court reviewed each factor of the *Rooker-Feldman* doctrine independent of

---

NLG has no further rights to any claims against Debtor with respect to the Note
and Mortgage, as the public records of Miami-Dade County reflect that the
Scola Judgment and consequently the Mortgage were assigned and satisfied, and
the Property fully redeemed prior to foreclosure sale, as provided in the Gordo
Foreclosure Judgment. NLG's Proof of Claim #17, having been filed after the
bar date, it is disallowed and the Court finds that NLG has no standing in this
case based upon the Note, Mortgage, claim or lien emanating therefrom.

[29] *NLG, LLC v. Horizon Hospitality Group, LLC (In re Hazan)*, 10 F.4th 1244, 1250 (11th Cir. 2021) (citations
omitted) ("Under *Rooker-Feldman*, a losing party in state court is barred from seeking what in substance would be
appellate review of the state court judgment in a United States district court, based on the losing party's claim that
the state judgment itself violates the loser's federal rights. The *Rooker-Feldman* doctrine applies only in a narrow
set of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before
the district court proceedings commenced and inviting district court review and rejection of those judgments."
*Rooker-Feldman* does not apply when the parties to the federal case are not the same as the parties to the state
case.").

[30] *Kosachuk v. Selective Advisors Grp., LLC*, 827 F. App'x 58, 61-62 (2d Cir. 2020).

[31] *In re: NLG, LLC*, No. 21-11269 (JKS), 2023 WL 2055344, at \*9.

9

any other court's ruling related to Kosachuk and NLG.[32]  There are no grounds for

reconsideration of the Court's application of the *Rooker-Feldman* doctrine.

Fourth, Kosachuk and Ramirez argue that this Court misreads the Second Circuit's

Opinion.  This Court referred to the Second Circuit's opinion as follows:

> On January 7, 2020, the New York Supreme Court, Judge Shlomo
> Hagler, entered an Order denying NLG's vacatur of the Quebec
> Judgment, adopting in full the Cote September 30, 2019 Opinion;

> On September 15, 2020, the United States Court of Appeals for the
> Second Circuit ("USCA, 2nd Cir.") entered a Summary Order
> affirming the Cote September 30, 2019 Opinion not to disturb the
> Quebec Judgment;[33]

NLG never appealed the Cote decision.  The Cote decision is final and non-appealable as to

NLG.  Kosachuk, however, unsuccessfully appealed the Cote decision.  Thus, this Court

correctly stated that "On January 7, 2020, the New York Supreme Court, Judge Shlomo Hagler

entered an Order denying NLG's vacatur of the Quebec Judgment, adopting in full the Cote

September 30, 2019 Opinion."[34]  The New York Supreme Court, Appellate Division, First

Department dismissed Kosachuk's appeal of the Judge Hagler's decision dated January 7, 2020,

---

[32] This argument is a red herring.  Kosachuk argues that the Second Circuit Court of Appeals overturned the Southern District of New York Court's decision, when ruling on a motion to dismiss, that NLG was in privity with Kosachuk and thus the action was barred by the *Rooker-Feldman* doctrine.  The Second Circuit held that at that stage of the proceeding, Kosachuk only needed to demonstrate "by a preponderance of the evidence that subject matter jurisdiction existed."  *Kosachuk v. Selective Advisors Grp., LLC*, 827 F. App'x 58, 61-62 (2d Cir. 2020) (quotations marks and citations omitted).  The Second Circuit then based its ruling, affirming the district court, on the fact that Kosachuk's claims were time barred.  *Id.* at 62.  Here, this Court ruled following an evidentiary hearing, not on a motion to dismiss.  This Court held an evidentiary hearing on all of the underlying motions and objections.  This Court made an independent analysis under the *Rooker-Feldman* doctrine and held that Kosachuk and NLG were in privity.  Kosachuk has not raised any change in controlling law, new evidence, or a clear error of law or fact that will result in manifest injustice for this Court to find that its Opinion and Order should be reconsidered.

[33] *In re: NLG, LLC*, No. 21-11269 (JKS), 2023 WL 2055344, at *6 (footnotes and citations omitted).

[34] *In re: NLG, LLC*, No. 21-11269 (JKS), 2023 WL 2055344, at *6 (footnotes and citations omitted).

10

adopting Judge Cote's decision in full. The result does not change: Judge Cote's decision is final and non-appealable. This is not a basis for reconsideration.

Lastly, Kosachuk and Ramirez assert that Judge Hagler's decision erroneously refers to an Exhibit A that was not attached thereto. Judge Hagler's 2020 decision pre-dated the bankruptcy filing and had no bearing on the dismissal of the Trustee/Selective Adversary Proceeding. An inconsequential error in another court's decision, that was not relied upon by this Court, is not a basis for reconsideration of this Court's Order.

Kosachuk and Ramirez have not presented any change in controlling law, new evidence, or a clear error of law or fact for this Court to reconsider its Order.

### 3. Motion for Rehearing, Reconsideration and Relief from Opinion and Order Dismissing Kosachuk/Selective Adversary Proceeding (Adv. Pro. No. 22-50421, D.I. 25)

Kosachuk challenges the Opinion and Order Dismissing the Kosachuk/Selective Adversary Proceeding on the grounds that: (i) the Court erred in relying on the Cote September 30, 2019 Opinion in concluding it did not have subject matter jurisdiction under the *Rooker-Feldman* doctrine because that opinion was reversed on the issue of the *Rooker-Feldman* doctrine; (ii) Hazan's confirmed plan is in default and will be dismissed by the Florida Bankruptcy Court; (iii) the Court made a series of factual errors; (iv) the Trustee's voluntary dismissal of the Trustee/Selective Adversary Proceeding (as discussed above) prejudices any subsequent action; and (v) the Court's analysis on permissive abstention is misplaced because the Complaint seeks cancellation of indebtedness which is unique to the bankruptcy court and, therefore, the Court has subject matter jurisdiction over the underlying action. The Court addresses each argument in turn.

11

First, as set forth above, the Court conducted an independent analysis on the application

of the *Rooker-Feldman* doctrine.  This is not grounds for reconsideration.

Second, Kosachuk makes statements regarding, and speculates about, the status of

Hazan's closed bankruptcy case but did not offer any evidence to support such statements at the

hearing.  The purpose of a motion for reconsideration is to correct manifest errors of law or fact

or to present newly discovered evidence.  This argument fails on all accounts.[35]

Third, as demonstrated below, any purported factual errors in the Court's Opinion and

Order in the Kosachuk/Selective Adversary Proceeding are immaterial to the Court's analysis:

- The Court stated that in 2002, Kosachuk formed NLG to facilitate the sale of real
property located at 6913 Valencia Drive, Fisher Island, Florida to Hazan.  Kosachuk
argues that this is an error because he formed NLG to purchase the Property from the
developer of the Property in March 2003.[36]  This factual error does not impact the
Court's analysis.

- The Court stated: "In effect this is the third adversary action in this bankruptcy case
seeking essentially the same relief – namely, a declaration that the Quebec Judgment,
a judgment entered in 2012 by the New York state court, is void."[37]  Kosachuk asserts
that the Quebec Judgment was entered by the New York "County Clerk" not the
"Court Judge."  Again, this distinction does not change the Court's statement that
there are essentially three adversary actions challenging the Quebec Judgment.

- The Court concluded that the New York Supreme Court additionally ordered
Selective to give a credit against the assignment to NLG for payments that NLG
already made towards satisfying the Quebec Judgement.[38]  Kosachuk states that NLG
never made any payments toward satisfying the Quebec Judgment.  Here, the Court

---

[35] The Florida bankruptcy court held that neither Kosachuk nor NLG had a legal or pecuniary interest in Hazan's bankruptcy case. D.I. 163, Ex. D (*In re Hazan*, Case No. 16-10389, D.I. 1400, Order Granting Motion to Strike (Bankr. S. D. Fla. Feb. 9, 2023)) and Ex. E (*In re Hazan*, Case No. 16-10389, D.I. 1405, Order Denying Motion to Reconsider (Bankr. S. D. Fla. Mar. 3, 2023)).

[36] Adv. Pro. No. 22-40521, Adv. D.I. 25 at p. 3.

[37] *Id.*

[38] *Id.*

12

was referring to the findings made in the Report and Recommendation by Magistrate Judge Louis.[39]

- The Court stated: "NLG appealed the Cristol Final Judgment to the District Court and to the Eleventh Circuit Court of Appeals – both of which affirmed the Cristol Final Bankruptcy Judgment." Kosachuk maintains that the District Court found NLG's appeal equitably moot and dismissed the appeal and the Eleventh Circuit Court upheld the District Court but never affirmed the Cristol Judgment.[40] Again, the Court's analysis does not change - the Cristol Final Judgment is final and non-appealable.

- The Court stated: "[t]he *Rooker-Feldman* doctrine dictates that the state court is the appropriate forum for challenging the Quebec Judgment."[41] Kosachuk argues that this Court is now sitting as a branch of the New York State Court because the Trustee/Selective Adversary Proceeding, that was transferred from Florida to this Court, was filed under diversity jurisdiction. The Court's analysis does not change. The Court finds that any challenge to the Quebec Judgment should have been made to the New York state courts rather than asking this Court, a federal bankruptcy court, to review the final, non-appealable state court judgment. A motion for reconsideration is not properly grounded on a request that this Court rethink its decision.

None of the alleged factual errors are material to the Court's analysis or alter the result reached by the Court. Also, none of the alleged factual errors are clear errors of fact that require correction to prevent manifest injustice.[42]

Fourth, Kosachuk asserts that, pursuant to NY CPLR § 205(a), the Trustee's agreement to voluntarily dismiss the adversary proceeding "creates a problem" to file a subsequent action challenging the Judgment by Confession. As stated above, the Trustee, as independent fiduciary for the estate of NLG, determined not to pursue the merits of the Trustee/Selective Adversary Proceeding, which is supported by the record. The Trustee independently reviewed the facts of

---

[39] *NLG, LLC v. Selective Advisors Grp., LLC*, No. 18-24272-CIV, 2019 WL 2255033, at *1 (S.D. Fla. Mar. 22, 2019) (*citing* Recorded Satisfaction of Mortgage (ECF. No. 6, p. 473)), which was similarly adopted by District Court Judge Williams in *NLG, LLC v. Hazan*, No. 19-20262-CIV, 2019 WL 13234104, at *1 (S.D. Fla. Aug. 6, 2019).

[40] *See* Adv. Pro. No. 22-50421, Adv. D.I. 25 at p. 4.

[41] *Id.*

[42] *Wiest*, 710 F.3d 121.

13

the adversary action and determined that the litigation was not an asset of NLG's estate. The

Court's review of the extensive litigation regarding the Judgment by Confession also shows this

judgment was final and non-appealable.[43]  Moreover, the Court is under no obligation to preserve

a non-party's (i.e. Kosachuk) purported cause of action when all parties to the action agreed to

dismissal.  This argument does present any new factual or legal support to reconsider the Court's

Opinion and Order.

    Lastly, Kosachuk asserts that this Court's analysis on permissive abstention is misplaced

because the Court has subject matter jurisdiction to "cancel the indebtedness caused by" the

Quebec Judgment.  The Bankruptcy Code, however, does not permit the Court to overturn an 11-

year-old final judgment entered by a state court.  The Quebec Judgment has been fully and

finally adjudicated and satisfied; and any mortgage held by NLG was discharged in the Hazan

bankruptcy.  There is no longer a Quebec Judgment to cancel.[44]  This Court cannot (and does

---

[43] *In re: NLG, LLC*, No. 21-11269 (JKS), 2023 WL 2055344, at *5 (*quoting Hazan v. NLG, LLC (In re Hazan)*, Adv. Pro. 16-1439 (Bankr. S.D. Fla. 2016)):

> NLG has no further rights to any claims against Debtor with respect to the Note and Mortgage, as the public records of Miami-Dade County reflect that the Scola Judgment and consequently the Mortgage were assigned and satisfied, and the Property fully redeemed prior to foreclosure sale, as provided in the Gordo Foreclosure Judgment. NLG's Proof of Claim #17, having been filed after the bar date, it is disallowed and the Court finds that NLG has no standing in this case based upon the Note, Mortgage, claim or lien emanating therefrom.

[44] *See generally factual background in NLG, LLC v. Selective Advisors Grp., LLC*, No. 18-24272-CIV, 2019 WL 2255033, at *1 (S.D. Fla. Mar. 22, 2019).

14

not) sit as an appellate court[45] to undo 11 years of orders and opinions issued by various state and federal courts.[46]

The motion does not raise any new facts, changes in controlling law, or clear error of fact or law to support reconsideration.

## **Alternative Motions for Rehearing**

To the extent that Kosachuk and/or Ramirez are seeking rehearing, oral argument, or an evidentiary hearing, as opposed to reconsideration, the request is denied. Both Kosachuk and Ramirez had ample opportunity to present evidence and argue the underlying motions and objections before the Court.[47] Thus, any motion to reargue the underlying motions is denied.

### **IT IS SO ORDERED THAT:**

1. The Conversion Reconsideration Motion is **DENIED.**

2. The Joint Reconsideration Motion is **DENIED**.

3. The Dismissal Reconsideration Motion is **DENIED.**

Dated: May 3, 2023

J. Kate Stickles
United States Bankruptcy Judge

---

[45] The Bankruptcy Court is a court of limited jurisdiction. *Gillman v. Continental Airlines (In re Cont'l Airlines)*, 203 F.3d 203, 211 (3d Cir. 2000) ("[S]ection 105(a) has a limited scope. It does not create substantive rights that would otherwise be unavailable under the Bankruptcy Code." (citations and internal quote marks omitted)); *In re Argose, Inc.*, 377 B.R. 148, 150 (Bankr. D. Del. 2007) ("Equitable remedies under section 105(a) are limited, however, and should be used only to further the substantive provisions of the Code." (citations omitted)).

[46] The Eleventh Circuit Court of Appeals summarized the litigation history which is incorporated herein by reference. *In re Hazan*, 10 F.4th at 1247–48 (footnote omitted). The Eleventh Circuit summary is only complete through the date of its issue on September 15, 2020. Over two additional years of litigation have ensued. However, the Eleventh Circuit's summary is illustrative in the sheer volume of orders, opinions, rulings, and Court resources that have been dedicated to the issue of the legitimacy of the Quebec Judgment and the issues raised by Kosachuk and NLG.

[47] *Chama, Inc. v. First Northern Bank and Trust (In re Chama, Inc.)*, No. 98-2252 (MFW), 2000 WL 33712473, at *2 (Bankr. D. Del. Sept. 21, 2000).

15